UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT STEINBUCH,

            Plaintiff,

- against -

JESSICA CUTLER,

           Defendant.

Case No. 1:05-CV-00970 (PLF)

### DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW

      Thomas E. Wilson, Esq., Alexander C. Vincent, Esq., Jason A. McClurg, Esq., and the law firm of Berliner, Corcoran & Rowe, L.L.P. (collectively "BCR"), counsel for defendant Jessica Cutler, and pursuant to D.D.C. Civ. R. 83.6(c) and D.C. R. Prof. Conduct 1.16(a)(3), hereby move for entry of an order granting them leave to withdraw as counsel of record for Miss Cutler. The grounds for the motion are that Miss Cutler has discharged BCR as her counsel and are explained in detail in the attached memorandum of points and authorities. A proposed order is submitted herewith.

Dated:  Washington, D.C.
         March 15, 2006

                              BERLINER, CORCORAN & ROWE, L.L.P.

                              Attorneys for Defendant

                By:    /s/ Thomas E. Wilson
                       Thomas E. Wilson
                          D.C. Bar No. 132704
                     Alexander C. Vincent

Dockets.Justia.com

      D.C. Bar No. 472459
Jason A. McClurg
      D.C. Bar No. 491172

1101 17th Street, N.W.
Suite 1100
Washington, D.C. 20036-4798
Telephone: (202) 293-5555
Fax: (202) 293-9035
E-mail:  twilson@bcr-dc.com
      acv@bcr-dc.com
      jam@bcr-dc.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT STEINBUCH,

                Plaintiff,

     - against -                     Case No. 1:05-CV-00970 (PLF)

JESSICA CUTLER,

                Defendant.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S COUNSEL'S MOTION TO WITHDRAW**

BCR, as counsel for defendant, submits this memorandum of points and authorities in support of its Motion to Withdraw, filed March 15, 2006. The facts on which BCR relies are of record or are set forth herein as representations of counsel.

**RELEVANT FACTS**

This action was filed May 16, 2005. Defendant Jessica Cutler engaged BCR to represent her in this action on or about May 19, 2005, which engagement was memorialized in a written engagement agreement signed by BCR and Miss Cutler on May 25, 2005. Miss Cutler was served with process on June 15, 2005. BCR entered its appearance in this action by written notice filed June 29, 2005.

Pursuant to a June 30, 2005, consent order granting BCR an extension of time to respond to plaintiff Robert Steinbuch's complaint, on July 26, 2005, BCR timely moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief

can be granted. Pursuant to an August 4, 2005, consent order granting Mr. Steinbuch an extension of time to oppose Miss Cutler's motion to dismiss, on September 15, 2005, Mr. Steinbuch timely filed an opposition to the motion. On September 26, 2005, BCR timely filed a reply memorandum in further support of Miss Cutler's motion to dismiss. No pre-trial scheduling order has been entered in this case, no trial date has been set, and the parties have not yet conducted a discovery conference or served any discovery disclosures or requests.

By electronic notice docketed at 11:59 a.m. on March 7, 2006, the Court scheduled oral argument on Miss Cutler's pending motion to dismiss to be held at 10:00 a.m. on Thursday, April 13, 2006, in Courtroom 29. BCR duly transmitted a copy of this notice by e-mail message sent to Miss Cutler at 3:35 p.m. the same afternoon. In response, by e-mail message sent to BCR at 8:39 p.m. that same evening (March 7), Miss Cutler informed BCR that she had engaged substitute counsel, William H. Bode, Esq., of the Washington, D.C., law firm of Bode & Grenier, L.L.P., to represent her in this action going forward, thereby discharging BCR as her counsel of record.

In a telephone conversation BCR had with Mr. Bode the next morning, March 8, 2006, he asked BCR to refrain from filing a motion to withdraw. Instead, he asked BCR to join with him in filing a motion for substitution of him for BCR as counsel of record in this action. Mr. Bode committed to getting Miss Cutler to sign such a motion by Tuesday, March 14, 2006. As a professional courtesy to Mr. Bode, BCR decided to refrain from filing the instant motion to withdraw even though it was prepared to file it on March 8. Despite BCR's repeated requests that Mr. Bode send BCR a draft motion for substitution of counsel so that BCR could review it before agreeing to sign and file it, he has failed to do so.

In the meantime, on March 13, 2006, BCR received a telephone call from plaintiff Steinbuch's counsel, Jonathan Rosen, Esq. Mr. Rosen asked BCR to consent to a forthcoming motion by Mr. Steinbuch to reschedule the oral argument on Miss Cutler's pending motion to dismiss because its then-scheduled date of April 13, 2006, falls on the Jewish holiday of Passover. BCR informed Mr. Rosen that Miss Cutler had discharged it as counsel of record and that Mr. Bode would be entering an appearance to replace BCR in that capacity. BCR also gave Mr. Rosen Mr. Bode's full name, firm name, and telephone number.

