UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEINBUCH ) | |
| ) | |
| Plaintiff, ) | |
| ) CASE No. 01:05-CV-00970 (PLF) | |
| v. ) | |
| CUTLER ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S MOTION TO DISQUALIFY
WILLIAM H. BODE AND ERIC D. MITCHELL OF BODE & GRENIER**

William H. Bode and Eric D. Mitchell, of Bode & Grenier, entered Notices of Appearance on behalf of Defendant. Plaintiff moves to disqualify William H. Bode and Eric D. Mitchell from representing Defendant under the Rules of Professional Conduct because they are interested parties in the action. ABA Model Rule 3.7

William H. Bode is a subject of the Internet Blog that is the basis of this lawsuit. Salacious and explicit details of William H. Bode's relationship with Defendant were disclosed in the Blog along with accurate and false (apocryphal) information regarding Plaintiff's relationship with Defendant. As such, William H. Bode will be called as a witness in this action and may not serve as an advocate in this matter. *Id.*

William H. Bode is an interested party in the instant action for the following reasons:

1. The Blog discusses Defendant's relationship with a man identified as "W." Defendant told Plaintiff that "W" is a middle-aged, lead attorney in a small Washington, DC law firm, named William, who lives in the Georgetown section of Washington, DC.

2. The eponymous William H. Bode possesses each of the unique and

1

Dockets.Justia.com

>   distinguishing characteristics; William H. Bode is a middle-aged, lead attorney in a small Washington, DC law firm, named William, who lives in the Georgetown section of Washington, DC.

3. Defendant further told Plaintiff that William refused to read the Blog. William H. Bode informed me that he has not read the Blog, notwithstanding his representation of Defendant (see below).

4. Knowing this, when Defendant's previous attorneys identified William H. Bode as possible substitute counsel, I sent William H. Bode the following email:

-----Original Message-----
From: Jonathan Rosen [mailto:xjonathan@mac.com]
Sent: Tuesday, March 14, 2006 1:47 PM
To: wbode@bode.com
Subject: Motion

William,
I just spoke with Cutler's lawyers, Counsel of Record said that you may be involved in the case. Please see attached motion. Are you the "W" (William) referenced in the Cutler blog?
Thanks,
Jonathan

5. William H. Bode responded with the following:

From: William H. Bode <wbode@bode.com>
To: 'Jonathan Rosen' <xjonathan@mac.com>
Date: Tue Mar 14, 2006 02:13:59 PM EST
Subject: RE: Motion

>   Jonathan: I have never seen the Cutler blog -- what do you mean, and who told you I was "involved" in case? Bill
>
>   William H. Bode
>   202-862-4300

6. Given William H. Bode's evasive answer, I responded with the following

2

email detailing specifically his apparent conflict:

**From:** Jonathan Rosen <xjonathan@mac.com>
**To:** William H. Bode <wbode@bode.com>
**Date:** Wed Mar 15, 2006 01:03:20 PM EST
**Subject:** RE: Motion

Bill,
We have reason to believe that you are an interested party in the matter and therefore cannot represent Cutler in the current action. The blog and Cutler's statements to my client detail Cutler's relationship with a lead attorney named William in a small DC law firm. Cutler provided additional details of the relationship in the blog and in vivo. As such, that person will be called as a witness and cannot also represent Cutler. If you didn't have a prior relationship with Cutler, please let me know.
Jon

7. William H. Bode has to date failed to respond or deny that he is an interested party. He thereby indicates his prior relationship with Defendant as the person identified as "W" in the Blog.

8. Given William H. Bode's complete failure to deny his involvement, and out of an excessive abundance of caution, on March 24, nine days after I sent William H. Bode the most recent email identifying him as an interested party discussed in the Blog, I notified Defendant's then-counsel (who had been representing Defendant for almost a year) of the above email correspondence. Defendant's then-counsel responded by stating that "we don't know whether or not" William H. Bode is an interested party in the case.

"W" is the subject of the Blog and discussed in the Blog, *inter alia*, as follows:

*W=A sugar daddy who wants nothing but anal. Keep trying to end it with him, but the money is too good.*
*I am done with W, for real this time. A man who tries to fuck you in the ass when you are sober does not love you. He should at least take you out for a few drinks to spare you the pain. Now I know that W does not care about me, only my asshole.*

*The whole situation depressed me so much, I turned down a free dinner and asked him to take me home. He peeled off a few hundred from that roll of cash he carries around, and put the hundreds in my hand as I was getting out of the car. I acted indignant, like I don't need his help, but I kept it: why punish myself? I should get something for putting up with his tired old ass.*

*So that's the end of W.*

As such, William H. Bode will need to be called as a necessary witness to discuss the accuracy of the Blog. In addition, Eric D. Mitchell may not appear as an advocate because his employer William H. Bode will need to testify as to the veracity of the Blog. William H. Bode's testimony will be adverse to his client because either it will impugn Defendant's veracity or shall support Plaintiff's positions in this action as set forth in Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss. Therefore, Eric D. Mitchell may not serve as an advocate in this action because he will be adverse to the Defendant given his relationship with his employer. ABA Model Rules 1.7, 1.10, 3.7(b).

Dated: March 31, 2006                    Respectfully Submitted,

/Jonathan Rosen/
Jonathan Rosen (NY0046)
1200 Gulf Blvd., #1506
Clearwater, FL 33767
(908) 759-1116
Attorney for Plaintiff