UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

ROBERT STEINBUCH,                          )
                                           )
            Plaintiff,                     )
                                           )
      v.                                   )        Case No. 1:05-CV-970 (PLF)
                                           )        Judge Paul L. Friedman
JESSICA CUTLER,                            )
                                           )
            Defendant.                     )
_____)

## ANSWER TO COMPLAINT

Come now defendant Jessica Cutler, through undersigned counsel, and hereby

respectfully answers the allegations set forth in Plaintiff's Complaint, as follows:

1. Defendant denies the allegations in paragraph 1 of the Complaint, except

acknowledges that this is a civil action alleging purported claims of invasion of privacy

and intentional infliction of mental distress. On April 5, 2006, the Court ruled that the

one-year statute of limitations applies to all claims, as defendant's counsel had argued.

2. Defendant admits the allegations in paragraph 2, except states she is without

knowledge as to Plaintiff's current marital or familial status.

3. Defendant denies the truth of the first sentence of paragraph 3. Defendant

admits the truth of the second sentence of paragraph 3.

4. Defendant admits that Plaintiff demands a jury trial.

5. Plaintiff admits the allegation of diversity citizenship but denies that Plaintiff

has satisfied the amount in controversy requirement to invoke the jurisdiction of this

Court in view of the Court's ruling on April 5, 2006 that that the one-year statute of

Dockets.Justia.com

limitations applies to all claims.  Even if, *arguendo*, the May 18, 2004 blog posting were not barred by the statute of limitations under the "single publication rule," Mullin v. Washington Free Weekly, Inc., 785 A.2d 296, 298 n. 2 (D.C. 2001), citing Ogden v. Ass'n of the U.S. Army, 177 F. Supp. 498, 499-502 (D.D.C. 1959), Plaintiff has failed to allege any damage that stems from said blog posting of May 18, 2004, and hence Plaintiff has failed to meet the amount in controversy requirement to invoke the jurisdiction of the Court.  Defendant reserves all rights and claims to attorneys' fees and costs.

6. Defendant denies the allegation of paragraph 6.

7.  Defendant denies the allegation of paragraph 7.

8. Plaintiff denies the allegation of paragraph 8 as to the amount in controversy in Plaintiff's Complaint, and incorporates her answer to paragraph 5 above.

9. Defendant admits that venue would otherwise be proper, and incorporates her answer to paragraph 5.

10. Defendant denies the allegations of paragraph 10, except that she admits that on May 5, 2004 she created a blog on Blogger.com with the URL http://washingtonienne.blogspot.com. in order to maintain a personal diary.  Exhibit A to the Complaint contains the critical admission on page 1 thereof:  "The original Washingtonienne page was NEVER cached by Google."  Exhibit A of the Complaint is part of the Complaint pursuant to Fed.R.Civ.P. Rule 10(c) and even of itself proves this blog was not publicized by defendant in that the blog was never picked up by, cached, indexed or stored by Google.  When defendant created her blog, she was asked in the "Settings" area by Blogger.com:  "Add you blog to our listings?"   Jessica Cutler

2

answered, 'no' in order to keep her blog private.   Defendant denies that she "declined the option of password protection," as there was no such option offered when she created her blog.  Defendant denies that she maintained ongoing conversations with strangers via her weblog.  Defendant did not publicize her blog.  Defendant denies that she identified herself as the "Washingtonienne" on her blog.  Defendant's blog was anonymous as she did not identify herself as Jessica Cutler anywhere in the blog.  It was impossible to get to Ms. Cutler's Blog site unless one was provided the specific URL, the Internet address.  Jessica Cutler gave her URL only to three of her friends, one of whom received her permission to provide the Blog's URL to a fourth person.  This was not a public blog – until on May 18, 2004 somebody else gave the blog URL site to the cyber-gossip Internet site, wonkette.com.  Defendant did not publicize her blog.  Nor does the Complaint allege that defendant turned the blog over to Wonkette.com, and she did not.   As soon as her blog became public on May 18, 2004, Jessica Cutler deleted her blog on blogger.com, further evidencing her intention not to publicize her blog.   Defendant admits that Exhibit A to the Complaint appears to be a reproduction of her blog, except that (1) page 1 of Exhibit A was authored apparently by a "Kevin at Wizbang" who reposted it without defendant Cutler's permission, and except that (2) the author of Exhibit A added to Ms. Cutler's blog hyperlinks, which hyperlinks were not present in the actual blog that defendant created.

