UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT STEINBUCH, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-0970 (PLF) |
| JESSICA CUTLER, | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

On April 5, 2006, the Court held a motions hearing on defendant's motion to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court denied the motion on that same day, ordering the parties to meet, confer, and file within two weeks of that date a joint report pursuant to Local Civil Rule 16.3 proposing a schedule for discovery, the filing of additional motions, and possibly alternative dispute resolution.. During the hearing, the Court expressed its concern that due to the nature of this lawsuit and the allegations involved, discovery might well become overly litigious and combative. For that reason, the Court determined that this case would best be referred to a magistrate judge for the resolution of any disputes that arose during discovery. The Court urged counsel to be civil and professional despite the nature of the dispute between their clients.

Two days later, on April 7, 2006, plaintiff filed a consent motion for an extension of time to complete the parties' joint report pursuant to Local Civil Rule 16.3. The same day, defendant filed her answer to the complaint and a notice of deposition of the plaintiff. On April

8, 2006, plaintiff filed a motion to quash the defendant's notice of deposition and a motion for a protective order.

Discovery has not yet begun and the lawyers have borne out the Court's prediction with these filings. First, the defendant should not have filed a notice of deposition and attempted to begin discovery without a scheduling order from this Court (which pursuant to the Court's Rules the Court will not issue until it receives the parties' joint report). Second, and as the plaintiff pointed out in his motion to quash, once discovery does begin, neither party should file with the Clerk any discovery materials, in accordance with Local Civil Rule 5.2. Plaintiff's counsel, however, while arguing that defendant's counsel has violated various Federal Rules of Civil Procedure and Local Civil Rules, has himself failed to follow these rules. Specifically, plaintiff's consent motion for an extension of time is single-spaced, in violation of Local Civil Rule 5.1(f), and he does not appear to have consulted opposing counsel prior to filing either the motion to quash or the motion for a protective order, in violation of Local Civil Rule 7(m).

As for plaintiff's motion for a protective order, it essentially requests that the Court place a gag order on the defendant and her counsel throughout the course of this litigation because the plaintiff objects to how the defendant's counsel has characterized the Court's April 5, 2006 ruling and because the plaintiff is distressed by the fact that this lawsuit has drawn media attention. Perhaps the plaintiff should have considered that fact before he filed suit. Perhaps plaintiff's counsel should consider that fact before filing motions in which he repeats salacious details and allegations seemingly without regard for the distress that other persons might feel at these public filings. See Plaintiff's Motion to Disqualify Counsel; Plaintiff's Motion for Protective Order. The Court will not order a prior restraint on the free speech of the defendant or her counsel merely because the plaintiff is piqued by the media interest his own lawsuit has

sustained or heightened and because he disagrees with the defendant and her attorney on what constitutes a matter of opinion (that is, what effect the Court's April 5, 2006 ruling might have on this case in the future after discovery is completed).

The Court will not consider the notice of deposition and motions or permit any more filings by any of the parties until a scheduling order is entered in this case, the timing of which is entirely within counsels' control.  Nor as this case proceeds will it countenance the tone and tenor of some of counsels' current filings.  Since counsel have shown themselves unable to abide by the Rules of this Court or refrain from engaging in unnecessarily litigious behavior, counsel for both parties are ordered to read the Local Civil Rules of this Court and Appendix B to those Rules – the D.C. Bar Voluntary Standards for Civility in Professional Conduct – and to abide by them in future.  Accordingly, it is hereby

ORDERED that the defendant's notice of deposition [20], the motion to quash [21], and the motion for a protective order [22] are stricken from the record;  it is

FURTHER ORDERED that the consent motion for an extension of time [18] is GRANTED and the parties are ordered to file a joint report pursuant to Local Civil Rule 16.3 on or before May 8, 2006;  and it is

FURTHER ORDERED that this case is STAYED pending the receipt of the Rule 16.3 joint report and the entry by the Court of a scheduling order and an order referring discovery disputes to a magistrate judge.  The parties may not file any motions or notices except as related to the Local Civil Rule 16.3 joint report until such time as the Court's stay is lifted.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
DATE:  April 14, 2006                             United States District Judge