**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

---

| | | |
|---|---|---|
| **Steinbuch** | : | Index No.: 1:05-CV-970 (PLF) |
| **Plaintiff,** | : | Judge Paul L. Friedman |
| -v- | : | |
| | : JOINT REPORT FOR | |
| | : SCHEDULING CONFERENCE | |
| **Cutler** | : | |
| **Defendant.** | : | |

---

## JOINT RULE LCvR 16.3 CONFERENCE REPORT

Pursuant to Local Rule LCvR 16.3, the parties after conferring submit this joint report.

## JOINT SECTION OF JOINT REPORT

Within 30 days of the close of discovery, all dispositive motions shall be filed. The parties agree that all discovery be held pursuant to a protective order of confidentiality to protect the privacy of all parties. The parties agree that this Court shall issue a protective order that prevents public disclosure of the information contained in discovery, including requiring all pleadings and documents filed with the court referencing discovery to be filed under seal.

Initial Disclosures shall be due on June 8, 2006.

**PLAINTIFF'S SECTION OF JOINT REPORT**

**DISPOSITIVE MOTIONS**

Defendant has already filed and lost a dispositive motion. Defendant has indicated its desire to do the same yet again. If Defendant does so, Plaintiff may file a cross-motion for partial relief.

**EXPERT WITNESSES**

Pursuant to FRCP Rule 26 and this Court's Ruling the Plaintiff may hire expert witnesses to provide testimony on topics including computer/internet technology and damages. Plaintiff requests this Court to set a date by which the parties shall disclose any experts to each and that no expert witnesses may be used if not identified within this period. The remaining requirements of Rule 26(a)(2) remain in effect.

**DISCOVERY**

The parties have not yet requested or exchanged of documents.

Plaintiff requests this Court to limit depositions to transcriptions and not permit video depositions which could result in unnecessary intrusion.

At this point, plaintiff is currently aware of over 30 potential witnesses other than plaintiff that he believes he will call to demonstrate defendant's tortious actions and plaintiff's damages. Plaintiff will take discovery of defendant to obtain the contact information of the other individuals named in defendant's publicly-available blog, some

of whom have not yet been identified. Given the number of potential witnesses, Plaintiff estimates that the first tier of discovery could be substantially completed by January 31, 2007. The results of discovery may alter this tentative estimate, and after this discovery is completed, Plaintiff will determine whether additional discovery will be necessary in a second tier of discovery. Accordingly, no trial or scheduling conference date can be set at this time.

## MAGISTRATE JUDGE

At this stage in the proceeding, the Plaintiff does not think it beneficial to fully transfer the case to a Magistrate Judge.

## AMENDING THE COMPLAINT

Defendant in her first responsive pleading, filed April 7, 2006, contends that "Jessica Cutler gave her URL only to three of her friends, one of whom received her permission to provide the Blog's URL to a fourth person. . . . [O]n May 18, 2004 somebody else gave the blog URL site to the cyber-gossip Internet site, wonkette.com [Ana Marie Cox] . . . . her blog became public on May 18, 2004," Answer ¶ 10. Given Defendant's attempt to shift responsibility for publicizing her publicly available blog, set forth without password protection on the Worldwide Web, Plaintiff will seek to add as defendants both the "somebody else" that defendant asserts alerted Cox about Cutler's publicly available blog, and Cox. This way the Court will be in the position of determining who within the universe defined by Defendant publicized the blog that Defendant concedes was publicized. *Id*.

Plaintiff will seek to amend its complaint to include Cox and make certain other changes no later than June 15, 2006.  Plaintiff will need to discover the name of the "somebody else" before this person can be added as a party.  As such, Plaintiff cannot determine at this point when this will occur, and, therefore, cannot give a closing date for this action.  Defendant intends to oppose adding the parties that she claims are the ones responsible for the tortuous actions.

## SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

Settlement discussions initiated by both of Defendant's two previous law firms indicated that Defendant would not provide damages in settlement.  Plaintiff believes that non-binding ADR or a neutral evaluation may be beneficial, depending on its form.

## DEFENDANT JESSICA CUTLER'S SECTION OF JOINT REPORT

1.  Defendant desires the Fast Track.  Defendant intends to file a dispositive motion on the grounds set forth in her Answer to the Complaint, including, without limitation, that the claims are time-barred pursuant to the one-year statute of limitations under D.C. Code § 12-301(4), which the Court ruled on April 5, 2006 applies to all claims in the Complaint, and that the amount in controversy requirement cannot be satisfied.  Defendant will oppose plaintiff's anticipated motion to amend the complaint, as the action is time-barred and the amount in controversy requirement cannot be satisfied such that amendment of the complaint would be futile.

    2. Defendant desires the date by which any other parties shall be sought to be joined or the pleadings sought to be amended: July 10, 2006.

    3. Defendant does not agree to transfer the case to a magistrate judge for all purposes.

    4. Whether there is a realistic possibility of settling the case: Defendant does not believe that there is a realistic possibility of settling the case.

    5. Defendant is willing to participate in ADR procedures.

    6. The anticipated extent of discovery: Pursuant to the Court's direction at the April 5, 2006 hearing on the motion to dismiss the complaint, the depositions of the Plaintiff and the Defendant shall proceed expeditiously. Defendant reserves her right to conduct video taped depositions.

    7. There is no need for bifurcation.

    8. Defendant believes that the pretrial conference should be held 30 days after the Court decides dispositive motions.

    9. Defendant believes that a firm trial date should be set following the pre-trial conference.

Dated: May 4, 2006                                                    Respectfully submitted,

                                                                             */s/ Jonathan Rosen*
                                                                             Jonathan Rosen (NY0046)
                                                                             1200 Gulf Blvd., #1506
                                                                             Clearwater, FL 33767
                                                                             (908) 759-1116
                                                                             Attorney for Plaintiff

                                                                             */s/ John Umana*
                                                                             John Umana
                                                                             6641 32nd Street, NW

          Washington, D.C.  20015
          (202) 244-7961
          Counsel for Defendant