UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION TO DISMISS ON ACCOUNT OF PLAINTIFF'S
FAILURE TO MEET AMOUNT IN CONTROVERSY REQUIREMENT**

Jessica Cutler has reviewed and requested the filing of this motion to dismiss for failure of the Plaintiff to meet the jurisdictional amount in controversy requirement.[1] This motion is submitted in view of the Court's ruling on April 5, 2006 as to the application of the one-year statute of limitations under D.C. Code § 12-301(4) to all claims. In view of this holding, the $75,000 amount in controversy requirement cannot be met. Answer ¶¶ 5 and 8. Hence, respectfully, the district court lacks subject matter jurisdiction over this diversity action.

The Complaint invokes the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon diversity (Complaint ¶ 5), and asserts (at paragraph 8) that the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

Section 1332 of the Judicial Code provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;. . . .

---

[1] Undersigned counsel's motion to withdraw on financial grounds remains pending. Jessica Cutler submits her motion to dismiss for Plaintiff's failure to meet the amount in controversy requirement, without prejudice to counsel's request to withdraw. Counsel continues to represent Jessica Cutler until the Court authorizes his withdrawal.

In view of the Court's holding on April 5 that the one-year limitations applies to all claims, Plaintiff cannot possibly meet the $75,000 jurisdictional amount requirement, the *sine qua non* for the district court's exercise of subject matter jurisdiction over this action.  Nor can the Complaint be amended to fix this jurisdictional defect.

The sole entry in Jessica Cutler's blog relating to Plaintiff that falls within the one-year limitations period, is the May 18, 2004 entry in the blog.  <u>There is nothing in the Complaint that even alleges any specific claim as to the May 18th blog entry or that alleges that any damages were caused by that entry</u>.  Nor could such an allegation be made in good faith.  The May 18 blog entry states unremarkably that RS, nowhere identified by name, and the anonymous blog author, had sexual relations in a missionary position, using birth control.  The fact that the parties were romantically involved was already known within the Senate Offices in which they were employed, as even Plaintiff was joking and gesturing about it around the Office, as Plaintiff's Complaint concedes.[2]  There is no allegation in the Complaint that anything in the May 18 blog entry caused any damages to Plaintiff.  The Complaint fails to allege that the May 18 blog posting caused any damages much less that it caused damages exceeding $75,000, as it must under 28 U.S.C. § 1332.

## ARGUMENT

The plaintiff asserting jurisdiction always bears the burden of establishing the amount in

---

[2] The Blog attached to complaint reveals that 5/11/04 RS informed the defendant blog author that the rumor of their relationship had spread to other offices.  Blog entry 5/11 5:54 pm.  That night at dinner RS told the blog author that "He's really not mad about the gossip at all," that "he's actually joking around the office about it" and that "when he walks out of a room, he'll slap himself on the [back side]"  5/12 blog posting 9:28 a.m.  None of these facts was denied in Plaintiff's Complaint but rather are incorporated right in the Complaint. Under FedR.Civ.P. 10(c),  a copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.  <u>See</u> <u>People's Natural Gas Co. v. Federal Power Comm'n</u>, 127 F.2d 153, 156 (D.C. Cir. 1942).

controversy once it has been put in question. Rosenboro v. Kim, 994 F.2d 13, 17 (D.C. Cir. 1993). The D.C. Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction in Broida v. First Union Visa Corp., 1999 U.S. App. LEXIS 32761 (D.C. Cir. 1999), explaining its rationale as follows:

> Dismissal is justified because "from the face [*2] of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." Rosenboro v. Kim, 301 U.S. App. D.C. 286, 994 F.2d 13, 16-17 (D.C. Cir. 1993) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 82 L. Ed. 845, 58 S. Ct. 586 (1938)). The district court also properly denied appellant's motions to amend and for reconsideration because the proposed complaint is "backed only by purely speculative or unsupported allegations of injury," which do not satisfy appellant's burden of establishing that the amount in controversy exceeds the statutory minimum of $ 75,000. Rosenboro v. Kim, 994 F.2d at 19.

Likewise, in the case *sub judice*, Plaintiff has failed to make any allegation of damages proximately resulting from the May 18 blog entry. It is unimaginable that Plaintiff can in good faith, consistent with the pleading requirements of Rule 11 of the Federal Rules of Civil Procedure, allege in a motion to amend or in an amended complaint that the amount in controversy in this action exceeds $75,000, given this Court's decision on the governing statute of limitations.

## **CONCLUSION**

Accordingly, this case should be dismissed for Plaintiff's failure to meet the amount in controversy requirement under 28 U.S.C. § 1332, which is not even alleged as to the May 18 blog entry. Nor can it be alleged in good faith. Respectfully, the district court lacks subject matter jurisdiction to adjudicate this controversy.

Respectfully submitted,

\_\_\_/s/_____
John Umana (D.C. Bar #953182)
Law Office of John Umana
6641 32nd Street, NW
Washington, D.C. 20015
(202) 244-7961
Counsel for Defendant Jessica Cutler

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2006, I served a true and correct copy of Jessica Cutler's motion to dismiss for Plaintiff's failure to meet the amount in controversy requirement, via ECF upon:

Jonathan Rosen, Esq.
1200 Gulf Blvd., #1506
Clearwater, Florida 33767
Counsel for Plaintiff

_____/s/_____
John Umana #953182

4