UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEINBUCH | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE No. 01:05-CV-00970 (PLF) |
| v. | ) |
| CUTLER | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO
<u>DEFENDANT'S SECOND MOTION TO DISMISS</u>**

Having lost its previous motion to dismiss, Defendant now moves once more to dismiss this case. Defendant's duplicative motion to dismiss is merely an attempt to re-litigate issues already decided by this Court -- without any change in the posture of this case and without any additional facts. For this reason, this Court should deny Defendant's second motion to dismiss.

<u>BACKGROUND</u>

Defendant Jessica Cutler revealed and disseminated personal, private, intimate facts about Plaintiff through an x-rated Internet blog, on the World Wide Web, describing in graphic detail the intimate amorous and sexual relationship between Defendant and the Plaintiff and painting Plaintiff in a false light. Cutler's outrageous and tortious actions, done without Plaintiff's knowledge or consent, setting before anyone in the world with access to the Internet intimate and private facts regarding Plaintiff, subjected him to harm, pain, and suffering.

Upon the filing of Plaintiff's complaint, Defendant moved to dismiss in lieu of answering. Among the litany of rejected reasons that Defendant proffered in its motion,

Defendant falsely asserted that Plaintiff did not claim sufficient damages in the Complaint. Two months ago, this Court denied Defendant's motion to dismiss. In its opinion denying that motion to dismiss, this Court ruled: "it's not stated in the complaint exactly what the harm is, but there is enough there." Transcript of April 5, 2006 Hearing at 56 (emphasis added).

Immediately after that ruling, Defendant's counsel made statements to the press suggesting that this Court ruled that most of Defendant's x-rated blog is not subject to this lawsuit, again questioning Plaintiff's damages. As this ongoing contention is false, Plaintiff pointed out in a motion before this Court that: (1) given that the discovery rule and continuing harm doctrine apply under Washington DC law,[1] the full contents of the single x-rated blog remained the subject of this action; (2) given that the defendant changed the text of the x-rated blog after posting, the full contents of the single x-rated blog remained the subject of this action; and (3) given that Defendant's repeated admissions in this Court that the x-rated blog must be read "as a whole in and in context" (*see* Defendant's brief in its first motion to dismiss at 26), the full contents of the single

---

[1]   *Doe v. Medlantic Health Care Group, Inc.*, 814 A.2d 939, 945-46 (D.C. 2003) (D.C.'s highest court holding that the application of the "discovery -[of harm]-rule" applies to invasion of privacy claims in D.C.); *Grunseth v. Marriott Corp.,* 872 F. Supp. 1069, 1075 (D.D.C. 1995) ("if the statute of limitations did not begin to run in October of 1990, it certainly began to run on March 12, 1992, when Plaintiff wrote the Marriott to inquire about whether confidential information had been disclosed"); *National R.R. Passenger Corp. v. Krouse*, 627 A.2d 489 (D.C. 1993); *Hobson v. Coastal Corp.,* 962 F. Supp. 1407, 1411 (D. Kan. 1997) (Court "adopt[s] the discovery rule for the accrual of a cause of action for defamation based on defamatory oral statements concerning a plaintiff's employment history. Like a credit reporting case, publication of defamatory material in an employment history case is also likely to go undiscovered until long after the statute of limitations has run. The . . . Court of Appeals has recently applied the discovery rule to slander of title, another cause of action where the alleged defamation is likely to be of a 'confidential or inherently secretive nature.'") (citing *LaBarge v. City of Concordia*, 927 P.2d 487, 494 (Kan. Ct. App. 1996) (holding "the statute of limitations began to run on the date the plaintiffs discovered that their title had been slandered.")).

2

x-rated blog remained the subject of this action. This Court agreed, stating that assertions made by Defendant's attorney that most of Defendant's x-rated blog is not subject to this lawsuit was merely "a matter of opinion [as to] . . . what effect the Court's April 5, 2006 ruling might have on this case in the future after discovery is completed." *See* this Court's April 14, 2006 Memorandum Opinion and Order at 3.

