UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

ROBERT STEINBUCH,                )
                                 )
    Plaintiff,                  )
                                 )
    v.                          )   Case No. 1:05-CV-970 (PLF)
                                 )   Judge Paul L. Friedman
JESSICA CUTLER,                  )
                                 )
    Defendant.                  )
_____)

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR PLAINTIFF'S FAILURE TO MEET AMOUNT IN CONTROVERSY REQUIREMENT**

Nothing in Plaintiff's Response makes a showing that the $75,000 amount in controversy requirement has been or can be met, given that the Court ruled on April 5, 2006 that the one-year limitations period governs Plaintiff's claims. The $75,000 amount in controversy requirement under 28 U.S.C. §1332 cannot be met by invoking time-barred claims under D.C. Code § 12-301(4). Jessica Cutler has reviewed and requested the filing of this Reply.

## ARGUMENT

**A.**    **Plaintiff's Response Shows That Plaintiff Cannot Meet the $75,000 Requirement**

Again in his Response Plaintiff has failed to allege damages proximately resulting from the May 18, 2004 blog entry -- the sole entry that falls within the one-year limitations period, as the Complaint was filed on May 16, 2005. Plaintiff's Response well illustrates that Plaintiff is unable to allege in good faith that the amount in controversy *for any timely filed claim* exceeds $75,000. Plaintiff's conclusory allegation as to the amount in controversy at paragraph 8 of his original Complaint -- prior to the Court's April 5th decision on the limitations period -- was premised on Plaintiff's rejected position that a three-year limitations period governed this case. Such theory of liability cannot hold water in light of this Court's ruling under D.C. Code § 12-

301(4).

There is no allegation in the Complaint asserting any claim as to the May 18 blog posting that the couple had relations, or that alleges any damages proximately caused by that entry. Plaintiff's Response does no better, choosing to ignore the subject completely. Plaintiff has failed to prove that any claim survives the Court's holding on the statute of limitations, and, respectfully, on the face of the Complaint it cannot.

The Court should be aware that in the Joint Report (page 2), Plaintiff sought a staggering 30 depositions without explaining how this case could possibly warrant 30 depositions or how such discovery could be relevant to proof of any claim in this action, even were the claims timely filed, which they were not. Plaintiff further stated: "Plaintiff will take discovery of defendant to obtain the contact information of the other individuals named in defendant's publicly available blog, some of whom have not yet been identified." Joint Report, pages 2-3. Again, Plaintiff has made no showing how such discovery about other men referenced in the Blog could possibly be relevant to any tort that Jessica Cutler allegedly committed against <u>this Plaintiff</u>. Respectfully, Plaintiff's suit is a witch hunt, and should not be permitted where the amount in controversy cannot be met.

The Scheduling Order allowed only one third of the 30 depositions that Plaintiff had sought as his proposed "first tier of discovery" through January 31, 2007. Joint Report, p. 3. Jessica Cutler is a young woman who remains unemployed. Out of fairness to Jessica Cutler, the Court should first consider *sua sponte* whether the district court has subject matter jurisdiction before permitting Plaintiff to embark on an extravagant fishing expedition as to the most personal and intimate details of Jessica Cutler's private life, inimical to her civil liberties and Constitutional Right to Privacy as well as the Constitutional Right to Privacy of the other men

obliquely referenced in her Blog.

The D.C. Circuit has held that where a complaint is "backed only by purely speculative or unsupported allegations of injury," the $75,000 amount in controversy requirement is not met, the district court lacks jurisdiction and the action should be dismissed. *Rosenboro v. Kim*, 994 F.2d 13, 19 (D.C. Cir. 1993). See also *Benjamin v. Todd*, 1997 U.S. App. LEXIS 35758 (D.C. Cir. 1997) ("once allegations of jurisdictional facts challenged, *plaintiff bears burden of supporting the claim with 'competent proof'*"). This Court has recognized that under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that the Court has subject matter jurisdiction. *Rosenboro v. Kim*, 994 F.2d 13, 19 (D.C. Cir. 1993); *McCreary v. Heath*, 2005 U.S. Dist. LEXIS 34082 (D.C.D.C. 2005), aff'd, 2006 LEXIS 4951 (D.C. Cir. 2006); *District of Columbia Retirement Bd. v. United States*, 657 F. Supp. 428, 431 (D.C.D.C. 1987). Plaintiff has failed to come forward with *competent proof* required to survive the Motion.

This Court recently held in *Hunter v. D.C.,* 384 F. Supp. 2d 257; 2005 U.S. Dist. LEXIS 15697 (D.C.D.C. 2005), *that* if it "appears to a legal certainty that the claim is really for less than the jurisdictional amount," dismissal is justified under *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). Accord, Watkins v. Pepco Energy Servs., 2005 U.S. Dist. LEXIS 16930. The D.C. Circuit has found jurisdiction to be lacking when, based on the pleadings, it would be highly improbable that the amount in controversy could exceed the jurisdictional threshold, and when plaintiff submits no evidence to the contrary. *Rosenboro v. Kim*, 994 F.2d at 18 (holding that, because plaintiff failed to produce any evidence indicating that she could prove nearly $ 48,000 in unliquidated damages arising from an automobile crash resulting in medical expenses of $ 2,130, there was a legal certainty that plaintiff's claim did not

satisfy amount in controversy requirement). In the instant case, Plaintiff has neither submitted evidence nor a good faith allegation that shows compliance with the amount in controversy requirement.

