UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JESSICA CUTLER, )<br>)<br>Defendant. )<br>) | Case No. 1:05-CV-970 (PLF)<br>Judge Paul L. Friedman |

**DEFENDANT'S MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY**

Pursuant to Fed.R.Civ.P. 26(c ), Defendant Jessica Cutler respectfully moves for a stay of discovery pending a ruling on defendant's motion to dismiss for plaintiff's failure to meet the $75,000 amount in controversy requirement under 28 U.S.C. § 1332. Defendant respectfully incorporates herein her Rule 12(b) (1) motion to dismiss (document 29) and her reply in support of her motion (document 31).

**ARGUMENT**

Defendant's motion to dismiss urges dismissal for lack of subject matter jurisdiction over this case, given the Court's ruling on April 5, 2006 that the one-year limitations period under D.C. Code § 12-301(4) governs Plaintiff's claims. The $75,000 amount in controversy requirement under 28 U.S.C. §1332 cannot be met by invoking time-barred claims.

**I.     Plaintiff's Discovery Should Be Stayed Pending the Outcome of
        Jessica Cutler's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

This Court should stay all discovery pending the Court's determination whether it

Dockets.Justia.com

has subject matter jurisdiction over this action.  In light of the fact that a dispositive motion is pending, this Court should stay discovery until the motion is decided.  See Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1 at *2 (D.D.C. 2001)("it is well settled that discovery is generally inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending," citing Anderson v. United States Attorneys Office, 1992 WL 159186 at *1 (D.D.C. 1992).

As Magistrate Judge Deborah Robinson explained in Chavous, it has long been recognized that trial courts are vested with broad discretion to manage the conduct of discovery. See, e.g., Brennan v. Local Union No. 639, Int'l Bhd. of Teamsters Chauffers, Warehousemen and Helpers, 161 U.S. App. D.C. 173, 494 F.2d 1092, 1100 (D.C. Cir. 1974); FED. R. CIV. P. 26. It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion: "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987) (citations omitted); see Ladd v. Equicredit Corp. of Am., 2001 U.S. Dist. LEXIS 2256, No. CIV.A.00-2688, 2001 WL 175236, at *1 (E.D. La. Feb. 21, 2001); White v. Fraternal Order of Police, 285 U.S. App. D.C. 273, 909 F.2d 512, 517 (D.C. Cir. 1990).

In accordance with this broad discretion, this Court (Oberdorfer, J.) has observed that "it is well settled that discovery is generally considered inappropriate while   a motion that would be thoroughly dispositive of the claims in the Complaint is pending."

2

Anderson v. United States Attorneys Office, No. CIV.A.91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992). A stay of discovery pending the determination of a dispositive motion "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted). See also Morley v. CIA, 2006 U.S. Dist. LEXIS 6858 (D.D.C. Feb. 17, 2006).

**II.     A Discovery Stay Will Not Prejudice the Plaintiff**

When considering an application to stay discovery "the trial court inevitably must balance the harm produced by a delay in discovery against the possibility that a dispositive motion will be granted and entirely eliminate the need for such discovery." Chavous, 201 F.R.D. at *3.  In this case, the scale tips strongly in favor of granting the stay of discovery.  There are considerable efficiencies that could be realized if a stay is granted.   Plaintiff stated in his section of the Joint Report (pages 2-3) that he was seeking 30 depositions as his proposed "first tier of discovery" through January 31, 2007, without explaining how this little case over a Blog could possibly warrant 30 depositions or how such discovery could be relevant to proof of any claim in this action, even were the claims timely filed, which they were not as shown in the motion to dismiss.  Though the Scheduling Order declined to accede to Plaintiff's discovery plan, the Joint Report nonetheless clearly evidences Plaintiff's plans for discovery.  Plaintiff stated therein: "Plaintiff will take discovery of defendant *to obtain the contact information of the other individuals named in defendant's publicly available blog, some of whom have not yet been identified*." Joint Report, pages 2-3.  Plaintiff has made no showing how discovery

3

...
...

about other men referenced in Jessica Cutler's Blog is relevant to any tort that Jessica Cutler allegedly committed against this Plaintiff.

Respectfully, Plaintiff's suit is a witch hunt in the Nation's Capital, and should not be permitted where the amount in controversy cannot be met. Even were the case timely filed, the Court would still need to protect the rights of innocent persons.

Plaintiff seeks to embark on an extravagant fishing expedition to expose the most personal and intimate details of Jessica Cutler's private life as well as the lives of other individuals who may chance to appear in her anonymous Blog, inimical to her civil liberties and repugnant to the Right to Privacy protected by the U.S. Constitution. See Griswold v. Connecticut, 381 U.S. 479 (1965) (the right to privacy is a constitutionally protected right penumbral to the specific guarantees in the Bill of Rights). Indeed, only a few weeks ago the Court pointedly noted that Plaintiff "repeats salacious details and allegations seemingly without regard for the distress that other persons might feel at these public filings." See Order filed April 14, 2006.

In deciding this Motion for a Stay, the Court should weigh the constitutional rights of defendant as well as other persons referenced in the Blog, against the minor inconvenience to Plaintiff of a stay of discovery. Plaintiff has clearly shown his hand in the Joint Report. A discovery stay will not prejudice Plaintiff pending a determination whether this Court has jurisdiction to hear this case.

## CONCLUSION

WHEREFORE, for the reasons stated above and in the incorporated motion to dismiss for lack of subject matter jurisdiction, this Court should grant Defendant's Motion

for a Protective Order.

                                              Respectfully submitted,

                                              /s/
                                              John Umana (D.C. Bar #953182)
                                              Law Office of John Umana
                                              6641 32nd Street, NW
                                              Washington, D.C.  20015
                                              (202) 244-7961
                                              Counsel for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on June 13, 2006, I served a true and correct copy of defendant's motion for a stay of discovery, via ECF upon:

Jonathan Rosen, Esq.
1200 Gulf Blvd., #1506
Clearwater, Florida 33767
Counsel for Plaintiff

_____
John Umana #953182