**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

---

| | | |
|---|---|---|
| Steinbuch | : | Index No.: 1:05-CV-970 |
| | : | (PLF) |
| Plaintiff, | : | Judge Paul L. Friedman |
| | : | |
| -v- | : | |
| | : | |
| | : | |
| Cutler | : | |
| Defendant. | : | |

---

## OPPOSITION TO DEFENDANT'S MOTION FOR A STAY OF DISCOVERY

I.    Defendant Concedes that the Contents of her X-rated
      Blog, the Washingtonienne, Constitutes an Invasion of Privacy

Defendant now concedes that the substance of her X-rated blog, which she voluntarily put on the world-wide-web for all to read, "expose[s] the most personal and intimate details of [Defendant] as well as the lives of other individuals [including Plaintiff] who [have had the unfortunate] chance to appear in [Defendant's] anonymous[1] Blog [that specifically identified Plaintiff by name, religion, job, job location, home location, physical appearance, and other identifying information], and [that it is] repugnant to the Right to Privacy protected by the U.S. Constitution." Defendant's Motion for Stay at 4. Indeed, Defendant further acknowledges that "the right to privacy is a [C]onstitutionally protected right penumbral to the specific guarantees of the Bill of

---

[1] While Defendant's blog was initially anonymous as to her identity, it was never anonymous as to Plaintiff. *See* Legal Times, May 22, 2006. However, three days after Defendant's publicly-available blog was linked to by Ana Marie Cox on her own blog, the Wonkette, Cutler voluntarily contacted Ana Marie Cox and volunteered for Cox to post her full name. Moreover, Cutler conveniently went on to get paid by Cox for writing additional entries for Cox's blog.

Rights."[2]  *Id.*  Plaintiff agrees and asks this Court to take judicial notice of this undisputed fact.

II.  **Defendant's Current Request Directly Contradicts Defendant's Counsel Previous Statements**

For over a year, Defendant has provided no discovery to Plaintiff pursuant to Federal Rule of Civil Procedure 26 or Plaintiff's pending discovery requests.  Last month, on oral argument for its <u>first</u> motion to dismiss, Defendant's counsel urged "I would just as soon move towards a quick trial in this case.  And of your honor feels that these factual questions [discussed by the Court] have to be decided, that's the way to do it [*i.e.*, through a "quick trial"], that's the way I do.  I'd just like to move things along."  Transcript of Court's Denial of Plaintiff's First Motion to Dismiss at 63.  Defendant previously stated that she desired that certain discovery "shall proceed expeditiously."  *See* Joint Conference Report at 5.[3]

Defendant has now reversed her position and requests a stay of discovery because Defendant has filed a second motion to dismiss on grounds that have twice already been rejected by this Court, immediately after having lost on her first motion to dismiss.  *See* Plaintiff's Response to Defendant's Second Motion to Dismiss at 3; *Tyson v. Equity Title & Escrow Co. of Memphis, LLC*, 282 F. Supp. 2d 825, 827 (D. Tenn. 2003) ("Parties are not entitled to file redundant motions . . . .  [D]efendants are not entitled to unlimited bites at the apple.  Defendants' motion[s] . . . are merely repetitions of previous motions,

---

[2]  The recognition that the blog is an invasion of privacy, however, did not prevent Defendant from <u>republishing</u> in the Guardian Newspaper on June 2, 2004, the very blog that she admits is an invasion of privacy and continuing to detail the most personal and intimate details of the private life of herself and others over the internet, on television, on the radio, and elsewhere on virtually a daily basis.  Defendant has consistently sought after the publicity that she now eschews.

[3]  Incidentally, Plaintiff has <u>never</u> stated that it needs 30 depositions -- or anything of the sort.  Out of courtesy, Plaintiff informed Defendant that Plaintiff has over 30 witnesses.  Defendant apparently misread Plaintiff's joint submission.

which have already been denied. Therefore, the motions are frivolous.") (internal references omitted); *see also* 28 U.S.C. § 1927 (counsel's liability for multiplying proceedings).

