UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
PENDING DECISION ON RULE 12(b)(1) MOTION TO DISMISS**

Defendant Jessica Cutler, through counsel, respectfully submits this Reply to Mr. Steinbuch's Opposition to her motion for a protective order staying Plaintiff's discovery pursuant to Federal Rule of Civil Procedure 26(c ), pending this Court's decision on defendant's motion to dismiss for lack of subject matter jurisdiction. The Motion for Protection is well-grounded and, respectfully, should be granted.

Plaintiff cannot satisfy the amount in controversy requirement for diversity jurisdiction by invoking claims that were filed outside of the one-year limitations period under D.C. Code §12-301(4). The Court ruled on April 5, 2006 that the one-year limitations period under said statute governs all claims in this case. On the face of the Complaint, the $75,000 amount in controversy requirement as to any *timely* claim is not and cannot be met. Pending the Court's decision on diversity jurisdiction, Plaintiff's discovery should be stayed.

**ARGUMENT**

**I.      Jessica Cutler has not conceded that the contents of her blog constituted an invasion of privacy**

Grasping at straws, Plaintiff falsely asserts in his Opposition that Jessica Cutler has

conceded that her Blog constituted an invasion of privacy. Nothing could be farther from the truth. Rather, Ms. Cutler's motion for protection (pp. 3 – 4) points out that Plaintiff has embarked on a discovery program designed to expose other men referenced in her Blog, having no bearing on any alleged claim against defendant. As Plaintiff stated in his section of the Joint Report, "Plaintiff will take discovery of defendant to obtain the contact information of the other individuals named in defendant's publicly available blog, some of whom have not yet been identified." Joint Report, pages 2-3. Plaintiff has not explained how exposing other individuals mentioned in her Blog could be relevant to any tort that defendant allegedly committed against Plaintiff, even if his claims had been timely filed, which they were not. It is Plaintiff's discovery program that, we submit, is repugnant to the Right of Privacy of Jessica Cutler and to others who may be referenced in her blog.[1]  See Motion for Protective Order, pages 3-4.

II.  **Jessica Cutler's Rule 12(b)(1) Motion to Dismiss on the Amount in Controversy Requirement for Diversity Jurisdiction, Is Not Redundant with Her Earlier Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, Filed by Predecessor Counsel**

Plaintiff next contends that Jessica Cutler is advancing grounds to dismiss previously rejected by this Court. That is false. Defendant through her original counsel filed a Rule 12(b)(6) motion to dismiss, seeking to show that the elements of the claims were not pleaded in the Complaint and that the Complaint failed to state a claim. At the hearing conducted on April 5, 2006, the Court denied defendant's Rule 12(b)(6) motion, but agreed with undersigned counsel's request that the one-year limitations period applies to all claims in the Complaint. In so ruling, the Court rejected Plaintiff's contention that a 3-year limitations period should be applied.

---

[1] Plaintiff seeks to rely on additional alleged facts in footnote 1 of his Opposition. Defendant did not initiate the contact with Ms. Cox of Wonkette. Answer ¶20. In any event, none of these alleged "facts"

It is the Court's April 5th decision on the governing statute of limitations which is the legal ground for Jessica Cutler's Rule 12(b)(1) motion to dismiss for failure to meet the amount in controversy. Plaintiff cannot meet the $75,000 amount in controversy requirement by invoking time-barred claims. The Rule 12(b)(1) motion is *predicated on* this Court's decision on the governing statute of limitations. When the Complaint filed on May 16, 2005, is analyzed in view of this one-year limitations holding, it is apparent that all of the claims fall outside of the one-year statute. The sole blog entry that falls within the one-year limitations period is the May 18, 2004 blog entry (that the parties had relations in a missionary position using birth control), but the Complaint failed to allege any claim as to that blog entry, and Plaintiff cannot in good faith do so, as the fact that the parties were having a romance was already known in the Senate offices.[2]

Jessica Cutler's Rule 12(b)(1) motion for failure of diversity jurisdiction is not redundant with predecessor counsel's motion under Rule 12(b)(6) for failure to state a claim, that was denied.

### III. Under the Governing Case Law in this Court, Plaintiff's Discovery Should be Stayed Pending the Court's Determination Whether It Has Jurisdiction to Hear This Case

Jessica Cutler's motion for protection is predicated on the clear-cut decisions of several

---

argues against the motion for a protective order.

