UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------
**Steinbuch**                                    :     Index No.: 1:05-CV-970 (PLF)
                           **Plaintiff,**       :     Judge Paul L. Friedman
                                                    :
**-v-**                                          :
                                                      :
**Cutler**                                       :
                           **Defendant.**        :
-----------------------------------------------------------------

## MOTION FOR LEAVE TO FILE A FIRST-AMENDED COMPLAINT AND MOTION FOR LEAVE TO ADD AN ADDITIONAL PARTY

Plaintiff moves for leave to amend his original Complaint and for leave to add an additional party. This Court ordered that "[a]ny motion to amend the pleadings or join additional parties shall be made by July 10, 2006." Scheduling Order of 5/19/06 at 1. Plaintiff seeks to amend the Complaint to clarify the facts and conform the Complaint to the available information. Also, Plaintiff seeks to add an additional party given, *inter alia*, Defendant's claim that the additional party is responsible for the tortious behavior with which Defendant is charged. Plaintiff complied with Local Rule 7. Defendant has not consented to the motion.

I.    Amending the Complaint

F.R.C.P. 15 permits amending of the Complaint and states that "leave shall be freely given when justice so requires." In *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court noted that: "[i]n the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'"

Plaintiff seeks to amend the Complaint to clarify the facts and conform the Complaint to the available information. *See* attached First Amended Complaint. The First Amended Complaint does <u>not</u> add any new causes of action whatsoever. *Id*. Moreover, in this case, Defendant has neither sought nor provided any discovery yet, nor has Plaintiff ever amended the Complaint. Accordingly, Defendant suffers absolutely no prejudice by the Court granting leave to amend the original Complaint. *Hunt v. Depuy Orthopaedics, Inc.*, 2005 U.S. Dist. LEXIS 38665 at *5-*7 (D.D.C. 2005) ("It is best to permit an opportunity for [the case] to be resolved on the merits. Because the prejudice defendant has demonstrated is minimal, if any, and because leave to amend should be freely allowed as justice requires, plaintiff will be allowed to amend her compliant."). Moreover, the First Amended Complaint addresses the very questions that this Court raised in discussing the original Complaint during its April 5, 2006 hearing. Accordingly, Plaintiff requests that this Court grant his motion to amend the original Complaint.

II.  <u>Adding an Additional Party</u>

Defendant, in her first responsive pleading, filed April 7, 2006, attempts to shift responsibility for publicizing her publicly-available blog that is set forth without password protection on the Worldwide Web, to "somebody else" and Ana Marie Cox. Answer ¶ 10. Accordingly, Plaintiff needs to add as a defendant Cox.[1] Plaintiff also will add the "somebody else" when the discovery stay is lifted and Plaintiff can discover this person's identity.[2]

---

[1] Defendant now concedes that the matters at issue here are "personal and intimate details . . . [that are] repugnant to the Right to Privacy protected by the U.S. Constitution." Defendant's Motion for Stay at 4.

[2] Given that Defendant requested a stay after requesting and obtaining a discovery schedule, the parties will need a new discovery schedule upon the lifting of the stay. Accordingly, Plaintiff hereby moves this Court to issue a new discovery schedule upon lifting the stay.

Federal Rule of Civil Procedure 15 sets forth that "leave [to amend a complaint] shall be freely given when justice so requires." F.R.C.P. 15(a); *see Filmtec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995), *cert. denied*, 519 U.S. 814 (1996) (court must be guided by underlying purpose of Rule 15 and facilitate decision on merits). "An amendment of a pleading relates back to the date of the original pleading when [,*inter alia*,] the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading [and] the amendment changes the party . . . [and] the party to be brought in by the amendment (A) has received such notice of the institution of the action . . . and (B) [the party] knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *Id*. at (c). Cox was fully aware of the lawsuit; she discussed it on her blog immediately after its initiation and invited to be added to the case. Cox stated: "Robert Steinbuch, known to the readers of the Washingtonienne blog as 'RS,' filed suit against Jessica Cutler yesterday in D.C. federal court. . . .  If anyone wants to sue [me], it's A-N-A, space, M-A-R-I-E, space, C-O-X." http://www.wonkette.com/politics/dc/the-real-washingtonienne-scandal-part-two-103791.php (May 17, 2005).

Pursuant to F.R.C.P. 15, motions to amend to add parties are freely granted. *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (liberal amendment does not distinguish between adding new parties or new claims unless undue prejudice to existing party); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-1053 (9th Cir. 2003) (courts' discretion to deny motion is limited). In *Kalman v. Berlyn Corp.*, 914 F.2d 1473, 1480 (Fed. Cir. 1990), the Court held:

> Rule 21 of the Federal Rules of Civil Procedure states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of

3

the action and on such terms as are just." Fed.R.Civ.P. 21. Rule 15(a) provides that a party may amend its pleadings by leave of court, "and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). It is well established that "[a]fter a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21." 3A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 21.05[1] (2d ed. 1989).

Given that Defendant Cutler asserts that Cox is responsible for Plaintiff's harm, she should welcome Cox's addition. Defendant Cutler, however, opposes adding Cox as a Defendant. Cutler suffers no harm from adding Cox. *See Neufeld v. Neufeld*, 910 F. Supp. 977 (S.D.N.Y. 1996) (Court evaluates harm to current defendant in deciding whether to add additional party. Also, Court holds that statute of limitations on Intentional Infliction of Emotional Distress Claim "'runs from the commission of the last wrongful act'" pursuant to the continuing harm doctrine. As a consequence, acts occurring both more and less than one year prior to the institution of suit are fully actionable.) (citations omitted).[3] Cutler tries to shift full responsibility onto Cox, yet seeks to shield Cox from the burden of that responsibility. Such an inconsistent position is untenable. Accordingly, Plaintiff requests that this Court add Ana Marie Cox as a party to this case.

---

[3]   The District of Columbia equally recognizes the continuing harm doctrine. "If the continuing tort has a cumulative effect, such that the injury might not have come about but for the entire course of conduct (e.g., a physical condition brought about by longterm medical treatment), then all damages caused by the tortious conduct are recoverable even though some of the conduct occurred outside the limitations period." *John McShain, Inc. v. L'Enfant Plaza Properties, Inc.*, 402 A.2d 1222, 1231 (D.C. 1979) (*citing Fowkes v. Pennsylvania R. Co.*, 264 F.2d 397, 398-99 (3d Cir. 1959)). Of course, as has been discussed with this Court already, Defendant admits that her blog must be "read as a whole and in context." Defendant's Brief in Support of Her First Motion to Dismiss at 26, 33 (Document #5 on this Court's Docket sheet). Indeed, Cutler's public blog provides cumulatively identifying characteristics of Plaintiff, culminating with the disclosure of Plaintiff's name at the very end of the blog. Thus, Plaintiff's identity became clear upon the reading of the complete blog. Moreover, this analysis assumes, contrary to the facts, that the date(s) asserted by Defendant control. As this Court stated: "[P]eople can change things in a blog, that what she may have entered on May 7 may in fact have been changed . . . some days later, by her." Transcript of April 5, 2006 Hearing at 51.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court grant both its motion to amend the Complaint and its motion to add an additional party.

Dated: July 9, 2006                                                                                   Respectfully submitted,


*/s/ Jonathan Rosen*
Jonathan Rosen (NY0046)
1200 Gulf Blvd., #1506
Clearwater, FL 33767
(908) 759-1116
Attorney for Plaintiff