UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT STEINBUCH, )
)
)
Plaintiff, )
)
v. ) Case No. 1:05-cv-00970 (PLF)
) Judge Paul L. Friedman
JESSICA CUTLER, )
)
Defendant )
)

## EXHIBIT A TO:

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANT'S REQUEST FOR LEAVE TO SUPPLEMENT PLAINTIFF'S MOTION TO DISMISS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---

**Robert Stienbuch**  : Index No. _____
4855 Crescent St.     :
Bethesda, MD 20816    Plaintiff,  :
                                  :
    -v-                           :
                                  :
                                  :
**Robert Kapell**                 :
50 Lake Shore Dr.                 :
Ranch Mirage, CA 11782  Defendant.  :

---

## COMPLAINT

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

### JURISDICTION

Jurisdiction is founded on diversity of citizenship and amount in controversy.

Plaintiff is a citizen of the state of Maryland.

Defendant is a citizen of the state of California.

The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

### CAUSES OF ACTION

1. On or about July 8, 2002, defendant entered into negotiations with plaintiff's sister for the sale of residential real estate, specifically a single family house at 31 Nancy Dr. Sayville, NY (the "House").

2. On or about July 13, 2002, defendant drafted an agreement for the sale of the House.

3. In such agreement defendant set forth the terms for the sale of the House, including the purchase price of the House.

4. Defendant presented the agreement to plaintiff's sister.

5. Plaintiff's sister executed that agreement.

6. After Plaintiff's sister executed that agreement, defendant received an offer for more money for the House from another potential buyer.

7. Defendant told plaintiff's sister that he would not honor the purchase price in the agreement.

8. Defendant did not want to honor the purchase price in the agreement because he wanted to receive more money from the sale of the House.

9. Defendant said that plaintiff's sister would have to match the new offer that defendant received notwithstanding the previously agreed-to purchase price.

10. Defendant met with plaintiff's sister, in person, after defendant stated that he would not honor the agreed-to purchase price.

11. Plaintiff's sister has documented evidence memorializing defendant's admission that he entered into a contract with plaintiff's sister for the sale of the House at the original agreed-to price.

12. Defendant stated "we verbally accepted your offer, but we got a better offer afterwards. . . . We did it for the money."

13. Prior to knowing that plaintiff's sister had documented evidence memorializing defendant's admission that he entered into a contract with plaintiff's sister for the sale of the House at the original agreed-to price, defendant initially denied making the above statement. But, defendant also said, paradoxically, that any such denied statement was taken out of context.

14. In order to enforce plaintiff's sister's rights, plaintiff's sister brought an action for breach of contract against defendant (the "Real Estate Action").

15. Plaintiff's sister was represented by the attorney of record, Schuyler Carroll, Esq., as well as Robert Steinbuch, Esq., plaintiff in this action.

16. Plaintiff is a licenced, practicing attorney at law employed in Washington D.C.

17. During the course of the Real Estate Action, defendant made issue of plaintiff's pro bono representation of his sister.

18. On or about March 2003, plaintiff's employer received a letter sent by defendant falsely alleging professional misconduct regarding plaintiff (the "Letter").

19. In an attempt to limit plaintiff's sister's access to legal representation in the Real Estate Action, to obstruct plaintiff's continued legal representation of plaintiff's sister, and to damage plaintiff's professional reputation, defendant drafted and sent the Letter.

20. Plaintiff's employer is located in Washington D.C.

21. Defendant was a resident of New York when he sent the letter.

22. After defendant sent the Letter to plaintiff's employer, defendant engaged in conversations with plaintiff's employer.

23. During such oral conversations, defendant knowingly continued, repeated and expanded his false allegations of professional misconduct.

24. Defendant made some of his false oral allegations while he was a resident of New York. After moving to and becoming a resident of California, defendant made the remainder of his false oral allegations.

25. The written and spoken allegations were published in Washington D.C.

26. Plaintiff is a resident of Maryland.

27. As a result of defendant's false written and oral assertions of professional misconduct, an ensuing investigation determined defendant's allegations were false and plaintiff did not engage in professional misconduct.

28. Plaintiff's professional reputation was harmed and damaged as a result of defendant's actions.

### FIRST CAUSE OF ACTION – TORTUOUS INTERFERENCE WITH CONTRACT

29. Plaintiff repeats paragraphs 1-28 here.

30. Defendant was aware of plaintiff's existing employment contract.

31. Defendant intentionally interfered with plaintiff's employment contract.

32. Defendant's actions caused plaintiff to suffer damages.

### SECOND CAUSE OF ACTION – DEFAMATION OF CHARACTER

33. Plaintiff repeats paragraphs 1-32 here.

34. Defendant's Letter and subsequent statements defamed plaintiff.

35. Defendant's statements were regarding plaintiff's profession and professional activities.

36. Plaintiff's employer received defendant's Letter and statements.

37. Defendant intentionally published the Letter and statements.

38. Defendant negligently published the Letter and statements.

39. Defendant's written defamation constitutes libel per se.

40. Defendant's spoken defamation constitutes slander per se.

41. Defendant's actions caused plaintiff to suffer reputational harm, including, but not limited to, professional reputational harm, resulting in general damages and special income damages as the natural and direct result of the false publication.

THIRD CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42. Plaintiff repeats paragraphs 1-41 here.

43. Defendant's actions constitute outrageous conduct.

44. Plaintiff suffered severe emotional distress.

45. Defendant acted intentionally.

46. Defendant was reckless in his conduct.

47. Defendant intended to cause plaintiff to suffer damages.

48. Defendant's actions caused plaintiff to suffer damages.

FOURTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

49. Plaintiff repeats paragraphs 1-48 here.

50. Defendant's actions constitute outrageous conduct.

51. Plaintiff suffered severe emotional distress.

52. Defendant acted negligently.

53. Defendant was reckless in his conduct.

54. Defendant intended to cause plaintiff to suffer damages.

55. Defendant's actions caused plaintiff to suffer damages.

## DEMAND

Plaintiff demands a jury trial.

WHEREFORE, plaintiff prays for judgment for:

(a) monetary damages in the amount of $1,000,000;

(b) any such relief that this Court considers just, proper and equitable;

(c) attorneys fees, costs and disbursements.

Dated: February 10, 2004

                                                    Jonathan Rosen (NY0046)  
                                                    1200 Gulf Blvd., #1506  
                                                    Clearwater, FL 33767  
                                                    (908) 420-6334  
                                                    Attorney for plaintiff