UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT STEINBUCH, )
)
    Plaintiff, )
)
v. ) Case No. 1:05-cv-00970 (PLF)
) Judge Paul L. Friedman
JESSICA CUTLER, )
)
    Defendant )
)

### EXHIBIT C TO:

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DEFENDANT'S REQUEST FOR LEAVE TO SUPPLEMENT PLAINTIFF'S MOTION TO DISMISS

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**

---

Robert Steinbuch
    Plaintiff,

-v-

Jessica Cutler & Hyperion Books & Disney Publishing Worldwide & Home Box Office & Time Warner
    Defendants.

Index No.:

4-06 CV0000 620 GH

s case assigned to District Judge _____
and to Magistrate Judge _____

---

## COMPLAINT

### I. Introductory Statement

1. This civil action is for invasion of privacy and infliction of emotional distress caused by the publishing of a book by the Defendants, and the serialization of that book, describing in graphic detail the intimate amorous and sexual relationship between Cutler and the Plaintiff, misappropriating Plaintiff's likeness, putting Plaintiff in false light, and intruding on Plaintiff's seclusion. Defendant's outrageous actions, constituted a gross invasion of his privacy and an intentional infliction of emotional distress, subjecting him to humiliation and anguish beyond that which any reasonable person should be expected to bear.

### II. The Citizenship of the Parties

2. The Plaintiff was a resident of Maryland and is now a resident of Arkansas.

3. Defendants are residents of New York.

### III. Jury Trial

4. Plaintiff demands a jury trial.

### IV. Jurisdiction and Venue

5. Jurisdiction is founded on diversity of citizenship and amount in controversy.

6. Plaintiff was a citizen of the state of Maryland and is now citizen of Arkansas.

7. Defendants are citizens of New York.

8. The matter in controversy exceeds, exclusive of interests and costs, the sum of $75,000.

9. Venue is proper in this Court because the harm giving rise to the claims and the residence of the Plaintiff are in the Arkansas.

### V. Factual Allegations

10. For approximately two years until on or about June, 2004, Plaintiff was a Counsel for the United States Judiciary Committee.

11. From approximately February through May of 2004, Defendant Cutler was an employee of the United States Senate.

12. Cutler "sent a mass e-mail out: 'You guys, should I have my own blog or what?'". And, in May 2004, Cutler published a so-called "blog," an Internet site on which she added periodic entries from her Senate computer. She entitled the blog "Washingtonienne." Cutler's X-rated blog described in graphic detail her ongoing sexual relationships with six men, including Plaintiff. Cutler's "Washintonienne" blog became notorious and widely publicized throughout the world.

13. Cutler said: "With a blog, you can't expect your private life to be private anymore."

14. At the time of his relationship with Cutler, Plaintiff did not know that Cutler was simultaneously engaged in sexual relationships with another man, let alone with five other men, and let alone that she was prostituting herself to some of them; and Plaintiff did not know that Cutler was recording the details of her relationship with Plaintiff on a public blog. Defendant Cutler put Plaintiff's name and other identifying information about Plaintiff in her blog, and Defendant Cutler described Plaintiff as, among other things, <u>a committee counsel who likes spanking</u>. That blog is the subject of a separate and distinct litigation.

15. Cutler said: "Some people with blogs are never going to get famous, and they've been doing it for, like, over a year. I feel bad for them."

16. Cutler signed a deal with *Playboy Magazine* which included a nude photo spread of Cutler posted on Playboy's Internet site, capitalizing on the publicity generated by her blog and her relationship with Plaintiff.

17. Cutler signed a book contract, receiving a $300,000 advance, with Hyperion Press, a division of the Disney Publishing Worldwide, to write a thinly disguised novel, of the roman a clef genre, in which the contents of her public blog, including her relationship with Plaintiff, are described in graphic detail. On or about June 15, 2005, Defendants Cutler, Hyperion and Disney published a book with the same title as the blog, "Washingtonienne," which again invaded Plaintiff's privacy. At this time, Plaintiff was a resident of Maryland and on or about this point Plaintiff was no longer an employee of the United States Senate. Plaintiff later moved to and now resides in Little Rock, Arkansas.

18. According to Defendant Hyperion, the publisher of the book, the book is an "utterly unrepentant roman a clef exposing the scandalous truth. . . . [Cutler] uses her 'real life experience. . . for a sexy, semi-autographical novel that is sure to initiate a . . . game of Who's Who.'" Hyperion specifically advertised the book as being in "a witty, unapologetic voice, the novel's narrator Jackie <u>tells the story of . . . the staff counsel whose taste for spanking she 'accidentally' leaks to the office</u>."

19. Cutler commented in the press that she feels sorry for those people that write blogs for years and never obtain a book deal.

20. In responding to what she has done with her new found wealth resulting from her lucrative book deal, Cutler says "I guess you can buy more drugs."

21. Home Box Office purchased from Defendant Cutler the rights to make her book into a TV series and has started production thereof.

### VI.    Cause of Action for Invasion of Privacy
#### a.    Public Disclosure of Private Facts

22. Plaintiff repeats the previous paragraphs here.

23. Defendants' actions of publishing and advertising their book, the Washingtonienne, and creating a TV series, constitute an invasion of Plaintiff's privacy, satisfying the elements of the tort of publication of private facts. Cutler caused widespread publication and publicity of private intimate facts concerning Plaintiff in a manner that would be deemed outrageous and highly offensive to an ordinary reasonable person of average sensibilities, subjecting Plaintiff to severe emotional distress, humiliation, embarrassment, and anguish.

24. These disclosures were not made for any purposes relating to the dissemination of news or material published in the public interest and of no legitimate public concern. These disclosures were instead cruel and malicious exposures of the most intimate details of Plaintiff's life to a world-wide audience.

25. The disclosures of private facts would be highly offensive to any reasonable person.

26. The widespread public dissemination of private facts have caused Plaintiff to suffer severe emotional distress, humiliation, embarrassment, and anguish.

### b. Misappropriation

27. Through Defendants' actions of publishing and advertising their book, the Washingtonienne, and creating a TV series, Defendants misappropriated Plaintiff's likeness and identity in the text of and advertising for the book subject to this lawsuit. Defendant's profited from this misappropriation without the consent of or compensation to Plaintiff.

### c. False Light

28. Through Defendants' actions of publishing and advertising their book, the Washingtonienne, and creating a TV series, Defendants portrayed Plaintiff falsely, putting him in false light.

### d. Intrusion Upon Seclusion

29. Through Defendants' actions of publishing and advertising their book, the Washingtonienne, and creating a TV series, Defendants actions intruded upon Plaintiff's right to seclusion.

### VII. Cause of Action for Intentional Infliction of Emotional Distress

30. Plaintiff repeats the previous paragraphs here.

31. Defendants' actions constitute outrageous conduct.

32. Plaintiff suffered severe emotional distress.

33. Defendants acted intentionally.

34. Defendants were reckless.

35. Defendants intended to cause Plaintiff to suffer damages.

36. Defendants' actions caused Plaintiff to suffer damages.

### VIII. Prayer for Relief

Wherefore Plaintiff seeks compensatory and punitive damages in an amount in excess of $10,000,000, such other declaratory and injunctive relief as the Court shall deem appropriate, attorneys fees, costs and disbursements.

Dated: May 25, 2006

_____
Jonathan Rosen
1200 Gulf Blvd.,
Clearwater, FL 33767
(908) 759-1116
Attorney for plaintiff