UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEINBUCH ) | |
| ) | |
| Plaintiff, ) | |
| ) CASE No. 01:05-CV-00970 (JMF) | |
| v. ) | |
| CUTLER ) Oral Argument Requested | |
| ) | |
| Defendant. ) | |
| ) | |

## MOTION TO QUASH AND FOR PROTECTIVE ORDER

Plaintiff requests that this Court quash Defendant's improper third-party discovery requests served on his current employer, the University of Arkansas School of Law, and issue a protective order to prevent Defendants further attempts to harass, embarrass, and interfere with the current employment of Plaintiff.

Over two years ago, Defendant intentionally publicized private facts of Plaintiff on the internet and placed Plaintiff in false light, causing Plaintiff to suffer from severe emotional distress. In the intervening years, Defendant has continually sought to advantage herself at Plaintiff's expense. Defendant is now attempting to continue her harm of Plaintiff by intentionally seeking to harass, embarrass, and interfere with the employment of Plaintiff by serving an improper and excessive subpoena on Plaintiff's employer.

Yesterday, Plaintiff received a phone call from the administration of the University of Arkansas School of Law informing him that the Law School had received from Defendant a subpoena seeking any and all documents in any way relating to

Plaintiff. Plaintiff's Counsel has not received a copy of this third-party discovery from Defendant. FRCP 45(b)(1).[1]

This overly broad discovery request is designed to embarrass and harass Plaintiff and designed to pursue the improper purpose of interfering with Plaintiff's current employment. Plaintiff has never claimed in this action that the damage that he suffered as a result of Defendant's tortious actions prevented him from obtaining his current job. Defendant's attempted discovery of Plaintiff's current employer is designed to harass, is overbroad and is not designed to reasonably lead to discoverable or admissible evidence in this case.

Defendant's subpoena of Plaintiff's current employer at the University of Arkansas School of Law is a blatant attempt to harass, embarrass, and interfere with Plaintiff's current employment as a Law Professor after the damages that Defendant already inflicted. Plaintiff has consistently maintained that his reputation was damaged at potential employers that did not hire him because of Defendant's actions. There is no logical nexus between this case, which involves Defendant's tortious actions on Plaintiff before he ever became a Law Professor, and Defendant's third-party discovery of Plaintiff's employer. Plaintiff has never claimed that his reputation was hurt at his current employment. Plaintiff has always maintained that the damage to his reputation had an affect on the employers that did <u>not</u> hire him – not his employer that <u>did</u> hire him.

Defendant third-party subpoena on Plaintiff's current employer can only be characterized an unmitigated fishing expedition, because Defendant seeks:

---

[1]   Plaintiff obtained a copy of Defendant's improperly served and overly broad and harassing third-party discovery from the administration of the University of Arkansas School of Law; it claims that it was served on Plaintiff. Given that the response date listed on the subpoena is today and Plaintiff only received a copy late yesterday, Plaintiff has been unable to confer with Defendant's Counsel prior to filing this motion.

2

1.  The complete application, personnel, complaint and/or other files or compilations of documents, including but not limited to all performance appraisals, credentials, commendations, reprimands, warning letters, correspondence relating to work schedules, application for employment, and all other documents contained therein which relate to Robert E. Steinbuch.  This specifically includes all records pertaining to correspondence, including letters of reference, relating to Steinbuch's efforts to seek employment with your organization.  This also includes all allegations or complaints, whether formal or informal, or inappropriate conduct by or involving Steinbuch during his employment with you and all investigation documents including but not limited to interview notes, e-mails, papers, tapes and all other documentation pertaining to the allegations against him, the investigation results and any disciplinary action taken against him related thereto.

2.  Each and every email, in electronic form, sent to or from (including cc's and or bcc's) any email account assigned by you to Robert E. Steinbuch, including but not limited to [his work] email address.

Defendants subpoena of Plaintiff's employer, the University of Arkansas School of Law.

Defendant seeks Plaintiff's complete personnel file.  Of what relevance can Plaintiff's "complete application, personnel, complaint and/or other files or compilations of documents, including but not limited to all performance appraisals, credentials, commendations, reprimands, warning letters, correspondence relating to work schedules, application for employment, and all other documents contained therein which relate to Robert E. Steinbuch" be to Defendant's invasion of privacy and related claims that occurred during his <u>previous</u> employment?  Plaintiff's employment files include, inter alia, personal information, tax identification information, and immigration status documents.  None of this is relevant or likely to lead to admissible evidence.  Indeed, all of the identifying information is highly secure information ripe for abuse.  Equally, Plaintiff's current teaching appraisals have nothing to do with the harm that Defendant did to Plaintiff when he worked in his prior, non-teaching job.  Similarly, there is no reasonable basis to seek Plaintiff's credentials, commendations, reprimands, warning

letters, and work schedules.  This discovery is excessive and unwarranted.  Defendant has not only made no attempt to reasonably limit her discovery in any reasonable way, she has intentionally done exactly the opposite.  Moreover, rather than serving tailored requests on Plaintiff, Defendant is intentionally trying to interfere with Plaintiff's current employment by serving an overbroad subpoena on Plaintiff's employer.  Such actions are improper.  *See Trammell v. Anderson College*, 2006 WL 1997425 at *1 (D.S.C. 2006) ("the items sought by the defendants should have been requested under the provisions of Rule 34 [discovery of the party] and not by subpoena under Rule 45").

Second, Defendant seeks "all allegations or complaints, whether formal or informal, or inappropriate conduct by or involving Steinbuch during his employment with you and all investigation documents including but not limited to interview notes, e-mails, papers, tapes and all other documentation pertaining to the allegations against him, the investigation results and any disciplinary action taken against him related thereto."  This is obviously an attempt to dig up mud on Plaintiff.  Again, allegations and complaints of wrongdoing in Plaintiff's current position, obtained <u>after</u> Defendant's wrongdoing, would not bear on this case whatsoever.  Plaintiff obtained employment with his current employer after Defendant's tortious actions.  Plaintiff obviously never claimed Defendant's actions prevented him from getting employment in his current position.  Defendant's action interfered with Plaintiff's ability to get other jobs.  Defendant should seek discovery from those potential employers that did <u>not</u> hire him as a consequence of Defendant's actions, not Plaintiff's employer that did hire him.

Finally, Defendant seeks all of Plaintiff's email, which contains sensitive information about, inter alia, the Law School, exams, students, grading, hiring, student

4

discipline, academic performance, and peer review.  Defendant makes no limitations or restrictions in her request whatsoever.  This is truly excessive.  This is the archetype of improper, overly broad and harassing discovery designed to interfere with and affect Plaintiff's current employment.  Defendant could have served Plaintiff with tailored document requests, which could include information in Plaintiff's email.  Instead, Defendant seeks to bypass normal discovery and discovery time frames and to obstruct Plaintiff's current employment.

   This Court should quash Defendant's improper discovery and require Defendant to seek tailored discovery from Plaintiff rather than interfering with his employment.

Dated:  September 5, 2006       Respectfully Submitted,

                 /s/ Jonathan Rosen
                 Jonathan Rosen (NY0046)
                 1200 Gulf Blvd., #1506
                 Clearwater, FL 33767
                 (908) 759-1116
                 Attorney for Plaintiff