UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT STEINBUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-970 (PLF) |
| | ) | Judge Paul L. Friedman |
| JESSICA CUTLER, | ) | |
| | ) | |
| Defendant | ) | |
| _____ _____ | ) | |

**DEFENDANT JESSICA CUTLER'S RESPONSES
AND OBJECTIONS TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

**COMES NOW** Jessica Cutler and responds to Plaintiff's First Requests for

Production of Documents as follows:

**General Statements**

A.    The Responses set forth herein constitute the best information presently

available to the Defendant.  However, the Defendant has not completed its discovery

and/or investigation of the facts underlying this lawsuit, nor has it completed its

preparation of this case for trial.  Accordingly, these Responses are provided without

prejudice to the Defendant's right to amend, supplement or change said Responses if

and when additional, different or more accurate information becomes available.

Moreover, said Responses are subject to correction for inadvertent errors or

Dockets.Justia.com

omissions, if any such errors or omissions are later found to exist.

B.      By responding to these Requests for Production, the Defendant does not waive any objections which may be appropriate to the use, for any purpose, of any of the documents produced in Response to these Requests, or to the admissibility, relevancy, or materiality of any such documents as to any issue in this case.

C.      The Defendant will produce those documents and things not objected to for inspection and, where necessary, copying at Plaintiff's own expense at a date and time to be mutually agreed upon by counsel.

D.      Where applicable, these Responses are intended to supplement the Defendant's Responses to Mandatory Interrogatories.

## Standing Objections

A.      The Defendant objects to Plaintiff's Requests insofar as said Requests seek the disclosure of the Defendant's attorneys' or any other of Defendant's representatives mental impressions, conclusions, opinions, computations, calculations, projections, reasoning, legal theories, or other work product, on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

B.      The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not

a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

C.    The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

## Responses

Subject to and without waiver of the foregoing objections, Defendant responds to Plaintiffs' First Request for Production of Documents to Plaintiff as follows:

**Request No. 1**

_____All documents or things relating to the Washingtonienne blog.

**Response Request No. 1**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the

Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Defendant will produce responsive, non-privileged documents at a mutually agreeable time and place.

**Request No. 2**

All documents or things relating to any compensation that Defendant received as a consequence, directly or indirectly, from having written the Washingtonienne blog.

**Response Request No. 2**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Defendant did not receive compensation for writing the Washingtonienne blog.

**Request No. 3**

All documents or things relating to any compensation or monies that Defendant received since May 4, 2004.

**Response Request No. 3**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

**Request No. 4**

All lease agreements for any apartments or other places of abode at which Defendant resided from May 4, 2004 to present, regardless of whether the lease is in the name of the Defendant or someone else.

**Response Request No. 4**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

**Request No. 5**

_____All federal income tax returns filed by Defendant since May 4, 2004.

**Response Request No. 5**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the

Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

**Request No. 6**

All of Defendants diaries, schedules, planners, and/or phone records from January 1, 2004 to present.

**Response Request No. 6**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing

objections, Defendant will produce responsive, non-privileged documents relating to Defendant's activities from May 1, 2004 to May 18, 2004, to the extent that they exist, at a mutually agreeable time and place.

## Request No. 7

All documents or things from, to, or concerning any of the individuals referenced in the Washingtonienne blog.

## Response Request No. 7

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Defendant will produce responsive, non-privileged documents relating to Defendant at a mutually agreeable time and place.

**Request No. 8**

_____All documents and things from, to, or concerning any individuals who Defendant informed of, directly or indirectly, directed to, directly or indirectly, or granted permission to access or forward the Washingtonienne blog, directly or indirectly.

**Response Request No. 8**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Defendant will produce responsive, non-privileged  documents at a mutually agreeable time and place.

**Request No. 9**

All documents and things relating to any communications, interactions, or business relationships that Defendant had with any publishers of magazines, books, internet sites, or any other publications.

**Response Request No. 9**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to the extent that documents requested constitute a trade secret or other confidential research, development, or commercial information of the parties with which Defendant has such business relationships.  Subject to and without waiver of the foregoing objections, there are no documents of this category which predate May 18, 2004 which in any way have any relationship to this case.

**Request No. 10**

All documents and things that Defendant wrote, in part or in whole, on any computer within any United States Senate office buildings.

**Response Request No. 10**

Defendant is not in possession or control of any such documents.

**Request No. 11**

_____All documents and things that Defendant attempted to publish or did publish, including all drafts, whether submitted for publication or not.

**Response Request No. 11**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to the extent that

documents requested constitute a trade secret or other confidential research,

development, or commercial information.

## Request No. 12

_____All documents and things relating to or concerning any interviews with

Defendant.

## Response Request No. 12

The Defendant objects to Plaintiff's Requests insofar as said Requests are

unduly burdensome or are calculated or would otherwise operate to annoy,

embarrass, oppress or cause undue expense to the Defendant or to any individual

not a party to this action on the grounds that said Requests exceed the scope of

permissible discovery under the Federal Rules of Civil Procedure. Subject to and

without waiver of the foregoing objections, Plaintiff has equal access to interviews

of Defendant as does Defendant and Defendant therefore refers Plaintiff to such

publicly available sources.

## Request No. 13

All documents and things containing the work and/or home address, the

work and/or home and/or cellular phone number(s), any e-mail addresses, or any

other identifying information of Alethea Scally, Alexandra Mace, Rachel

Robertson, and/or Mace's friend "James" from San Diego, California.

**Response Request No. 13**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. To the extent that Defendant has such contact information, it has been provided.

