UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JESSICA CUTLER, )<br>)<br>Defendant )<br>_____ _____ ) | Case No. 1:05-CV-970 (PLF)<br>Judge Paul L. Friedman |

### DEFENDANT JESSICA CUTLER'S RESPONSES
### AND OBJECTIONS TO PLAINTIFF'S SECOND
### REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Jessica Cutler and responds to Plaintiff's Second Requests for Production of Documents as follows:

### General Statements

A. The Responses set forth herein constitute the best information presently available to the Defendant. However, the Defendant has not completed its discovery and/or investigation of the facts underlying this lawsuit, nor has it completed its preparation of this case for trial. Accordingly, these Responses are provided without prejudice to the Defendant's right to amend, supplement or change said Responses if and when additional, different or more accurate information becomes available. Moreover, said Responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist.

B. By responding to these Requests for Production, the Defendant does not waive any objections which may be appropriate to the use, for any purpose, of any of the documents produced in Response to these Requests, or to the admissibility, relevancy, or materiality of any such documents as to any issue in this case.

C. The Defendant will produce those documents and things not objected to for inspection and, where necessary, copying at Defendant's own expense at a date and time to be mutually agreed upon by counsel.

D. Where applicable, these Responses are intended to supplement the Defendant's Responses to Mandatory Interrogatories.

## Standing Objections

A. The Defendant objects to Plaintiff's Requests insofar as said Requests seek the disclosure of the Defendant's attorneys' or any other of Defendant's representatives mental impressions, conclusions, opinions, computations, calculations, projections, reasoning, legal theories, or other work product, on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

B. The Defendant objects to Defendant's Requests insofar as said Requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Defendant or to any individual not a party to this action on the grounds that said Requests exceed the scope of

permissible discovery under the Federal Rules of Civil Procedure.

  C. The Defendant objects to Plaintiff's Requests insofar as said Requests would require the Defendant to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to the discovery of admissible evidence on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

## Responses

Subject to and without waiver of the foregoing objections, Defendant responds to Plaintiffs' Second Request for Production of Documents to Plaintiff as follows

### Request No. 1

Provide a copy of all documents, data compilations, and tangible things that the Defendant may use to support its claims or defenses.

### Response Request No. 1

The Plaintiff objects to Defendant's Requests insofar as said Requests seek the disclosure of the Plaintiff's attorneys' or any other of Plaintiff's representatives mental impressions, conclusions, opinions, computations, calculations, projections, reasoning, legal theories, or other work product, on the grounds that said Requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections,

Plaintiff will produce responsive, non-privileged documents at a mutually agreeable time and place.

**Request No. 2**

\_\_\_\_\_Provide a copy of any insurance agreement that may be used to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response Request No. 2**

There is no such document.

This \_\_\_\_\_ day of September, 2006.

                                          Matthew C. Billips
                                          Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JESSICA CUTLER, )<br>)<br>Defendant )<br>_____ ) | Case No. 1:05-CV-970 (PLF)<br>Judge Paul L. Friedman |

### CERTIFICATE OF SERVICE

This is to certify that I have on this day served copies of the attached **"DEFENDANT JESSICA CUTLER'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS"** by depositing a copy of same in the United States mail with adequate postage thereon, addressed as follows:

    Jonathan Rosen, Esq.
    1645 Lamington Road
    Bedminster, New Jersey 07921

    This _____ day of September, 2006.

                                        _____
                                        Matthew C. Billips
                                        Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com