UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | Magistrate Judge John M. Facciola |
| ) | |
| Defendant ) | |
| _____ ) | |

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S MOTION TO COMPEL

Plaintiff's Motion to Compel discovery has a certain whimsical simplicity. Plaintiff apparently believes that the vaguest allusions to requested discovery are sufficient to put both the Court and the Defendant on notice as to what is requested and what relief the Plaintiff expects. Defendant must confess, however, that she has very little idea what Plaintiff seeks in his Motion.

The Local Rules of the District Court for the District of Columbia require somewhat more specificity. Rules 26.2(d) and 30.4 require that a party who is filing a motion to compel discovery "shall identify and quote each interrogatory or request in full immediately preceding the answer, response or objection thereto." This Rule serves the salutary purpose of permitting one to know **which** discovery request and **which** objection is at issue in the motion. Plaintiff's Motion does not even **identify** which discovery requests are at issue, much less quote them.

Because Plaintiff's Motion to Compel does not comply with the Local Rule, it must be denied in its entirety. Because – with one exception – Plaintiff's Motion to Compel does not identify the information or documents which Plaintiff believes Defendant possesses which she has not produced, Defendant is simply unable to respond to the Motion. The only exception to the complete

failure to identify the information sought is that – reading between the lines and based on the telephone conversation between counsel preceding the Motion – Plaintiff seeks the identities of the other individuals with whom Defendant had consensual sexual relationships.

The irony here cannot escape the Court. Plaintiff has filed this suit because his identity was disclosed. Where his own privacy is at stake, Plaintiff contends that the right to privacy in sexual relationships is so overriding of all other interests that even a participant in the relationship may not disclose the relationship absent permission from the other participant – even where **both** participants have bragged about the relationship inside the office. Plaintiff's position is extreme, in affording Defendant with a "privacy veto" on speech regarding her **own** life, while he feels free to discuss the same details. However, Plaintiff's extreme position in protection of his own privacy apparently does not extend to the privacy of others, whose identities **neither** Ms. Cutler **nor** these gentlemen wish to have revealed.

In essence, Plaintiff contends that – for reasons he does not discuss – Plaintiff is entitled to enlist the power of the federal judiciary to peer into sexual relationships to which he was not a party. He does not state in his Motion precisely **why** his "privacy veto" is of greater import than the acknowledged right to privacy in avoiding forced governmental intervention or interference in sexual relationships which the parties thereto do not wish to disclose. However, there should be no doubt that his claim is wrong.

A simple analogy should suffice: Suppose that Robert Steinbuch and Jessica Cutler were having a telephone conversation in the District of Columbia. Ms. Cutler, obviously, would be free to disclose that conversation to her friends. She could even surreptitiously tape record and disseminate the conversation **because she is a party to the conversation**. 18 U.S.C. § 2511(2)(d).

-2-

That is analogous to the conduct of which Ms. Cutler is accused, i.e., using a blog to tell her friends about her interactions with Mr. Steinbuch, including their conversations and various other activities.

However, the situation would be entirely different if a third party eavesdropped on that telephone conversation and then disclosed it to third parties. That would be criminal. 18 U.S.C. § 1511(1). This is analogous to Mr. Steinbuch's efforts to peek into Ms. Cutler's bedroom on those occasions when he **wasn't** invited.

In short, the privacy interests between a participant who discloses sexual relationships and the government forcing participants to a private sexual relationship to be publicly outed are vastly different and militate against Mr. Steinbuch's position. He is not entitled to force disclosure of the identities of Ms. Cutler's other lovers simply because he is peeved that his own identity has been revealed, in large part because he filed this lawsuit without seeking "John Doe" or "RS" status. The discovery rules are simply not intended to enable a Peeping Tom.

Ms. Cutler, it must be remembered, did not file this lawsuit. She did not, by claiming damage to her reputation or emotional well being, waive any of her privacy interests or put her own reputation at issue. She has, in fact, never herself disclosed or even confirmed the identities of any of the individuals listed on the blog. Some have been "outed" by third parties, in the same manner that Ms. Cutler herself was "outed" by Wonkette and other bloggers. This does not mean that Mr. Steinbuch should be permitted to use the federal judiciary to "out" the remainder. Plaintiff offers no justification for his Motion and, in consequence, it should be denied on the merits.

