UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEINBUCH | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE No. 01:05-CV-00970 (PLF) |
| v. | ) |
| CUTLER | ) |
| | ) |
| Defendant. | ) |
| | ) |

**PLAINTIFF ROBERT STEINBUCH'S RESPONSES AND OBJECTIONS
TO DEFENDANT'S FIRST REQUEST FOR ADMISSIONS FIRST
INTERROGATORIES AND FIRST REQUESTS
FOR PRODUCTION OF DOCUMENTS**

COMES NOW Plaintiff Robert Stenbuch and respond to Defendant's First Request for

Admissions First Interrogatories and First Request for Production of Documents as

follows:

The Responses Set forth herein constitute the best information presently available

to Plaintiff.  However, the Plaintiff has not completed its discovery and/or investigation

of the facts underlying this lawsuit, nor has it completed its preparation of this case for

trial.  Accordingly, these Responses are provided without prejudice to the Plaintiff' right

to amend, supplement or change said Responses if and when additional, different or more

accurate information becomes available.  Moreover, said Responses are subject to

correction for inadvertent errors or omissions, if any errors or omissions are later found to

exist.

By responding to these Requests, the Plaintiff does not waive any objections

which may be appropriate to the use, for any purpose, of any of the documents, produced

Dockets.Justia.com

in response to these requests, or to the admissibility, relevancy, or materiality of any such documents as to any issue in this case.

The Plaintiff will produce those documents and things not objected to for inspection and, where necessary, copying at Defendant's own expense at a date and time mutually agreed upon by counsel.

Where applicable, these responses are intended to supplement Plaintiff's responses.

### <u>Standing Objections</u>

The Plaintiff objects to Defendant's requests insofar as said requests seek the disclosure of the Plaintiff's attorneys' or any other of Plaintiff's representatives mental impressions, conclusions, opinions, computations, calculations, projections, reasoning, legal theories, or other work product, on the grounds that said Requests exceeding the scope of permissible discovery under the Federal Rules of Civil Procedure.

The Plaintiff objects to Defendant's requests insofar as said requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a party to this action on the grounds than said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring  or supplying information which would be irrelevant and immaterial to the subject matter of issues of this action, and ant reasonably calculated to lead to the discovery of admissible evidence on the grounds that said request exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

2

The Plaintiff objects to Defendant's requests insofar as said requests commingle requests for documents, requests for admissions, and interrogatories in violation of the Federal Rules of Civil Procedure.

### <u>Responses</u>

Subject to and without waiver of the foregoing objections, Plaintiff responds to Defendants requests as follows:

Request No. 1

_On or before Tuesday, May 18, 2004, 2:10 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 1

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 2

_On or before Tuesday, May 18, 2004, 10:59 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 2

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 3

_You telephoned Jessica Cutler on the evening of May 17, 2004.

Response Request No. 3

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff does not recall at the present moment. Otherwise Plaintiff denies.

Request No. 4

_On the evening of May 17, 2004, you told Jessica Cutler that you had a visitor flying in from NYC who was stuck in a holding pattern over DC.

Response Request No. 4

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff admits.

Request No. 5

_On the evening of May 17, 2004, you picked Ms. Cutler up and took her back to your house.

Response Request No. 5

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff admits.

Request No. 6

_The Visitor referenced in Paragraph 2, above, arrived around 11:30pm on the evening of May 17, 2004.

Response Request No. 6

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff admits.

Request No. 7

_On the evening of May 17, 2004, you and Ms Cutler went upstairs and got ready for bed while your friend referenced in the preceding paragraph was in your house.

Response Request No. 7

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff admits.

Request No. 8

_On the evening of May 17, 2004, after you got into bed with Ms. Cutler, you and asked her what time it was.  She informed you that it was midnight.  You asked her if she knew what that meant.  You told her that it meant that it was her birthday.  You gave her a birthday present.

Response Request No. 8

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff denies other than admitting the last 2 sentences.

Request No. 9

_On or about midnight, May 17, 2004 or in the early morning of May 18, 2004, you had sexual intercourse with Defendant, in the missionary position, while wearing a condom, and ejaculated.

Response Request No. 9

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff admits.

Request No. 10

_On or about midnight, May 17, 2004 or in the early morning of May 18, 2004 after you had sexual intercourse with Defendant, you stated "Who the hell comes missionary anymore?" or words having a substantially similar meaning.

Response Request No. 10

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff admits that he said something somewhat similar to the statement without the expletive.

