**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **Steinbuch** : | **Index No.: 1:05-CV-970** |
| : | **(PLF)** |
| **Plaintiff,** : | **Judge Paul L. Friedman** |
| : | |
| **-v-** : | |
| : | |
| : | |
| **Cutler** : | |
| **Defendant.** : | |

---

# OPPOSITION TO DEFENDANT'S
# MOTION FOR A NEW SCHEDULING ORDER

Defendant has moved to alter this Court's Scheduling Order issued by Judge Friedman on May 19th, 2006. Defendant, however, has filed its motion with Magistrate Judge Facciola and captioned it a motion for extension of discovery. Defendant's captioning seems intended to shop its motion away from the Judge who issued the Scheduling Order in contravention of the Court's Order exclusively referencing discovery matters to Judge Facciola. If Defendant's motion were to be granted, it would require the Court to issue a completely new Scheduling Order with new dates not only for the close of discovery, but for all post-discovery activity. Accordingly, Defendant's motion belongs with Judge Friedman, and this Opposition is captioned accordingly.

Defendant's motion should be denied because Defendant has had more than ample time to conduct discovery and has consistently asserted that it would expeditiously address this case. At oral argument for its first motion to dismiss, Defendant's counsel urged "I would just as soon move towards a quick trial in this case. And of your honor feels that these factual questions [discussed by the Court] have to be decided, that's the

way to do it [*i.e.*, through a "quick trial"], that's the way I do. I'd just like to move things along." Transcript of Court's Denial of Plaintiff's First Motion to Dismiss at 63. Defendant previously stated that it desired that certain discovery "shall proceed expeditiously." *See* Joint Conference Report at 5.

Now in the twelfth hour of discovery, Defendant seeks to completely restructure the Court's Scheduling Order. Ironically, Defendant's main argument is that the month-and-a-half stay that this Court granted at Defendant's request should alter the close of discovery, which has been set for a date two months after its requested stay ended. Had this Court wanted to rewrite its Scheduling Order upon the lifting of the stay, it would have undoubtedly done so at the same time. And, Defendant should not be heard to complaint that its time to seek discovery has been slightly shortened as a result its very own request for a stay. Indeed, this action was commenced in May of 2005. Defendant has had more than ample time to conduct its discovery.

Defendant's actions are even more troubling given its ongoing abusive tactics. Defendant has sent threatening correspondence to the undersigned counsel including verbiage such as "in cold blood." If this were not bad enough, Defendant served a twenty-page frivolous Rule 11 motion on the undersigned counsel that demanded that I withdraw the Complaint (and the case) that this Court has twice ruled is valid. Indeed, Defendant's Rule 11 motion was no more than repetition of its twice rejected motion to dismiss. Needless to say, notwithstanding that the undersigned counsel has not withdrawn the Complaint and dropped the case – as demanded in Defendant's Rule 11 motion – Defendant never filed its frivolous (and now aged) motion.

Defendant's existing discovery has been equally inappropriate – resulting in another District Court granting (in part) Plaintiff's motion to quash Defendant's excessive third-party discovery. Defendant's actions have been designed to harass rather than garner relevant evidence. Indeed, when Plaintiff asked Defendant if, pursuant to this Court's Scheduling Order, Defendant would like to discuss settlement, Defendant provided a mocking response. Moreover, Defendant's description of the undersigned counsel's schedule and representations thereabout are simply false.[1] The undersigned counsel has been available.

This Court's Scheduling Order should not be discarded and Defendant's motion should be denied.

## CONCLUSION

Defendant's motion should be denied.

Dated: October 8, 2006                                                        Respectfully submitted,

                                                                              */s/ Jonathan Rosen*
                                                                              Jonathan Rosen (NY0046)
                                                                              1645 Lamington Rd.
                                                                              Bedminster, NJ 07921
                                                                              (908) 759-1116
                                                                              Attorney for Plaintiff

---

[1] Similarly, notwithstanding Defendant's implication to the contrary, the undersigned informed Defendant that there is no need for a new Scheduling Order and a change in the close of discovery.