Later in the day on March 13, 2006, Mr. Steinbuch filed a motion to reschedule the oral argument to a date during either the week before or the week after April 13. Despite the fact that BCR had informed Mr. Rosen that it had been discharged, the motion stated that Miss Cutler had consented to the motion. In response to BCR's e-mail inquiry, Mr. Bode indicated that he had not consented to the motion. The next day, March 14, 2006, BCR telephoned Mr. Rosen to inform him that because Miss Cutler had discharged BCR on March 7, BCR had no authority to consent or withhold consent to his client's motion to reschedule the oral argument. BCR then asked Mr. Rosen to seek consent from Mr. Bode promptly or else inform the Court that the motion was not in fact a consent motion.

By electronic notice docketed at 10:46 a.m. today, March 15, 2006, the Court rescheduled oral argument on Miss Cutler's pending motion to dismiss to be held at 9:30 a.m. on Tuesday, April 4, 2006.

To eliminate any further confusion over these matters, to give Miss Cutler's substitute counsel as much time to prepare for oral argument as possible, and to fulfill its ethical obligations under the District of Columbia Rules of Professional Conduct, BCR files the instant

3

motion to withdraw.

## ARGUMENT

D.C. R. of Prof. Conduct 1.16(a)(3) states: "Except [when a court orders counsel to continue representing a client notwithstanding good cause for terminating the representation], a lawyer <u>shall not</u> represent a client or, where representation has commenced, <u>shall withdraw</u> from the representation of a client if . . . (3) The lawyer is discharged" (emphasis added). Comment 4 to the foregoing rules states: "A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services."

Local Civil Rule 83.6(c), provides in relevant part:

> If a trial date has been set, or if the party's written consent is not obtained, or if the party is not represented by another attorney, an attorney may withdraw an appearance for a party only by order of the court upon written motion by the attorney served upon all parties to the case.

Here, BCR commenced representing Miss Cutler by filing a Notice of Appearance, as required by D.D.C. Civ. R. 83.6(a), on June 29, 2005. On March 7, 2006, Miss Cutler discharged BCR as her counsel, stating that she has engaged substitute counsel. Rule of Professional Conduct 1.16(a)(3) therefore obliges counsel to withdraw from further representation of her, which must be accomplished by motion.

D.D.C. Civ. R. 83.6(d) appears to give the Court discretion to deny the motion "if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." Nevertheless, the unambiguous command of D.C. R. Prof. Conduct 1.16(a)(3) is that withdrawal is <u>mandatory</u> (*i.e.,* "a lawyer <u>shall not</u> represent a

4

client or, where representation has commenced, <u>shall withdraw</u> from the representation" (emphasis added)) in cases, as here, where the lawyer has been discharged.

Quite apart from the manifest requirement of the ethical rule, however, BCR's withdrawal would not unduly delay trial of the case because, not only has a trial date not yet been set, but a pre-trial scheduling order has not yet been entered, and no discovery requests or disclosures have been served by either side.  Furthermore, there are still 20 days remaining before oral argument on Miss Cutler's pending motion to dismiss.  For these reasons, and because Miss Cutler has already engaged substitute counsel, BCR's withdrawal would not be unfairly prejudicial to Miss Cutler or otherwise not in the interests of justice.

As the certificate of service that follows shows, Miss Cutler is to be served with a copy of this motion.  Because Miss Cutler has already advised BCR that she has already engaged substitute counsel to act as counsel of record in this action, and because her substitute counsel Mr. Bode has confirmed that he does now in fact represent her in this action, it is not necessary under D.D.C. Civ. R. 83.6(c) for BCR to advise her to engage new counsel.

**CONCLUSION**

For the foregoing reasons, the motion should in all respects be granted.

Dated: Washington, D.C.
March 15, 2006

                BERLINER, CORCORAN & ROWE, L.L.P.

                Attorneys for Defendant


By:   /s/ Thomas E. Wilson
       Thomas E. Wilson
           D.C. Bar No. 132704
       Alexander C. Vincent
           D.C. Bar No. 472459
       Jason A. McClurg
           D.C. Bar No. 491172

       1101 17th Street, N.W.
       Suite 1100
       Washington, D.C. 20036-4798
       Telephone: (202) 293-5555
       Fax: (202) 293-9035
       E-mail:   twilson@bcr-dc.com
                     acv@bcr-dc.com
                     jam@bcr-dc.com

**CERTIFICATE OF SERVICE**

    I hereby certify that, on this 15th day of March 2006, I caused a true and correct copy of the foregoing Defendant's Counsel's Motion to Withdraw and a memorandum of points and authorities in support thereof to be served by first-class mail, postage prepaid, and electronic mail, addressed to:

    Miss Jessica Cutler
    166 Second Avenue
    Apartment 9M
    New York, New York  10003-5728
    jessicacutler@hotmail.com
    me@jessicacutleronline.com

    William H. Bode, Esq.
    Bode & Grenier, L.L.P.
    1150 Connecticut Avenue, N.W.
    Ninth Floor
    Washington, D.C.  20036-4104
    wbode@bode.com

    /s/ Alexander C. Vincent
    Alexander C. Vincent