11. Defendant denies the allegations in paragraph 11.   At no time did Jessica Cutler create a public blog or give publicity to her blog, http://washingtonienne.blogspot.com.  Defendant admits that she was romantically

3

involved with other men.  Defendant sought to write her blog in a humorous and

facetious tone for three close friends.  Defendant otherwise denies the scurrilous

allegations stated in paragraph 11.

12.  Defendant denies the allegation of the first sentence of paragraph 12.

Defendant denies that she ever used the name of Robert Steinbuch even once anywhere in

her blog.  Defendant admits that both she and Mr. Steinbuch openly talked about their

affair at the Senate offices where they were employed.   Exhibit A to the Complaint

shows that on May 11, 2004, Mr. Steinbuch informed Ms. Cutler that the rumor of

spankings had spread to other offices.  Blog entry 5/11/04 5:54 pm.  That night at dinner

Plaintiff Steinbuch told Ms. Cutler that "He's really not mad about the gossip at all," that

"he's actually joking around the office about it" and that "when he walks out of a room,

he'll slap himself on the [back side]"  5/12/04 blog posting 9:28 a.m.  Mr. Steinbuch does

not deny he was joking around the office about the parties' affair.

13. Defendant denies that this was a public blog.  In fact, Exhibit A at page 1 to the

Complaint shows that it was not a public blog.  Paragraph 13 purports to quote portions of

defendant's blog, which speaks for itself.

14.  Defendant denies the allegations of paragraph 14, denies that she was posting

to a public blog, denies that she was writing a journal on how to exploit men for financial

and materialistic gain, and incorporates her answer to paragraph 10 of the Complaint.

15. Defendant admits the allegations of paragraph 15, except states that Plaintiff

Steinbuch continued to call her amicably on the telephone subsequent to May 18, 2004,

speaking with her for many hours.   The parties' conversations with each other

continued through May 28, 2004 and beyond, with each calling the other.

16.  Defendant mentioned Wonkette in her blog.  Defendant denies that she

included a hyperlink to Wonkette.

17. Defendant denies that she created a public blog or that she disclosed her blog

to Wonkette or publicized her blog.  She admits that on May 18, 2004, Wonkette was

given access to the URL for her blog by an unknown third party, and that defendant

deleted her blog that same day.

18.  Defendant admits that on May 18, 2004 her blog became public when

someone provided it to Wonkette and that she deleted her blog when she learned that it

had become public.

19. Defendant admits that the contents of her private Blog received media

coverage once it was publicized by Wonkette on May 18, 2004, and denies that she

disclosed her Blog URL to Wonkette.  The fact that the Complaint fails to allege that

defendant was the person who furnished her blog URL to Wonkette is fatal to Plaintiff's

claim.

20.  Plaintiff admits that, after Wonkette disclosed her blog publicly, that Ms.

Anna Marie Cox telephoned defendant and defendant returned her phone call.  Defendant

otherwise denies the truth of the allegation in paragraph 20.

21.  Defendant denies Cox published Ms. Cutler's identity , as  Defendant's

identity had already been published on other web sites prior to Ms. Cox' publishing it on

Wonkette.  Defendant denies that she coveted notoriety, and states that her weblog was anonymous.

22. Defendant admits paragraph 22 and states that said hiring occurred after May 18, 2004 and after she had been terminated from her job in Senator DeWine's office.

23.  Defendant admits that after she was terminated by Senator DeWine's office she and Ms. Cox appeared on Fox News Cable together, not on Washington, DC Fox as the Complaint alleges.

24.  Defendant admits the allegation in paragraph 24 but states that they did not pose jointly for *Playboy Magazine*.

25.  Defendant denies that she sought public attention and publicity for herself while she was employed on Senator DeWine's staff and until after she was fired from her job with the U.S. Senate.   Defendant denies that she disseminated the contents of her blog through the channels of mass media.  Further answering, Ms. Cutler states that the publicity that commenced on May 18, 2004 prevented her from finding employment.

26.  Defendant admits that she signed a contract with *Playboy Magazine*  and posed for photos,  but denies that she sought to capitalize on the publicity generated by her relationship with Plaintiff.

27.  Defendant admits that she signed a book contract with Hyperion Books  to write a novel, admits that Hyperion marketed her book as a roman a clef, but denies the other allegations contained in paragraph 27 of the Complaint.   Defendant denies that her novel mentions the name of Robert Steinbuch.

28.  Defendant admits that she was interviewed by the *Washington Post Magazine* and that said Magazine quoted comments that she made therein, which speak for themselves.    Defendant denies that she made the statement alleged in paragraph 28.