Notwithstanding this history, Defendant, having taken no discovery, moves to dismiss for a second time -- duplicating the very same assertions that have been repeatedly rejected by this Court. Thus, notwithstanding this Court's ruling that although "it's not stated in the complaint exactly what the harm is, but there is enough there,"[2] Defendant again asserts that Plaintiff has not set forth sufficient damages.

## DISCUSSION

Plaintiff's duplicative motion to dismiss should be denied for the following reasons: (1) This Court has already ruled that "it's not stated in the complaint exactly what the harm is, but there is enough there."[3] (2) This Court has already ruled that Defendant's attorney's claims that most of Defendant's x-rated blog is not subject to this lawsuit was merely "a matter of opinion [as to] . . . what effect the Court's April 5, 2006 ruling might have on this case in the future after discovery is completed;"[4] and (3) an examination of the Complaint demonstrates that Plaintiff explicitly pleaded damages in excess of $75,000. Complaint ¶ 8.

Moreover, this Court's holding that the Complaint stated sufficient damages was made in the same Opinion that addressed the statute of limitations issue that Defendant

---

[2] Transcript of April 5, 2006 Hearing at 56 (emphasis added).
[3] Transcript of April 5, 2006 Hearing at 56 (emphasis added).
[4] *See* this Court's April 14, 2006 Memorandum Opinion and Order at 3.

3

continues to persistently mischaracterize as having "eviscerated" damages. Thus, following flawed logic, Defendant's claim in her current motion to dismiss appears to be that notwithstanding the fact that she lost her first motion to dismiss, the Complaint in this action should be dismissed – for the very reasons that have been rejected by this Court. *See* Transcript of April 5, 2006 Hearing at 56.

Defendant is simply trying to argue a twice-decided issue with absolutely no new facts: "Parties are not entitled to file redundant motions . . . . [D]efendants are not entitled to unlimited bites at the apple. Defendants' motion[s] . . . are merely repetitions of previous motions, which have already been denied. Therefore, the motions are frivolous." *Tyson v. Equity Title & Escrow Co. of Memphis, LLC*, 282 F. Supp. 2d 825, 827 (D. Tenn. 2003) (internal references omitted); *see also* 28 U.S.C. § 1927 (counsel's liability for multiplying proceedings).

Indeed, the very cases cited by Defendant do not support her contentions:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that . . . <u>the sum claimed by the plaintiff controls if the claim is apparently made in good faith</u>. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, <u>to a legal certainty</u>, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Rosenboro v. Kim*, 994 F.2d 13, 16-17 (D.C. Cir. 1993) (ellipses in original) (emphasis added). In *Rosenboro*, the Court dismissed the case upon the presentation of <u>facts gathered through discovery that demonstrated to a legal certainty</u> that the plaintiff in

4

that case had insufficient damages to match the amount stated in the Complaint. Defendant here has referenced no facts here whatsoever, as she has none.

Defendant's other cited case is an unpublished opinion without any description of the facts. *Broida v. First Union Visa Corp.*, 1999 U.S. App. LEXIS 32761 (D.C. Cir. 1999). Presumably, the facts of that case are similar to those found in the case that it references, *Rosenboro v. Kim*, *i.e.*, that the case was dismissed (without prejudice, incidentally) when the facts gathered through discovery demonstrated to a legal certainty that the plaintiff in that case had insufficient damages to match the amount stated in the complaint.

As this Court made clear, Defendant is free to make a dispositive motion after the completion of discovery. *See* Transcript of April 5, 2006 Hearing at 56. And, of course, the evidence will determine the outcome of any such motion.

## CONCLUSION

Defendant's duplicative motion to dismiss should again be denied.

Dated: June 8, 2006                                    Respectfully submitted,

*/s/ Jonathan Rosen*
Jonathan Rosen (NY0046)
1200 Gulf Blvd., #1506
Clearwater, FL 33767
(908) 759-1116
Attorney for Plaintiff