### B. Plaintiff Cannot Salvage His Complaint Based on a Discovery Rule

Plaintiff next argues for application of the discovery rule (Response, p. 2), in hopes of salvaging his Complaint filed outside of the one-year limitations period. The discovery rule arose in the context of medical malpractice cases, *Bussineau v. President & Dirs. of Georgetown College*, 518 A.2d 423, 425 (D.C. 1986), and has no application in the instant case. The case that Plaintiff relies upon, *Doe v. Medlantic Health Care Group, Inc.*, 814 A.2d 939, 945-46 (D.C. 2003), a medical case, involves a suit against the Hospital for disclosure that said plaintiff had contracted HIV.[1] It does not stand for the proposition that the discovery rule applies generally to invasion of privacy claims, as Plaintiff contends. Response, p. 2 n. 1.

The insurmountable obstacle that Plaintiff faces on the record in this suit is that he repeatedly stated in his Complaint that Jessica Cutler put private facts "on the Internet for the entire world to read." Complaint, ¶ 33. The "entire world," of course, includes the Plaintiff. The Complaint states that Jessica Cutler published her Blog beginning on May 5, 2004. The first paragraph of the Complaint states that Jessica Cutler "disseminated" her blog on the World Wide Web. Paragraph 10 of the Complaint states that she "published" her blog. Paragraph 30 states: "Cutler caused *widespread publication* of private intimate facts." On such Complaint, Plaintiff is not entitled to invoke a discovery rule, as his Complaint squarely admits that the Blog

---

1 As *Doe v. Medlantic* states, "A claim usually accrues for statute of limitations purposes when injury occurs, but in cases where 'the relationship between the fact of injury and the alleged tortious conduct [is] obscure,' this court determines when the claim accrues through application of the discovery rule, i.e., the statute of limitations will not run until plaintiffs know or reasonably should have known that they suffered injury due to the defendants' wrongdoing." 814 A.2d 939, 945. In the case at bar, Plaintiff failed properly to invoke the discovery rule because he failed to show that "the relationship between the fact of

was "on the Internet for the entire world to read."  Even if *arguendo* a discovery rule were applicable to this kind of case, which it is not, Plaintiff can't satisfy the standard that he did not know or reasonably could not have known.  Defendant's first posting on the Blog regarding RS of which Plaintiff complains was on May 7, 2004 (quoted at Complaint ¶ 13 (p. 4))  <u>But Plaintiff waited to file his action until May 16, 2005 – one year and 9 days later</u>.

Claims filed outside of the statute of limitations are time-barred.  See *Wallace v. Skadden, Arps, Slate, Meagher & Flom*, 715 A.2d 873, 882 (D.C. 1998)(holding that statements published more than one year before filing of complaint were time-barred). "Defamation occurs on publication, and the statute of limitations runs from the date of publication." *Foretich v. Glamour*, 741 F.Supp. 247, 252 (D.D.C. 1990) (citations omitted); *see also Ogden v. Association of U.S. Army*, 177 F. Supp. 498, 502 (D.D.C. 1959).  Where a statement is defamatory on its face, the plaintiff's reputation is damaged immediately upon publication. *Cf. Howard Univ. v. Best*, 484 A.2d 958, 988-89 (D.C. 1984).   Just as defamation occurs on publication, so too does invasion of privacy occur at the moment publicity is given.  The Complaint states (paragraphs 33, 10 and 30) that the invasion of privacy occurred when defendant put her Blog on the Internet – which falls outside of the limitations period.

The Complaint concedes that Plaintiff was aware of the statements around the Senate offices of the parties' relationship.  As the Complaint recites, on Monday, 5/10/04 Mr. Steinbuch told Jessica Cutler that he learned that she had disclosed to co-workers their affair.  Mr. Steinbuch told her he was not mad about her "spreading the spanking rumor around the office."  He expressed no objection to the fact that these details "got around and now EVERYBODY knows.  Even our Legislative Director."  5/11/04 9:19 a.m blog posting.  5/11 Mr. Steinbuch informed Jessica that the rumor of spankings had spread to other offices.  Blog entry 5/11 5:54

---

injury and the alleged tortious conduct is obscure."   5

pm. That night at dinner Mr. Steinbuch told Jessica that "He's really not mad about the gossip at all," that "he's actually joking around the office about it" and that "when he walks out of a room, he'll slap himself on the [backside]." 5/12/04 blog posting 9:28 a.m.

What this Blog quoted in the Complaint and also attached to the Complaint as an Exhibit shows is that Plaintiff failed to file this lawsuit on time when he waited until May 16, 2005 to file. His time-barred claims cannot be used to bootstrap to achieving the jurisdictional basis for meeting the $75,000 amount in controversy requirement. There is no way that the Plaintiff can satisfy the amount in controversy requirement.

This Court should stay discovery until it has the opportunity to rule on the critical issue whether there is subject matter jurisdiction to hear this case.

## CONCLUSION

For these reasons, we urge the Court to dismiss this action for lack of jurisdiction. Pending determination of this Motion, defendant urges the Court to stay discovery.

        Respectfully submitted,

          /s/
        John Umana (D.C. Bar #953182)
        Law Office of John Umana
        6641 32nd Street, NW
        Washington, D.C. 20015
        (202) 244-7961
        Counsel for Defendant Jessica Cutler

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2006, I served a true and correct copy of Jessica Cutler's reply in support of her motion to dismiss for Plaintiff's failure to meet the amount in controversy requirement, via ECF upon:

Jonathan Rosen, Esq.

1200 Gulf Blvd., #1506
Clearwater, Florida 33767
Counsel for Plaintiff

            _____/s/_____
            John Umana #953182