Defendant claims that she cannot understand how discovery of the other people mentioned in her blog relates to Plaintiff's invasion of privacy action before this Court. This will edify: Defendant falsely contends that the contents of her publicly-available X-rated blog are all true. Testimony from others in the blog will determine whether the material written about them is also false in addition to the false statements written about Plaintiff. In addition, discovery is necessary to determine whether all of the other characters in the blog exist or are fictitious.

Given that Defendant has now admitted that her actions constitute an invasion of privacy, perhaps she will concede that other parts of her blog are untrue and that some of the other people discussed in her blog are fictitious. Plaintiff, of course, would no longer need to seek discovery of those fictitious individuals.

III.   Under the Federal Rules, Discovery is Not Stayed During
       a Motion to Dismiss, No Less a Second Motion to Dismiss

Under the Federal Rules of Civil Procedure, discovery continues even after a defendant files a motion to dismiss -- not to mention that it continues after a defendant files a second motion to dismiss immediately upon having the first motion to dismiss rejected and having provided no discovery for over a year.

> "[A] pending motion to dismiss is not ordinarily a situation that in and in itself would warrant a stay of discovery.". . . The party seeking to stay discovery has the burden of justification. However, defendant has failed to demonstrate beyond mere allegations that resources will be conserved by granting the stay. Further, defendant makes a bald assertion that its motion to dismiss will be granted. These are mere assertions that have not been substantiated by

3

> defendant. However, "bare assertions that discovery will be unduly
> burdensome or that it should be stayed pending dispositive motions
> that will probably be sustained, are insufficient to justify the entry of
> an order staying discovery generally.

*People With Aids Health Group v. Burroughs Wellcome Co.*, 1991 WL 221179 at *1 (D.D.C. 1991) (quotes and brackets in original, internal citations omitted).

Defendant's second motion to dismiss is duplicative and pursues already rejected arguments: (1) This Court has already ruled that "it's not stated in the complaint exactly what the harm is, <u>but there is enough there</u>."[4] (2) This Court has already ruled that Defendant's attorney's claims that most of Defendant's x-rated blog is not subject to this lawsuit was merely "a matter of opinion [as to] . . . what effect the Court's April 5, 2006 ruling might have on this case in the future after discovery is completed;"[5] (3) an examination of the Complaint demonstrates that Plaintiff explicitly pleaded damages in excess of $75,000.[6] It is, at best, unclear how Defendant can maintain her second motion to dismiss given that: (1) this Court has already explicitly stated that Plaintiff set forth sufficient harm in the Complaint, and (2) this Court repeated that same conclusion again in its subsequent Order.

IV. <u>Defendant's Counsel is Continuing to Violate the Local Rules of this Court</u>

On April 14, 2006, this Court ordered that the parties comply with Local Rule 7(m), requiring counsel to consult with the opposing party prior to filing non-dispositve motions and state in the motion the party's compliance with the Rule. Defendant's counsel has twice, in as many non-dispositive motions, failed to comply with this Court's

---

[4] Transcript of April 5, 2006 Hearing at 56 (emphasis added).

[5] *See* this Court's April 14, 2006 Memorandum Opinion and Order at 3.

[6] Complaint ¶ 8.

4

Order.  *See* Defendant's Counsel's Motion to Withdraw Due to Defendant's Failure to Honor her Financial Obligation to Counsel and Defendant's Motion for Stay of Discovery.  This Court has yet to rule on Defendant's Counsel's Motion to Withdraw Due to Defendant's Failure to Honor her Financial Obligation to Counsel[7] or comment on counsel's failure to abide by this Court's Order regarding Local Rule 7(m) relative to that motion.  In the instance motion, Defendant's counsel again failed to contact plaintiff's counsel, and so inform the Court in the body of the motion, as required by the Rule.

CONCLUSION

Defendant's motion should be denied.

Dated: June 22, 2006                                         Respectfully submitted,

*/s/ Jonathan Rosen*
Jonathan Rosen (NY0046)
1200 Gulf Blvd., #1506
Clearwater, FL 33767
(908) 759-1116
Attorney for Plaintiff

---

[7] Defendant's first counsel apparently withdrew for the same reason.  *See* Legal Times, May 22, 2006.

5