[2] The Complaint concedes that Plaintiff was aware of the statements around the Senate offices about the parties' sexual relationship. As the Complaint recites, on Monday, 5/10/04 Mr. Steinbuch told Jessica Cutler that he learned that she had disclosed to co-workers their affair. Mr. Steinbuch told her he was not mad about her "spreading the spanking rumor around the office." He expressed no objection to the fact that these details "got around and now EVERYBODY knows. Even our Legislative Director." 5/11/04 9:19 a.m blog posting. 5/11/04 Mr. Steinbuch informed Jessica that the rumor of spankings had spread to other offices. Blog entry 5/11/04 5:54 pm. That night at dinner Mr. Steinbuch told Jessica that "He's really not mad about the gossip at all," that "he's actually joking around the office about it" and that "when he walks out of a room, he'll slap himself on the [backside]." 5/12/04 blog posting 9:28 a.m.

judges of this district court. Under the authorities cited in the Motion, it is well settled that discovery is inappropriate where, as here, a motion that would be *thoroughly dispositive* of the claims in the Complaint is pending. See Motion for Protection, pages 2-3. A Rule 12(b)(1) motion for failure to satisfy the requirement for diversity jurisdiction falls within this category where a stay of discovery is appropriate. Plaintiff's Opposition (pages 3 to 4) fails to mention or attempt to distinguish a single one of the cases on which defendant's Motion for Protection rests, and has thereby conceded the application of the holdings in Chavous, Anderson and the other decisions of this Court cited in the Motion for Protection, pp. 2-3.

Plaintiff cites a single case in hopes of forstalling a stay of discovery. People with Aids Health Group v. Burroughs Wellcome Co., Civil Action No. 91-0574, 1991 U.S. Dist. LEXIS 14389 (D.D.C. Oct. 11, 1991). Opp., 3-4. The Burroughs case is entirely distinguishable from this case. In Burroughs, Judge Penn declined defendant's motion for a stay of discovery, concluding that the assertions of the defendant that its motion to dismiss will be granted "have not been substantiated by the defendant." Unlike the Burroughs case, the motion for protection in the case *sub judice* is not based on a theory of burdensomeness. In contrast, the instant motion for protection is sought so that the Court can consider whether the requirements for diversity jurisdiction and the amount in controversy have been satisfied. It is based on this Court's holding that the governing statute of limitations is the one-year period specified in D.C. Code §12-301(4).

Plaintiff seeks to create the false impression that Jessica Cutler has "provided no discovery for over a year." Opp., 3. This is unfair and disingenuous. The truth is that Plaintiff only recently served any discovery. In June, 2006, Plaintiff served two sets of document requests and two sets of interrogatories. The Court ruled in its Scheduling Order: "The parties

waive disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure." Jessica Cutler has not infringed upon any discovery requirement. She promptly presented her request for a stay of discovery for the Court's prompt consideration, once her Rule 12(b)(1) motion was filed.

**IV. Defendant's Counsel Has Complied with the Rules of Court**

Local Rule 7.1(m) requires counsel to confer on nondispositive motions. Jessica Cutler's Rule 12(b)(1) motion to dismiss is a thoroughly dispositive motion as to all claims in the Complaint; and her related motion for protection pending a ruling on her motion to dismiss for lack of jurisdiction, is predicated on her dispositive motion requesting the dismissal of the entire case for failure to meet the amount in controversy for diversity jurisdiction. Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority, 201 F.R.D. 1 at *2 (D.D.C. 2001)("it is well settled that discovery is generally inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending," citing Anderson v. United States Attorneys Office, 1992 WL 159186 at *1 (D.D.C. 1992). Respectfully, undersigned did not believe that the conference requirement applied.

**CONCLUSION**

For these reasons, Jessica Cutler urges the Court to grant her motion for a protective order and to stay all of plaintiff's discovery, pending determination whether diversity jurisdiction properly lies in this Court.

Respectfully submitted,

  /s/       
John Umana (D.C. Bar #953182)
Law Office of John Umana
6641 32nd Street, NW
Washington, D.C. 20015
(202) 244-7961

Counsel for Defendant Jessica Cutler

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2006, I served a true and correct copy of Jessica Cutler's reply in support of her motion for protection and stay of plaintiff's discovery, via ECF upon:

Jonathan Rosen, Esq.
1200 Gulf Blvd., #1506
Clearwater, Florida 33767
Counsel for Plaintiff

_____/s/_____
John Umana #953182