**Request No. 14**

All documents and things relating to any contractual and/or relationship with any media outlet. _____

**Response Request No. 14**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the

grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to the extent that documents requested constitute a trade secret or other confidential research, development, or commercial information.

## Request No. 15

All documents and things relating to any bank accounts, transfer of funds, income statements, paycheck stubs, deposit slips.

## Response Request No. 15

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

## Request No. 16

All documents and things relating to or concerning any interaction, business relationship, social relationship, and/or communication with Ana Marie Cox and/or the Wonkette.

**Response Request No. 16**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to the extent that documents requested constitute a trade secret or other confidential research, development, or commercial information. Subject to and without waiver of the foregoing objections, no such documents exist regarding any interaction, business relationship, social relationship, and/or communication with Ana Marie Cox and/or the Wonkette prior to May 18, 2004, as no such interaction, business

relationship, social relationship, and/or communication with Ana Marie Cox

and/or the Wonkette existed or had occurred.

## Request No. 17

All documents and things relating to or concerning Defendant's relationship

with Plaintiff and/or any other individuals referenced in the Washingtonienne

blog, whether fictionalized or not. _____

## Response Request No. 17

The Defendant objects to Plaintiff's Requests insofar as said Requests are

unduly burdensome or are calculated or would otherwise operate to annoy,

embarrass, oppress or cause undue expense to the Defendant or to any individual

not a party to this action on the grounds that said Requests exceed the scope of

permissible discovery under the Federal Rules of Civil Procedure. The Defendant

objects to Plaintiff's Requests insofar as said Requests would require the

Defendant to respond by acquiring or supplying information which would be

irrelevant and immaterial to the subject matter or issues of this action, and not

reasonably calculated to lead to the discovery of admissible evidence on the

grounds that said Requests exceed the scope of permissible discovery under the

Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing

objections, Defendant will produce responsive, non-privileged  documents relating

to Plaintiff at a mutually agreeable time and place.

**Request No. 18**

_____All documents and things relating to or concerning any communications and/or relationships with literary or other agents, and/or publicists, and/or managers.

**Response Request No. 18**

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to the extent that documents requested constitute a trade secret or other confidential research, development, or commercial information.

**Request No. 19**

_____All cancelled checks and other receipts for any apartments or other places of

abode at which Defendant resided from May 4, 2004 to present, regardless of whether the lease is in the name of Defendant or someone else.

## Response Request No. 19

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

## Request No. 20

_____All documents and things relating to or concerning any releases or other documents that Defendant provided to any media outlets.

## Response Request No. 20

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy,

embarrass, oppress or cause undue expense to the Defendant or to any individual

not a party to this action on the grounds that said Requests exceed the scope of

permissible discovery under the Federal Rules of Civil Procedure. The Defendant

objects to Plaintiff's Requests insofar as said Requests would require the

Defendant to respond by acquiring or supplying information which would be

irrelevant and immaterial to the subject matter or issues of this action, and not

reasonably calculated to lead to the discovery of admissible evidence on the

grounds that said Requests exceed the scope of permissible discovery under the

Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing

objections, no documents exist concerning releases prior to May 19, 2004.

## Request No. 21

All documents and things relating to or concerning any consulting

arrangements for Defendant.

## Response Request No. 21

The Defendant objects to Plaintiff's Requests insofar as said Requests are

unduly burdensome or are calculated or would otherwise operate to annoy,

embarrass, oppress or cause undue expense to the Defendant or to any individual

not a party to this action on the grounds that said Requests exceed the scope of

permissible discovery under the Federal Rules of Civil Procedure. The Defendant

objects to Plaintiff's Requests insofar as said Requests would require the

Defendant to respond by acquiring or supplying information which would be

irrelevant and immaterial to the subject matter or issues of this action, and not

reasonably calculated to lead to the discovery of admissible evidence on the

grounds that said Requests exceed the scope of permissible discovery under the

Federal Rules of Civil Procedure. The Defendant objects to the extent that

documents requested constitute a trade secret or other confidential research,

development, or commercial information.

**Request No. 22**

All documents and things relating to or concerning any purchase or

ownership of any apartment by Defendant.

**Response Request No. 22**

The Defendant objects to Plaintiff's Requests insofar as said Requests are

unduly burdensome or are calculated or would otherwise operate to annoy,

embarrass, oppress or cause undue expense to the Defendant or to any individual

not a party to this action on the grounds that said Requests exceed the scope of

permissible discovery under the Federal Rules of Civil Procedure. The Defendant

objects to Plaintiff's Requests insofar as said Requests would require the

Defendant to respond by acquiring or supplying information which would be

irrelevant and immaterial to the subject matter or issues of this action, and not

reasonably calculated to lead to the discovery of admissible evidence on the

grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

## Request No. 23

All documents and things relating to or concerning any sale of literary rights by Defendant.

## Response Request No. 23

The Defendant objects to Plaintiff's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Defendant objects to the extent that documents requested constitute a trade secret or other confidential research, development, or commercial information.

This _____ day of August, 2006.

_____
Matthew C. Billips
Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT STEINBUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-970 (PLF) |
| | ) | Judge Paul L. Friedman |
| JESSICA CUTLER, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served copies of the attached

**"DEFENDANT JESSICA CUTLER'S RESPONSES AND OBJECTIONS TO**

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS"**

by depositing a copy of same in the United States mail with adequate postage thereon,

addressed as follows:

> Jonathan Rosen, Esq.
> 1645 Lamington Road
> Bedminster, New York 07921

This _____ day of August, 2006.

_____
Matthew C. Billips
Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101

(404) 969-4141 (fax)
mbillips@mbalawfirm.com