On a final note, regarding the claims which Plaintiff makes regarding Defendant's position in discovery: In the telephone conversation between counsel regarding the discovery dispute, Defendant did not take the positions which Plaintiff alleges. Defendant, instead, asked Plaintiff to

state the reason which Plaintiff sought the identity of the other gentlemen who are not identified in the blog. Plaintiff's sole justification was that they may dispute Ms. Cutler's descriptions of their conduct with her and that this would be beneficial to Plaintiff in showing that Ms. Cutler's descriptions of Plaintiff's conduct were false.

Defendant, in aid of further understanding that argument, asked Plaintiff to identify whether there were any matters identified in the blog which Plaintiff actually contends are false, as this would seem to be a necessary predicate to the impeachment justification which Plaintiff was offering. Plaintiff refused to respond, stating only that he would take the position under advisement and would be in touch after further consideration. The next contact was this Motion.

Similarly, Defendant has not refused to produce documents and instead (with regard to the documents which Defendant asked about in that same conversation), informed Plaintiff that she is not in possession of the documents which would be responsive to the requests. Defendant – who was summarily fired from her position with Senator Dewine's office – did not take any of the documents from that office with her and therefore has no records from her Senate computer. Defendant deleted the blog the same day she was "outed" and the only extant copy apparently derives from a copy which was recreated from a blogger's Internet Explorer cache.

In truth, what Plaintiff seemed most interested in obtaining were Defendant's lease agreements from her prior apartments, in an effort to ascertain the identity of the other men identified on the blog. This appears to be Plaintiff's primary interest in discovery. However, as stated above, a necessary predicate to this "impeachment justification" is a showing that there is something in the blog **about him** which he wishes to show is false. If everything about him is true, it does not matter whether the other gentlemen would dispute the discussions of their own conduct.

In an effort to discover what, exactly, Steinbuch claims is false, Plaintiff served discovery on Defendant. Included in this discovery was the following Interrogatory, to which Plaintiff has now responded:

> Please identify, with respect to the web log entries which were the subject of the foregoing requests for admission[1], each statement which you contend is, in whole or in part, false and, with respect to each such statement, describe in full detail the portion of this statement which you contend is false and describe what you contend actually occurred on each such occasion.

Plaintiff's response, in its entirety, was as follows:

> The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad and vague. In addition, among other things the following is false: Defendant's discussions re: handcuffs, Chief of Staff, events concerning W and other characters in the blog, statements made by Plaintiff, and sexual encounters and statements.

Exhibit 1, hereto, Par. 57. Thus, Plaintiff has failed to identify anything regarding his own interactions which he contends was falsely related in the blog, except a vague allusion to "handcuffs." As a result, he has shown no purpose in his quest to discover the identities of the other gentlemen, except, perhaps, the same jealous frustration which characterizes his Complaint. See Complaint, Par. 11: "At the time of his relationship with Cutler, Plaintiff did not know that Cutler

---

[1] Defendant quoted each blog entry relating to Plaintiff in the Requests for Admissions and asked him to admit the date that it was published. See Exhibit 2.

was simultaneously engaged in sexual relationships with another man, let alone with five other men, ..." However, his jealousy is not a part of this case nor a proper basis for forcing the identification of these other men.

Therefore, based on the arguments Plaintiff raised (to the extent that any were raised) in his Motion, as well as any arguments which Plaintiff might have raised but did not, Plaintiff's Motion to Compel should be denied. Given the utter absence of merit of this Motion, Defendant should be awarded her costs and fees for having to draft this response.

Respectfully submitted this 26th day of September, 2006.

/s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308
ph: (404) 969-4101
fax: (404) 969-4141
mbillips@mbalawfirm.com

**COUNSEL FOR DEFENDANT
JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,

ALBO & OBLON, LLP
2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served copies of the attached **"DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL"** by filing this Motion using the Court's electronic filing system, which will automatically send an e-mail copy to counsel and by depositing a copy of same in the United States mail with adequate postage thereon, addressed as follows:

Jonathan Rosen, Esq.  
1645 Lamington Road  
Bedminster, New Jersey 07921

Jonathan Rosen, Esq.  
1200 Gulf Blvd., 1506  
Clearwater, Florida 33767

This 26th day of September, 2006.

/s Matthew C. Billips  
Matthew C. Billips  
Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com

-7-