Request No. 11

_On or before Monday, May 17, 2004, 8:56 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 11

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 12

_Prior to May 16, 2004, you disclosed to one or more person(s) other than Defendant that you were having sexual relationship with Defendant.

Response Request No. 12

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  request is overbroad and vague.  Too the extent that the request can be deciphered, Plaintiff believes that the response would be to deny.

Request No. 13

_Prior to May 16, 2004, you discussed with one or more person(s) other than Defendant that you were having a sexual relationship with Defendant.

Response Request No. 13

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  request is overbroad and vague.  Too the extent that the request can be deciphered, Plaintiff believes that the response would be to deny.

Request No. 14

_Prior to May 16, 2004, you discussed with one or more person(s) other than Defendant that your sexual relationship with Defendant included spanking.

Response Request No. 14

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 15

_Prior to May 16, 2004, you discussed with one or more person(s) other than Defendant that your sexual relationship with Defendant included oral sex.

Response Request No. 15

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 16

_Prior to May 16, 2004, you discussed with one or more person(s) other than Defendant that your sexual relationship with Defendant included sex in the missionary position.

Response Request No. 16

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  request is overbroad, vague and assumes facts not established.  As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 17

_Prior to May 16, 2004, you were aware that your sexual relationship with Defendant was known to one or more persons other that Defendant who were employed in the office of United States Senator Michael Dewine.

Response Request No. 17

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 18

_Prior to May 16, 2004, you discussed the fact that your sexual relationship with Defendant was with one or more persons other than Defendant who were employed in the office of United States Senator Michael Dewine.

Response Request No. 18

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 19

_Prior to May 16, 2004, you were aware that your sexual relationship with Defendant was known to one or more persons other than Defendant who were employed by the United States Senate Judiciary Committee.

Response Request No. 19

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 20

_Prior to May 16, 2004, you discussed the fact that your sexual relationship with Defendant with ore or more persons other than Defendant who were employed in the office of United States Senate Judiciary Committee.

Response Request No. 20

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  request is overbroad, vague and assumes facts not established.  As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 21

_Prior to May 16, 2004, you were aware that your sexual relationship with Defendant was known to one or more persons other than Defendant who were employed by the United States Senate.

Response Request No. 21

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 22

_Prior to May 16, 2004, you discussed the fact that your sexual relationship with Defendant with one or more persons other than Defendant who were employed in the office of the United States Senate.

Response Request No. 22

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

Request No. 23

_On or before Friday, May 14, 2004, 4:34 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 23

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 24

_On or before Friday, May 14, 2004, 3:48 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 24

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 25

_On or before Friday, May 14, 2004, 9:53 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 25

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 26

_On or before Thursday, May 13, 2004, 1:11 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 26

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 27

_On or before Thursday, May 13, 2004, 9:10 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 27

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 28

_On or before Thursday, May 13, 2004, 9:10 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 28

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 29

_On or before Wednesday, May 12, 2004, 4:20 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 29

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 30

_On or before Wednesday, May 12, 2004, 12:59 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 30

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 31

_On or before Wednesday, May 12, 2004, 9:28 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 31

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 32

_On or before Tuesday, May 11, 2004, 5:57 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 32

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 33

_On or before Tuesday, May 11, 2004, 4:44 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 33

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 34

_On or before Tuesday, May 11, 2004, 3:39 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 34

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 35

_On or before Tuesday, May 11, 2004, 2:42 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 35

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 36

_On or before Tuesday, May 11, 2004, 2:21 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 36

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 37

_On or before Tuesday, May 11, 2004, 9:19 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 37

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 38

_On or before Monday, May 10, 2004, 6:25 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 38

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 39

_On or before Monday, May 10, 2004, 2:08 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 39

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 40

_On or before Monday, May 10, 2004, 12:35 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 40

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 41

_On or before Monday, May 10, 2004, 11:47 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 41

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 42

_On or before Friday, May 7, 2004, 6:38 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 42

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 43

_On or before Friday, May 7, 2004, 5:24 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 43

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 44

_On or before Friday, May 7, 2004, 2:25 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 44

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 45

_On or before Friday, May 7, 2004, 2:02 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 45

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 46

_On or before Friday, May 7, 2004, 1:16 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 46

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 47

_On or before Friday, May 7, 2004, 11:03 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 47

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 48

_On or before Friday, May 18, 2004, 10:22 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 48

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 49

_On or before Friday, May 7, 2004, 9:35 a.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 49

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

Request No. 50

_On or before Thursday, May 6, 2004, 2:02 p.m., EST, Defendant published the following entry in her web log: . . .