29.  Defendant repeats and incorporates her answers to the previous paragraphs of the Complaint.

30.  Defendant denies the allegations or paragraph 30, denies that she committed the tort of invasion of privacy , denies that she gave publicity to her blog, and states that she deleted her blog once it was given publicity by Wonkette.   The text of defendant's blog speaks for itself, and denies Plaintiff's characterizations of her blog.

31.  Defendant denies the allegations of paragraph 31, denies that she sought to scandalize facts recorded in her blog, denies that she intended to say anything that was not true, and denies that she gave publicity that placed Plaintiff in a false light in the public eye.

32.  Defendant denies the allegations of paragraph 32, denies that she was the one who publicized her blog, and otherwise denies the allegations therein.

33.  Defendant denies the allegations of paragraph 33, and denies that she exposed private facts relating to Plaintiff on the Internet "for the entire world to read."

34.  Defendant denies the allegations of paragraph 34 and denies that she caused or intended to cause such alleged emotional distress, humiliation, embarrassment or anguish to Plaintiff.

35.  Defendant repeats and incorporates herein her answers to the previous paragraphs of the Complaint.

36. Defendant denies the allegations of paragraph 36 of the complaint.

37. Defendant denies the allegations of paragraph 37, and denies that she caused such alleged emotional distress.  Further answering, defendant states that the Complaint fails to allege any specific physical manifestations of the alleged severe emotional distress that Plaintiff claims.

38. Defendant denies the allegations of paragraph 38, and denies that she acted intentionally to cause the alleged severe emotional distress to Plaintiff.

39. Defendant denies the allegations of paragraph 39, and denies that she acted recklessly to cause the alleged severe emotional distress to Plaintiff.

40. Defendant denies the allegation of paragraph 40. Further answering, defendant states that the Complaint fails to allege any specific physical manifestations of the alleged severe emotional distress that Plaintiff claims.

41. Defendant denies the allegation of paragraph 41. Further answering, defendant states that the Complaint fails to allege any specific physical manifestations of the alleged severe emotional distress that Plaintiff claims.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any compensatory or punitive damages or any other relief from Defendant.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the one-year statute of limitations pursuant to D.C. Code § 12-301(4), in view of the court's ruling on April 5, 2006 that the one-year limitations period governs all claims in this case.

## SECOND AFFIRMATIVE DEFENSE

Defendant did not commit the tort of invasion of privacy because defendant did not publicize private facts as to Plaintiff.   Defendant's Blog was not a public blog, and was done anonymously by defendant without mentioning the name of its author.  In creating her blog, she elected not to have her Blog listed by Blogger.com.  Even Exhibit A, page 1, to the Complaint shows that her Blog was not public:  "The original Washingtonienne page was NEVER cached by Google."  Defendant did not publicize her Blog.  "Publicity means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge."  Restatement (Second) of torts Section 652D, cmt. A (1977).  Further, Defendant's Blog did not once name Robert Steinbuch.  Further, Jessica Cutler deleted her blog as soon as she learned that it had become publicized by Wonkette.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff caused his own claimed embarrassment and humiliation by filing the Complaint in this action that publicly disclosed that he was the "RS" mentioned in defendant's anonymous Blog.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff waived any claims he might have had for alleged invasion of his right to

privacy or intentional infliction of emotional distress.  The right to privacy like other

personal rights is lost by express or implied waiver or consent, or by a course of conduct

which prevents its assertion.  Waiver is a knowing relinquishment of a known right.

Travelers Indemnity Co. v. United Food & Commercial Workers Intl. Union, 770 A.2d

978, 992 (DC 2001).  The Blog attached to complaint reveals that on 5/11/04 Mr.

Steinbuch informed Ms. Cutler that the rumor about sexual spankings had spread to other

offices.  Blog entry 5/11/04 5:54 pm.  That night at dinner Plaintiff Steinbuch told Ms.

Cutler that "He's really not mad about the gossip at all," that "he's actually joking around

the office about it" and that "when he walks out of a room, he'll slap himself on the ass"

5/12/04 blog posting 9:28 a.m.   None of these facts were denied in the Complaint.  Thus,

Plaintiff has admitted to his statements and conduct, each of which amounts to waiver of

any claims.   Moreover, Plaintiff's continuing with his affair with Jessica Cutler after he

learned about the rumors about their sexual activities in the Senate offices constitutes a

further waiver of his claims.  Plaintiff's telephone calls to defendant subsequent to May

18, 2004 and their continuing phone conversations that lasted several hours, constitute a

further waiver of his claims.

## FIFTH AFFIRMATIVE DEFENSE

Information that is already in the public domain does not qualify as private facts.