Response Request No. 50

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's blog is known as the Washingtonienne.   Defendant's complete blog is set forth in the complaint.  The Complete blog was available on May 18, 2004.  Otherwise Plaintiff denies.

Request No. 51

_To the extent that you denied, in whole or in part, any request for admissions set forth above, please give a full and complete explanation of the facts upon which you base your denial.

Response Request No. 51

52

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  lack of complete truth and/or accuracy.

Request No. 52

_To the extent that you denied, in whole or in part, any request for admission set forth above, please produce each and every document which supports, relates to, or contradicts your denial.

Response Request No. 52

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Request No. 53

_To the extent that you denied, in whole or in part, any request for admissions set forth above, please give a full and complete explanation of the facts upon which you base your denial.

Response Request No. 53

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  lack of complete truth and/or accuracy.

Request No. 54

_Describe all direct interaction you have had with this Defendant, whether in person, by telephone, via email, or otherwise, from January 1, 2004 to the present.

Response Request No. 54

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Defendant's request is overbroad and vague. Plaintiff had numerous interactions with Defendant during this time period.

Request No. 55

_Identify all persons with whom you have discussed the interactions with Defendant which you were requested to identify in response to the preceding interrogatory. In your answer, include the date and substance of the conversation you had with each individual.

Response Request No. 55

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Defendant's request is overbroad, vague, and seeks privileged information.

Request No. 56

_Describe any action which his Defendant has taken which you contend caused you harm. . . .

Response Request No. 56

57

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: regarding this lawsuit, Defendant's blog caused Plaintiff harm by invading his privacy and intentionally causing emotional distress from May 2004 until obtaining his current employment.

Request No. 57

_Please identify, with respect to the web log entries which were the subject of the foregoing requests for admission, each statement which you contend is, in whole or in part, false and, with respect to each such statement, describe in full detail the portion of this statement which you contend is false and describe what you contend actually occurred on each such occasion.

Response Request No. 57

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad and vague. In addition, among other things the following is false**:** Defendant's discussions re: handcuffs, Chief of Staff, events concerning W and other characters in the blog, statements made by Plaintiff, and sexual encounters and statements.

Request No. 58

_Please describe in full detail your contention that you were harmed in your effort to find employment as a result of Defendant's conduct, including stating, for each position of employment you sought from May 18, 2004 to the present the following information: . . .

Response Request No. 59

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: regarding those jobs negatively impacted by Defendant's action regarding her blog – Hamline Law School, Dean John Garron, St. Paul, MN; Charlston Law School, Dean Richard Gershon, Charlston, SC; Washington, D.C. legal recruiters, names unknown.

Request No. 59

_Please itemize, specifically and in detail, each and every monetary damage allegedly suffered by Plaintiff, including but not limited to any alleged loss of income and fringe benefits. For each such item of damage, please identify any documents which would support that item of damage and please identify any witnesses with knowledge of that item of damage. Additionally, please describe any calculations used to arrive at the particular dollar amount for such item of damage.

Response Request No. 59

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: specifics unknown at this moment.

Request No. 60

_If your are seeking to recover damages for a physical, mental, psychological, or emotional injury, please identify any and all health care providers, including physicians, psychiatrists, psychologists, therapists, counselors, ministers, social workers, nurses, or the like with whom you have visited or consulted for physical injury or for any emotional or mental distress-related condition, illness, or treatment, allegedly caused by Defendant or for which you seek recovery from Defendant. Provide current addresses, business affiliation, if any, and phone numbers for each person identified. If you are not seeking to recover damages for a physical, mental, psychological, or emotional injury, please so state.

Response Request No. 60

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Plaintiff saw Dr. in DC area as a result of the damages caused by Defendant's blog subject to this suit.  Name unknown at this moment.

Request No. 61

_Specify in detail any damages other than those specified in response to the preceding interrogatory you claim were caused by Defendant, including type, amount, and description of the damage suffered, including when the damage occurred, the basis for seeking recovery for such damage, and the identify of any documents which reflect the foregoing.

Response Request No. 61

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  Plaintiff's damages are invasion of his privacy, emotional distress, lost job opportunities, and loss of a friend.