Respectfully, Plaintiff's own statements,  joking and conduct in the Senate offices about

the parties' affair, demonstrate that these were not private facts.

## SIXTH AFFIRMATIVE DEFENSE

The facts that were disclosed publicly by Wonkette were not "highly offensive to a reasonable person of ordinary sensibilities."  Wolf v. Regardie, 553 A.2d 1213, 1220 (D.C. 1989).   For example, the fact that the parties engaged in sex in a missionary position and used birth control does not meet the legal standard for statements that are highly offensive to a reasonable person of ordinary sensibilities.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant did not commit the tort of invasion of privacy by putting Plaintiff in a false light in the public eye.   Paragraph 31 merely challenges the characterization of a single opinion of defendant in her Blog, a claim which is, in any event, time barred.  Mr. Steinbuch states that he only said "am I too lazy in bed?" and "I don't mind being passive" but that Ms. Cutler presented it as:  "he told me that he likes submissive women."   Nowhere does the Complaint allege that the statements of the Blog are *false*. As the D.C. Circuit held in Browning v. Clinton, 292 F.3d 235, 242 (DC Cir. 2002), Rule 8 of the Federal Rules of Civil Procedure requires that the plaintiff give defendant fair notice of what the plaintiff's claim is and the grounds on which it rests.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant did not commit the tort of intentional infliction of emotional distress. Defendant did not engage in extreme and outrageous conduct.  Defendant did not "intentionally or recklessly cause severe emotional distress to another."  Jung v. Jung, 791 A.2d 46, 50 (D.C. 2002)  Liability does not extend to mere insults, indignities, annoyances, petty oppressions or other trivialities.  It is imposed only when the conduct goes "beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community."  Waldon v. Covington, 415 A.2d 1070, 1076 (D.C. 1980).  Moreover, Plaintiff has failed to allege any specific physical manifestations of the alleged severe emotional distress.  See Abourezk v. New York Airline, 705 F. Supp. 656, 665 (DDC 1989) (granting summary judgment for defendant on intentional infliction of emotional distress because record devoid of allegation that plaintiff received physical or psychiatric treatment as result of conduct complained of).

## NINTH AFFIRMATIVE DEFENSE

The damages that Plaintiff alleges were not proximately caused by Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative and unsubstantiated, consequently, Plaintiff is barred from recovering any costs or damages he claims to have incurred.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own conduct in himself publicizing the allegations of Ms. Jessica Cutler's blog as pertaining to him, notwithstanding that her blog did not name Robert Steinbuch and did not name Jessica Cutler.

## TWELFTH AFFIRMATIVE DEFENSE

This is a case about Plaintiff, a powerful Senator's counsel on the Senate Judiciary Committee, electing to have sex with an intoxicated entry-level female staffer after she had too many drinks at Union Station. Maybe it is not as newsworthy as the former President's affair with Monica Lewinsky. But it is newsworthy just the same, as shown by the media frenzy that ensued through no fault of defendant's once somebody revealed her nonpublic blog's URL to Wonkette.com. It was not Jessica Cutler's intention to see her anonymous blog publicized. Nevertheless, the American people have a legitimate interest in how our Government personnel behave. "It is a defense to a claim of invasion of privacy that the matter publicized is of general public interest." Vassiliades v. Garfincle's, 492 A.2d 580, 589 (DC 1985); Peckham v. Boston Herald, 719 N.E. 2d 888, 894 (Mass. Ct. App. 1999)(workplace liaison between employee and her superior is issue of "general modern public interest").

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, moreover, barred by equitable doctrines including estoppel, laches, waiver and unclean hands.

WHEREFORE, Defendant Jessica Cutler respectfully prays:

A.     That the Complaint in this action be dismissed;

B.     That Defendant recover all its costs, expenses, and attorneys' fees from Plaintiff that she has been forced to incur in connection with defending this action; and

C.     Any other relief to which she may be entitled.

*    *    *    *

Defendant denies all allegations of the Complaint except as expressly admitted in this Answer.

## DEMAND FOR JURY TRIAL

Defendant request a trial by jury on all issues of fact as to the Answer so triable.

Respectfully submitted,

_____/s/_____

John Umana (D.C. Bar #953182)
6641 32nd Street, NW
Washington, D.C.  20015
(202) 244-7961
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2006, I served a true and correct copy of the foregoing Answer to Complaint, via ECF upon:

Jonathan Rosen, Esq.
1200 Gulf Blvd., #1506
Clearwater, Florida 33767
Counsel for Plaintiff

____/s/_____
John Umana

14