Request No. 62

_If your are seeking to recover damages for a physical, mental, psychological, or emotional injury, please identify any and all health care providers, including physicians, psychiatrists, psychologists, therapists, counselors, ministers, social workers, nurses, or the like with whom you have visited or consulted in the last ten years for physical injury or for any emotional or mental distress-related condition, illness, or treatment, allegedly caused by Defendant or for which you seek recovery from Defendant.  Provide current addresses, business affiliation, if any, and phone numbers for each person identified.  If you are not seeking to recover damages for a physical, mental, psychological, or emotional injury, please so state.

Response Request No. 62

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad and duplicative. See answer above.

Request No. 63

_Identify each and every one of your employers from May 18, 2004 to the present and, for each such employer, proved the name, address and telephone number of each individual responsible for supervising you; identify the beginning and ending dates of employment; describe your job duties; and state your annual compensation.


Response Request No. 63

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Attorney Position, US Senate Judiciary Committee, Washington, DC 20530; Faculty Position, University of Arkansas Law School – Little Rock, AR 72202.

Request No. 64

_If your have ever been counseled, reprimanded or otherwise disciplined by an employer for any behavior or conduct which was directed toward any female employee(s), please identify the individual who counseled, reprimanded or imposed disclpline upon you; the date of the counseling, reprimand or other discipline; and describe in full detail the counseling, reprimand or discipline which occurred.


Response Request No. 64

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds.

Request No. 65

_Please identify each and every member of the opposite sex with whom you have had and/or have sought a date and/or sought to enter into a romantic, dating, and/or sexual relationship at any time since January 1, 2004.  With respect to each such individual, please state whether such person agreed to go on a date with you or otherwise have a romantic, dating, an/or sexual relationship with you; state the date(s) and number of times each such individual had a date and/or sexual relations with you; and identify each and every person with whom you discussed an/or to whom you disclosed each such date and/or relationship.  "Sexual relations" is intended to include, with limitations, acts of oral, vaginal, or anal intercourse; masturbation; mutual masturbation; exhibitionism; voyeurism; or other such or similar acts, including physical contact between you and the breasts, buttocks, and/or genitalia of such employee, which had the purpose of providing sexual gratification, stimulation, or titillation to your and/ro the other individual(s) in question.

Response Request No. 62

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Request No. 66

_Please identify each and every person who has refused to be your friend or to socialize with you or to have a person or professional relationship with you as a result of any conduct by Defendant.

Response Request No. 66

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Sahel Assar: see answer above regarding employment opportunities.

Request No. 67

_Please identify, including name, address, and employment position, each and every individual who has provided information which served, either in whole or in part as the basis for your answers . . . .

Response Request No. 67

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds.

Request No. 68

_Identify each and every person Plaintiff expects to call to give opinion testimony in this action under FRE Rules 701 and 702 . . .

Response Request No. 68

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Dr. Alex Cohen. Other witnesses have not been decided upon.

Request No. 69

_With respect to each witness you were requested to identify in your response or any supplemental respones to the preceding interrogatory, identify all documents or reports, including any working or preliminary drafts thereof, revised, relied upon, prepared or generated by or at the direction of such person in relation to the subject matter of this case.


Response Request No. 69

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  see expert report by Dr. Cohen provided.

Request No. 70

_Please identify each and every person known to you whom you believe may have discoverable information with respect to any of the Plaintiff's claims or defenses raised by the Defendant. For each such individual identified describe what knowledge you know or believe each such individual possesses. To the extent that any document or other recorded information supports or relates to said individual or said individual's particular knowledge, please identify said documents/recorded information

Response Request No. 70

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds that the flowing people have knowledge of Defendant's actions and the consequences flowing therefrom as follows:  former and current U.S. Senate Judiciary staff; former and current staff of Senator Dewine, former and current staff of the United States Senate, and others including:

Sahel Assar
Bleicherweg 33
P.O. Box CH-8027
Zurich, Switzerland

Kevin Brown
1111 Constitution Ave.
Washington, DC 20224

Jon Coleman
2 Bethesda Metro Center
10th Floor
Bethesda, MD 20814-5388

Ana Marie Cox
Arlington, VA

Jessica Cutler

New York, NY

Grant & Irene Esposito
1675 Broadway
Suite 23-S19
New York, NY  10019

Richard Gershon
P.O. Box 535
Charleston, S.C. 29402

Jon Garon
1536 Hewitt Avenue
Saint Paul, MN 55104-1237

Beverly Babers
1111 Constitution Ave.
Washington, DC 20224

Tameka Horne
1111 Constitution Ave.
Washington, DC 20224

Lara Levinson
National Gallery of Art
Sixth Street and Constitution Avenue, NW
Washington, DC

Josh Petersohn
725 Oak Springs Road
Bryn Mawr, PA 19010

Jesse Rabin
750 First Street, NE
Washington, DC 20002-4242

Nuriye Uygur
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

April Witt
1150 15th Street, NW
Washington, D.C. 20071

Request No. 71

_Please produce any documents or other recorded information which you were requested to identify in response to the preceding Interrogatory

Response Request No. 71

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Request No. 72

_Please provide the last know home and work addresses and home and work telephone numbers for each individual to whom you refer in your response to these first request for admissions, first interrogatories and requests for production of document, not including those persons who are merely mentioned in document produced in response thereto, unless such documents are submitted pursuant to Rule33(d) or are intended to be incorporated within or relied upon as our response, in whole or in part, to an interrogatory.

Response Request No. 72

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: See above. For Senate employees -- U.S. Senate, Washington, D.C.

Request No. 73

_Please state whether you, your Attorneys, or any other individuals have obtained statement in any form from any person regarding any of the events, happenings, or allegations contained in Plaintiff's Complaint and Defendant's Answer. If the answer is in the affirmative, identify such persons giving statements, the dates upon which the statements were taken, the identity of the person taking the statements, and whether such statements were written, oral, or recorded.

Response Request No. 73

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Material sought is privileged and/or attorney work product.

Request No. 74

_Please produce any documents or other recorded information which you were requested to identify in response to the preceding Interrogatory.

Response Request No. 74

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Request No. 75

_Please identify each and every document which you contend supports any of the claims asserted in your Complaint or the defenses and denials (including affirmative defenses) asserted by Defendant in the Answer to the Complaint.

Response Request No. 75

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Material sought is attorney work product.

Request No. 76

_Please produce any documents or other recorded information which you were requested to identify in response to the preceding Interrogatory

Response Request No. 76

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Request No. 77

_Did you undertake to mitigate the damages you were allege were caused by Plaintiff? If so, please describe each and every effort you expended in order to mitigate damages and the amount by which your damages were reduced in consequence of your efforts to mitigate damages; and identify each and every document supporting or otherwise relating to your response.

Response Request No. 77

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  request is overbroad.

Request No. 78

_Please produce each and every electronic "email" communication in your possession or control to, from, by, and/or regarding Defendant during the period January 1, 2004 through the present.

Response Request No. 78

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Request No. 79

_Please produce any and all diaries, calendars, logs, memos, emails or other written materials kept or taken by you during your employment with the United States Senate and/or your claims in this case.

Response Request No. 79

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Request No. 80

_If you contend in defense of this action that any person having discoverable information in this case, including, without limitation, Defendant, misrepresented, distorted, exaggerated, falsified or been untruthful in communication any statement which you contend will be relevant and/or admissible in evidence, including for purposes of impeachment under FRE Rule 607 and/or 608, or has otherwise engaged in any conduct, statement, act, or omission which you contend is a specific instance of conduct upon which such individual may be cross-examined for the purpose of impeachment under Rule 608(b) or which is otherwise admissible for purposes of impeachment, please describe in full detail the alleged conduct, statement, misrepresentations, distortion, exaggeration, falsification or untruth, including a description of the subject matter; the date(s) of communication by the witness in question; the identities of all persons who have personal knowledge of any such alleged misrepresentations, distortion, exaggeration, falsification or untruth by each such witness; and the identity, location and custodian of any and all documents which evidence any such alleged misrepresentation, distortion, exaggeration, falsification or untruth by each such witness.

Response Request No. 80

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:  request is overbroad and see above persons referenced.

Request No. 81

__Please produce any document which you were requested to identify in response to the preceding Interrogatory

Response Request No. 81

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Request No. 82

__Please produce any document which you were requested to identify in response to the preceding Interrogatory

Response Request No. 82

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.  The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

Dated:  September 22, 2006

                                        _/s/ Jonathan Rosen_
                                        Jonathan Rosen (NY0046)
                                        1645 Lamington Rd.
                                        Bedminster, NJ  07921
                                        (908) 759-1116
                                        Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I caused the attached copy of the attached PLAINTIFF ROBERT STEINBUCH'S RESPONSES AND OBJECTIONS TO DEFERNDANT'S FIRST REQUEST FOR ADMISSIONS FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTON OF DOCUMENTS to be served on Matt Billips, 730 Peachtree Rd, Suite 750 Atlanta, GA 30308, by placing it in a US Mail Box with adequate postage thereon, today, September 22, 2006.


_____
Jonathan Rosen, Esq.