UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT STEINBUCH,                         )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )    Case No. 1:05-CV-970 (PLF) (JMF)
                                          )    Judge Paul L. Friedman
JESSICA CUTLER,                           )    Magistrate Judge John M. Facciola
                                          )
        Defendant                         )
_____    )

**MOTION TO DEEM RULE 36 REQUESTS ADMITTED,
MOTION TO COMPEL DISCOVERY,
AND ALTERNATIVE MOTION TO PRECLUDE EVIDENCE
AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW DEFENDANT, Jessica Cutler, and moves to compel discovery from Plaintiff. In the alternative to the motion to compel, Defendant asks that the Court exclude the evidence from Plaintiff which is the subject of this Motion. Because Plaintiff has so completely obfuscated Defendant's legitimate discovery efforts, this will have the effect of precluding Plaintiff from meeting his burden of proof on the claims at issue in this case.

Defendant has served Requests for Admissions, Interrogatories, and Requests for Production of Documents on Plaintiff. See Exhibit 1. Plaintiff has responded, providing very little in the way of information and completely failing to provide information which will be necessary for him to meet his burden of proof in this case. See Exhibit 2. Defendant sent Plaintiff a letter in an effort to resolve these disputes. See Exhibit 3. Counsel have had a lengthy telephone conversation regarding these requests, but no supplementation has been received to date. Plaintiff has failed to provide a verification for his responses, which remain unsworn and therefore completely deficient. Given the limited period remaining in discovery – and particularly given Plaintiff's opposition to an extension of time to conduct discovery – Defendant has no choice but to file this Motion.

Dockets.Justia.com

A.    **Defendant Asks That The Following Requests For Admission Be Deemed Admitted**

Defendant's Requests for Admissions and the argument related thereto are set out in two sections, as the Requests have two essential purposes. The first purpose to ask Plaintiff to admit or deny certain facts regarding his own discussions with third parties regarding his sexual relationship with Defendant. The second is to ask Plaintiff to admit or deny the date on which certain blog entries were first posted. Each purpose is related to matters of critical importance to this case.

1.    **Plaintiff's own publications of the intimate details of his sexual relationship with Defendant are material to issues of waiver and purported harm to reputation**

As set out in Defendant's blog entries, Plaintiff had engaged in numerous discussions with co-workers regarding his sexual relationship with Plaintiff prior to May 16, 2004. Plaintiff had commented on the fact that their relationship had become public knowledge within the office; had graphically acted out the "spanking" portion of their relationship; and had informed Defendant that he did not mind the fact that these details had become public. The following Requests for Admission seek to nail down the facts regarding Plaintiff's discussions, disclosures, and waiver of his subsequent claim to invasion of privacy regarding these same facts.

As an initial matter, Plaintiff's objection that a Request for Admission "assumes facts not established" is nonsensical, as the establishment of facts is the purpose of a Request for Admission. See 1970 Advisory Committee Notes to Rule 36(a). Therefore, this Objection should be disregarded entirely. Plaintiff's other objections – that the requests are vague or overbroad – likewise lack merit given the narrow and specific nature of each Requests.

The law is clear that an individual cannot complain about the invasion of his privacy by virtue of the publication of facts which he has either published himself or where he has consented to the publication. Harrison v. Washington Post Co., 391 A.2d 781(D.C. 1978); Bernstein v. NBC,

129 F. Supp. 817 (D.D.C. 1955). These Requests for Admissions seek to demonstrate the absence of merit in Plaintiff's claims.

In Harrison, the plaintiff sued the defendant television station for public disclosure of private facts. During a news report on a bank robbery, the defendant aired a filmstrip which showed the plaintiff being falsely arrested for the crime. The plaintiff argued that the broadcast was actionable based on the "expanded" publicity of these facts. The Court of Appeals held that there is no invasion of privacy for the further publicity of what the plaintiff himself "left open to the public eye." 391 A.2d at 784.

In Bernstein, the plaintiff sued the defendant broadcast company for public disclosure of private facts for airing a story on his criminal history. The plaintiff had been convicted of bank robbery and first-degree murder. The plaintiff had been pardoned for each of these crimes, and he retreated from the public eye. Four years later, the defendant broadcast the plaintiff's story. Five days prior to the telecast, the plaintiff had contacted the defendant requesting it not be broadcast. The plaintiff contended that though he had approved a newspaper campaign during his trial and did not object to a magazine article or radio program during those years, his consent did not extend to this telecast years later. The Court held that the right to privacy ceases upon the publication by the individual or with his consent.

Defendant is, by the following Requests for Admissions, seeking to demonstrate that Plaintiff cannot, by virtue of his own conduct, meet these elements. This is clearly proper discovery. Because Plaintiff has failed to properly answer the Request, Defendant asks that the Court Order the Requests deemed admitted.

12.

Prior to May 16, 2004, you disclosed to one or more person(s) other than Defendant that you were having a sexual relationship with Defendant.

-3-

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad and vague. Too the extent that the request can be deciphered, Plaintiff believes that the response would be to deny.

<div align="center">13.</div>

Prior to May 16, 2004, you discussed with one or more person(s) other than Defendant that you were having a sexual relationship with Defendant.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad and vague. Too the extent that the request can be deciphered, Plaintiff believes that the response would be to deny.

<div align="center">14.</div>

Prior to May 16, 2004, you discussed with one or more person(s) other than Defendant that your sexual relationship with Defendant had included spanking.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:

request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

15.

Prior to May 16, 2004, you discussed with one or more person(s) other than Defendant that your sexual relationship with Defendant had included oral sex.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

16.

Prior to May 16, 2004, you discussed with one or more person(s) other than Defendant that your sexual relationship with Defendant had included sex in the missionary position.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

17.

Prior to May 16, 2004, you were aware that your sexual relationship with Defendant was known to one or more persons other than Defendant who were employed in the office of United States Senator Michael Dewine.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

18.

Prior to May 16, 2004, you discussed the fact of your sexual relationship with Defendant with one or more persons other than Defendant who were employed in the office of United States Senator Michael Dewine.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

19.

Prior to May 16, 2004, you were aware that your sexual relationship with Defendant was known to one or more persons other than Defendant who were employed by the United States Senate Judiciary Committee

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil

Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

20.

Prior to May 16, 2004, you discussed the fact of your sexual relationship with Defendant with one or more persons other than Defendant who were employed in the office of United States Senate Judiciary Committee

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

21.

Prior to May 16, 2004, you were aware that your sexual relationship with Defendant was known to one or more persons other than Defendant who were employed by the United States Senate.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

22.

Prior to May 16, 2004, you discussed the fact of your sexual relationship with Defendant with one or more persons other than Defendant who were employed in the office of United States Senate.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a party to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad, vague and assumes facts not established. As such, Plaintiff denies too the extent that the inquiry can be deciphered and/or understood.

**2.      Requests for admission regarding the date on which entries were posted on Defendant's blog should be deemed admitted**

The following Requests for Admissions relate to the dates of certain blog postings which are at issue in this case. Plaintiff has contended that each blog posting was a "publication," irrespective of the number of people who actually read the blog entry. However, if that is true, the vast majority of the postings may be barred by the statute of limitations, as they occurred more than one year prior to the date the Complaint was filed in this case. Therefore, this is an issue which may well be critical to the statute of limitations defense.

Plaintiff also contends that each blog posting was a complete republication and reposting of the prior blog entries, in an apparent effort to claim that this would restart the statute of limitations. Plaintiff may be entitled to assert the **legal** position that each "posting" was a new and complete publication. But see Oparaugo v. Watts, 884 A.2d 63, 73-74 (D.C. 2005) and Mullin v. Washington Free Weekly, 785 A.2d 296, 298-299 (DC App. 2001) ((rejecting "discovery rule" in mass media invasion of privacy cases) and Wilson v. Prudential Fin., Civil Action File No. 03-2313 (RMU) (D.D.C. 2004) and Ogden v. Ass'n of the United States Army, 177 F. Supp. 498, 502 (D.D.C. 1959)

-8-

(adopting "single publication" rule). However, Plaintiff is not also entitled to refuse to respond directly to the question of whether the blog entries had first been posted on a date outside the statute of limitations.

The following Requests for Admissions are the subject of this aspect of Defendant's Motion:

23.

On or before Friday, May 14, 2004, 4:34 p.m., EST, Defendant published the following entry in her web log:

I got a raise today! Now I make $25K.

(Wasn't that what I was making before??)

Most of my living expenses are thankfully subsidized by a few generous older gentlemen. I'm sure I am not the only one who makes money on the side this way: how can anybody live on $25K/year??

If you investigated every Staff Ass on the Hill, I am sure you would find out some freaky shit. No way can anybody live on such a low salary. I am convinced that the Congressional offices are full of dealers and hos.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

24.

On or before Friday, May 14, 2004, 3:48 p.m., EST, Defendant published the following entry in her web log:

Going to see the movie Troy tonight. RS told me to call him afterwards. Wants sex. We've only been dating a week, and we already have a routine.

-9-

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

25.

On or before Friday, May 14, 2004, 9:53 a.m., EST, Defendant published the following entry in her web log:

> MK found my half-empty bottle of K-Y last night. He will probably never speak to me again.
>
> I feel bad about what I did to MK and I feel like our relationship deserves more than a short write-off, but we both need to move on. I never promised him a rose garden.
>
> So I called RS after MK left in a huff. I ended up sleeping over in Bethesda for the third night in a row.
>
> He wants us to get tested together so we can stop using condoms. Isn't that sweet? Hope I don't have anything!
>
> So I don't know if it's getting serious or what. We're seeing each other every day now. I like him very much and he likes me. But can it go anywhere, i.e. marriage? I don't know. He's Jewish, I'm not. And we have nasty sex like animals, not man and wife. But we work together, so there is an incentive to stay together and avoid an awkward breakup. And after a few months, people around the office will start "hearing wedding bells."
>
> I really just want to be a Jewish housewife with a big rock on my finger.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil

Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

26.

On or before Thursday, May 13, 2004, 1:11 p.m., EST, Defendant published the following entry in her web log:

Thursday, May 13, 2004

Item! "The Real World: D.C."

See today's Wonkette:

Like You Need Another Reason to Avoid Adams Morgan

Wonkette's Kalorama Citizens' Association operative writes to say that "The Real World: D.C." has found a location for its Ikea showroom/soundstage:

MTV has purchased the space above Maggie Moo's on 18th St in Adams Morgan. Real World DC here we come. . .

Wondering if the cast will work for MoveOn or Club for Growth. . .

Or they could work at The New Republic with all the other recent college graduates who aren't paying their own rent.

Or worse, they could work on the Hill!

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

27.

On or before Thursday, May 13, 2004, 9:10 a.m., EST, Defendant published the following entry in her web log:

I first learned about the SU logo/name change at last night's Chancellor's alumni reception. I bumped into a "contemporary" of mine from da 'Cuse who also works in da Senate--in da same office as that girl I saw MD with a few weeks ago.

So we had some drinks at the reception and I went to Red River to meet some people from his office. Unf, she wasn't there, but I learned that she thinks MD is as big of a chump as I do. My SU friend told me that MD was talking to her long before I came to the Hill. She recently broke up with her boyfriend, but SU Dude believes that she won't date MD, they're just friends.

(Not that I care anymore, but these things are good to know.)

So my friend AS met up with me at RR and I had two genius ideas:

1. We should go to Saki.

2. AS should meet RS.

So I called RS and told him to come over so AS could get a look at him. This morning she says (via IM), "He does look like George Clooney, but he's totally Woody Allen."

She also said, "He will do anything to make you happy."

Isn't that sweet? And it's true: he stood in line with us at Saki for 1 1/2 hours!

BTW, Saki has gotten really hard to get into. But I don't know of any other place that is more action-packed on a Wednesday night in Washington. However, AS and I have decided not to go back there for a few months: we actually recognized people from the last time we were there! Which is a v. bad sign.

Also, we will go home and change before we go to Saki. Next time, we will not wear our work clothes.

When Saki closed, we got some nasty Pizza Mart slices that tasted really good at the time. Then AS went home and RS took me back to his place for the second night in a row. I passed out as soon as I lay down, so we didn't do anything.

I woke up with an awful hangover and barfed up my Pizza Mart. (I'm losing weight!) Then RS drove me home and made me promise to call him again today. I need to take it easy tonight, which means I might not go out, and I am sitting out the taco contest for sure.

Sorry to disappoint any of my fans at Tortilla Coast.

-12-

posted by The Washingtonienne at 10:17 AM Back to top

**Response**

    The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

28.

    On or before Thursday, May 13, 2004, 9:10 a.m., EST, Defendant published the following entry in her web log:

From the D.O.:

"Syracuse changes nickname, logo"

http://www.dailyorange.com/news/680748.html?mkey=414705

I don't like.

**Response**

    The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

29.

    On or before Wednesday, May 12, 2004, 4:20 p.m., EST, Defendant published the following entry in her web log:

What is my position? I am a Staff Assistant, or "Staff Ass," as the men on the Hill like to say. It's the entry-level job in each office. (For those who don't know.)

-13-

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

30.

On or before Wednesday, May 12, 2004, 12:59 p.m., EST, Defendant published the following entry in her web log:

R (Threesome Dude) e-mailed me while I was out at lunch:

> How are things on the Hill? I assume everyone's going nuts about the Iraq (and now Afghanistan) prisoner abuse stories and the execution of that young American.
>
> Warm here, beautiful out…people trying to forget the state of the world and just enjoy life a little.
>
> And thanks again for inviting me. Barring that final drink (and anything I said that might have made that a little awkward – for which I apologize), I really enjoyed it. And I hope to see you again.

> Best,

> R

Jesus, what a douche.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows:

-14-

Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

31.

On or before Wednesday, May 12, 2004, 9:28 a.m., EST, Defendant published the following entry in her web log:

So I went to dinner w/ RS at Lebanese Taverna. He's really not mad about the gossip at all: he's actually joking around the office about it. Like, when he walks out of a room, he'll slap himself on the ass! Me, I'm just hiding in my office until this blows over.

We went to his house after dinner, a four bedroom in Bethesda. Needs work, but v. cute.

So it turns out that RS cannot finish with a condom on. He can barely stay hard. So he ends up taking it off and humping away at me. Maybe I forgot to tell him that I'm on the Pill. Note to self...

I also learned that he was a cop, so he has scary police shit like handcuffs in his closet. He implied that we would be using them next time, which is intriguing, but I know I'm going to get scared and panicky. (Which would probably turn him on.)

So 9pm comes and goes, and I missed my date with MK. And I was missing ANTM! So I just watched it with RS. Meanwhile, MK is trying to call me on my cell (which is turned off inside my handbag.) MK left a very irrate message on my voicemail. He basically hates me now.

But when you're crushing on somebody new, that stuff doesn't affect you as much as it should. I slept over at RS's and he drove me home this morning to change. I'm supposed to call him again today. I'm afraid I really like him. I like this crazy hair-pulling, ass-smacking dude who wants to use handcuffs on me. Shit.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

32.

On or before Tuesday, May 11, 2004, 5:57 p.m., EST, Defendant published the following entry in her web log:

RS just called again. Bad news: the rumor has spread to other offices. This is bad.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

33.

On or before Tuesday, May 11, 2004, 4:44 p.m., EST, Defendant published the following entry in her web log:

http://www.marthastewart.com

If you're like me and you're decorating a new apartment (because your boyfriend kicked you out), you need to stop hatin' on Martha: her stuff is the cutest! I'm getting the faux bois pattern throw pillows, and the seaweed and coral candles!

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

34.

On or before Tuesday, May 11, 2004, 3:39 p.m., EST, Defendant published the following entry in her web log:

Praise for Washingtonienne:

"This is pretty cool - she sounds like a 'fun' girl. I'd like to blog her."--James, San Diego, CA.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

35.

On or before Tuesday, May 11, 2004, 2:42 p.m., EST, Defendant published the following entry in her web log:

Oooh, RS just called me. He asked me out again tonight, but I have plans w/ MK @ 9pm. (We're watching the ANTM special together.)

Two nights in a row. I like him, but WTF?

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

36.

On or before Tuesday, May 11, 2004, 2:21 p.m., EST, Defendant published the following entry in her web log:

By popular demand, I have finally created a key to keeping my sex life straight.

In alpha order:

AJ=The intern in my office whom I want to fuck.

F=Married man who pays me for sex. Chief of Staff at one of the gov agencies, appointed by Bush.

J=Lost my virginity to him and fell in love. Dude who has been driving me crazy since 1999. Lives in Springfield, IL. Flies halfway across the country to fuck me, then I don't hear from him for weeks.

MD=Dude from the Senate office I interned in Jan. thru Feb. Hired me as an intern. Broke up my relationship w/ MK (see below).

MK=Serious, long-term boyfriend whom I lived with since 2001. Disastrous break up in March, but still seeing each other.

R=AKA "Threesome Dude." Somebody I would rather forget about.

RS=My new office bf with whom I am embroiled in an office sex scandal. The current favorite.

W=A sugar daddy who wants nothing but anal. Keep trying to end it with him, but the money is too good.

Shit. I'm fucking six guys. Ewww.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

37.

On or before Tuesday, May 11, 2004, 9:19 a.m., EST, Defendant published the following entry in her web log:

I am so busted.

Went out w/ RS after work yesterday. He took me out for drinks, took me back to my place, and we fucked every which way. THEN he tells me that he heard I've been spreading the spanking rumor around the office! He's not mad, but I am so ashamed of my behavior: I have such a big mouth. It got around and now EVERYBODY knows. Even our LD (who is sleeping with somebody in our office, too, BTW.)

But last night was fun. He's very up-front about sex. He likes talking dirty and stuff, and he told me that he likes submissive women. Good, now I can take it easy in bed. Just lay back and watch him do freaky shit.

We went to Tune Inn and ate some shit there because it was the only place open at 1am. He walked me home and kissed me at my door. I was like, "Aww, this is so adorable!" He called me "jaded" and told me to call him tomorrow (i.e. today).

Jaded? Moi?

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

38.

On or before Monday, May 10, 2004, 6:25 p.m., EST, Defendant published the following entry in her web log:

Must watch!

America's Next Top Model: The Runway Ahead, Tuesday @ 9pm on UPN!

http://www.upn.com/shows/top_model2/runway_ahead/index.shtml

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds

that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

<div align="center">39.</div>

On or before Monday, May 10, 2004, 2:08 p.m., EST, Defendant published the following entry in her web log:

Updates

Went to "lunch" (i.e. iced coffee) and on the way back, bumped into both MD and RS! (But not at the same time, TG.)

I told MD I had some news, so he sat down with me in the cafeteria and I told him about RS. (I left out the sex. Also, I tried to frame the story like, "Isn't this a totally fucked-up situation?", not like I'm trying to make him jealous.)

He could not get back to work fast enough. I really don't care if he hates me or what. He isn't into me anymore anyway. If he was, he would call me more often. Also, he said he's trying to get a job off the Hill asap, so I can stop worrying about bumping into him everywhere I go.

So I leave the cafeteria and start walking back to the office, and I see RS. We stopped and talked in the hall and he asked me out for a drink tonight. (Except he doesn't drink?) I look really good today, so I'm glad I hit two birds with one stone during my lunch hour.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

<div align="center">40.</div>

On or before Monday, May 10, 2004, 12:35 p.m., EST, Defendant published the following entry in her web log:

W just e-mailed me: How was your weekend? Thinking of you!

<div align="center">-20-</div>

Ugh.

I wrote back: From now on, we should go out drinking before we go back to your place. I think that would improve everything.

I know I said it was "over," but it's not like it matters either way. What can I say, I like money.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

41.

On or before Monday, May 10, 2004, 11:47 a.m., EST, Defendant published the following entry in her web log:

I am done with W, for real this time. A man who tries to fuck you in the ass when you are sober does not love you. He should at least take you out for a few drinks to spare you the pain. Now I know that W does not care about me, only my asshole.

The whole situation depressed me so much, I turned down a free dinner and asked him to take me home. He peeled off a few hundred from that roll of cash he carries around, and put the hundreds in my hand as I was getting out of the car. I acted indignant, like I don't need his help, but I kept it: why punish myself? I should get something for putting up with his tired old ass.

So that's the end of W.

The intern did not show at the party on Saturday. I was disappointed, but it's probably for the best. I don't need anymore sex scandals at work. But I'm bummed that he is not as interested as I had imagined.

Had a good time with AS and her friend G. We got wasted and I passed out on my floor Saturday night.

Sunday, I laid out and got some good sun. Unf, I chose a popular tourist picture-taking spot on the Mall, and all these assholes kept trying to snap shots of me in my bikini. I know I'm hot and everything, but please: no pictures!

-21-

So I went home to take a nap. I opened the door and started walking towards my bedroom, past the kitchen. I noticed a new blender sitting on the counter.

BUT I DON'T OWN A BLENDER!

I started to call the police, but stopped to think. Who has a key to this place? F! But why a blender? More importantly, why didn't he call first? What if I was in bed with my intern and F popped in with a surprise blender?

F e-mailed me this morning to ask if I liked his gift. I just told him that I don't like surprises. I can't afford to stop seeing him, so I didn't bitch him out as much as I should have. I mean, is he crazy or what? Maybe I told him I wanted a blender and don't remember. Even so, why not call?

MK came home from his Iceland trip last night and we had another totally redundant and pointless argument about our relationship. We made up before The Sopranos started so I could watch w/o his pissy little distractions. Such a bitch sometimes. But I love him.

Back to work now...

**Response**

     The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

42.

     On or before Friday, May 7, 2004, 6:38 p.m., EST, Defendant published the following entry in her web log:

I take weekends off from this blog. So before I go, this is the plan:

Take cab over to W's place in Georgetown. Fuck. Get dinner someplace expensive.

W drives me home to Cap Hill.

Go to keg party at coworker's house. (RS will not be there. Maybe fuck somebody else?)

Get 8 hours sleep.

Get crabcake Bennifer at Eastern Market before they stop serving breakfast.

Run??

Call my friend AS. Will meet up w/ her before party.

Hope intern will show.

**Response**

      The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

<div align="center">43.</div>

      On or before Friday, May 7, 2004, 5:24 p.m., EST, Defendant published the following entry in her web log:

Three weeks. That's how long it took for J for start it up again.

He's getting better at this long-distance thing. One month was the standard wait. Now it's down to three weeks. We must be getting serious!

I got an e-mail from him this afternoon, and we had some back-and-forth.

Still with his crazy girlfriend in Springfield, IL. But I shouldn't talk.

This is the last thing I need in my life right now: another distraction at work! I am so behind...

If it wasn't for e-mail, J and I would have forgotten about each other long ago. So effortless to stay in touch this way. Must wonder about those people who never e-mail you: they TRULY do not care.

But I like knowing that J still wants me. What makes him decide to send an e-mail after all this time? And not just today, but all those times before? Talk about crazy!

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

44.

On or before Friday, May 7, 2004, 2:25 p.m., EST, Defendant published the following entry in her web log:

> RS just e-mailed me: Hey, had a nice time yesterday. going to NY tonight, but let's get some dinner or something next week. interested?
>
> I said yes.
>
> What am I getting myself into?
>
> Yes, I like him, but am I attracted to him or the impending drama??
>
> I really don't get myself sometimes.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

45.

On or before Friday, May 7, 2004, 2:02 p.m., EST, Defendant published the following entry in her web log:

-24-

The boss who pimped me out to RS just stopped by. She asked me what happened after she left us at the bar. I tried to be as vague as possible, but I implied that she should ask RS himself.

Then she mentioned that RS is very discrete, so I am taking that as a hint to keep quiet.

Finally, she asked me if I would say yes if he asked me out again. I told her that I would.

So it looks like I might have another boyfriend. I hope this does not end badly.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

46.

On or before Friday, May 7, 2004, 1:16 p.m., EST, Defendant published the following entry in her web log:

I told my coworkers about the spanking over lunch, but left out the nasty parts. (We were eating.)

So they were shocked. Not sure I should have told them. But they blame him for what happened: he is senior and should know better, esp since he was the sober one.

One of them told me that RS wore a purple turtleneck with a bright blue fleece over it at a recent staff retreat. Now I wonder if he's crazy or what.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil

Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

<div align="center">47.</div>

On or before Friday, May 7, 2004, 11:03 a.m., EST, Defendant published the following entry in her web log:

OMG. RS just came in here to say hi.

But I got nervous and acted weird.

Shit!

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

<div align="center">48.</div>

On or before Friday, May 7, 2004, 10:22 a.m., EST, Defendant published the following entry in her web log:

As per my IM discussion with my friend AS this morning, I resolve to:

Stop acting like I'm on Spring Break: I'm at work and I need to be more professional in my relations with coworkers.

But if that cute intern shows at the party tomorrow, I don't know if I can leave him alone.

Choices.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to

<div align="center">-26-</div>

Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

<div align="center">49.</div>

On or before Friday, May 7, 2004, 9:35 a.m., EST, Defendant published the following entry in her web log:

To answer The Question, no, RS and I did not fuck. (It is my "week off," if you recall.)

BUT...

RS looks just like George Clooney when he takes off his glasses. I am serious.

Has a great ass.

Number of ejaculations: 2

He likes spanking. (Both giving and receiving.)

I put the moves on HIM. That is, I brought him back to MY place, I was the one who jumped on HIM.

I was drunk, but he was totally sober. (At least I have an excuse for my behavior!)

So I'm seeing ANOTHER person on the Hill. At least this one is counsel, and not an aide.

Going to lunch with coworkers today. Have a feeling I was invited as the new star of Hot Office Gossip, like a press conference.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

50.

On or before Thursday, May 6, 2004, 2:02 p.m., EST, Defendant published the following entry in her web log:

Item!

A new contender for my fair hand. He works in one of the Committee offices. We will call him RS.

RS had my boss ask me out for him! She actually came in here and said, "He thinks you're hot." How junior high! So all three of us are getting a drink at Union Station after work. Looking forward to an evening full of awkward moments.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's blog is known as the Washingtonienne. Defendant's complete blog is set forth in the complaint. The Complete blog was available on May 18, 2004. Otherwise Plaintiff denies.

**B.      Plaintiff Should Be Required To Adequately Respond to Defendant's Interrogatories and Requests for Production**

Defendant also served Interrogatories and Requests for Production on Plaintiff, to which Plaintiff has failed to properly respond. Defendant therefore requests that the Court require a proper response to Plaintiff. As set forth below, Defendant seeks, in the alternative, an Order barring Plaintiff from offering testimony or other evidence on the subject matter of the Interrogatories and Requests for Production to which no proper response was provided. Each Interrogatory or Request for Production is set out below, with the response set out immediately thereafter.

<div align="center">51.[1]</div>

**Interrogatory**

       To the extent that you denied, in whole or in part, any request for admission set forth above, please give a full and complete explanation of the facts upon which you base your denial.

**Response**

       The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: lack of complete truth and/or accuracy.

**Argument**

       The discussion of this Interrogatory is combined with Request for Production No. 52, as they are interrelated.

<div align="center">52.</div>

**Request for Production**

       To the extent that you denied, in whole or in part, any request for admission set forth above, please produce each and every document which supports, relates to, or contradicts your denial.

**Response**

       The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

---

[1] Defendant served her Requests for Admissions, Interrogatories, and Requests for Production in a single, sequentially numbered, set of discovery requests. Defendant's discovery identified which discovery requests constituted Requests for Admission, which an Interrogatories, and which Requests for Production. What is set out above as "No. 51" was, in fact, the first Interrogatory served by Defendant.

**Argument**

Requests for Admissions under Rule 36 imposes certain obligations on the party responding

to a Request:

> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Plaintiff's responses to Plaintiff's Requests to Admit Nos. 1, 2, 11, and 23-50 do not meet this

obligation in any respect.  Interrogatory No. 51 and Requests for Production No. 52 seeks merely

a description of the facts underlying Plaintiff's denials and is clearly permissible.  Jobin v. Kloepfer

(In re M & L Business Mach. Co.), 184 B.R. 366 (D.Colo. 1995); Transportes Aereos de Angola v.

Ronair, Inc., 104 F.R.D. 482, 501 (D.De. 1985.).   Plaintiff should be required to respond

immediately.

<div align="center">54.</div>

**Interrogatory**

Describe all direct interaction you have had with this Defendant, whether in person, by telephone, via email, or otherwise, from January 1, 2004 to the present.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Defendant's request is overbroad and vague. Plaintiff had numerous interactions with Defendant during this time period.

**Argument**

Interrogatory No. 54 asks simply for a description of Plaintiff's interaction with Ms. Cutler

from the beginning of his relationship with her to the present.  That encompasses less than two

<div align="center">-30-</div>

weeks of time prior to May 18, 2004 and a couple of telephone conversations during the next two weeks. That is hardly burdensome, particularly when Plaintiff is claiming that Ms. Cutler has painted him in a false light by virtue of her descriptions of that same relationship. Therefore, the Court should compel a full and complete response to this Interrogatory immediately.

55.

**Interrogatory**

Identify all persons with whom you have discussed the interactions with Defendant which you were requested to identify in response to the preceding Interrogatory. In your answer, include the date and substance of the conversation you had with each individual.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Defendant's request is overbroad, vague, and seeks privileged information.

**Argument**

As with Interrogatory No. 54, Interrogatory No. 55 seeks information regarding Mr. Steinbuch's conversations with others concerning his relationship with Defendant. Obviously, if the relationship and its public disclosure are issues in this case, what he had to say about that relationship and to whom are similarly relevant. This is particularly true in light of the question of waiver and the extent to which Mr. Steinbuch was responsible for publicizing the details of his relationship with Defendant. A full and complete response should be Ordered.

56.

**Interrogatory**

Describe any action which this Defendant has taken which you contend caused you harm. For each act, provide (a) the date, (b) a description of the act or incident, (c) what you did in response to the act, and (d) the reason you believe Defendant is liable to you for damages.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: regarding this lawsuit, Defendant's blog caused Plaintiff harm by invading his privacy and intentionally causing emotional distress from May 2004 until obtaining his current employment.

**Argument**

Interrogatory No. 56 seeks an identification of the alleged actions by Ms. Cutler which Plaintiff claims are the basis for this lawsuit. What did she do? When did she do it? How did he respond? How does this entitle him to money damages? His one sentence summary of the claim is completely unresponsive and is woefully inadequate. Defendant is, in this Interrogatory, asking Plaintiff what she is supposed to have done to him; when did she do it; what he did in response; and why he claims he was harmed. Plaintiff has answered none of those questions, which are central to this case. Plaintiff's boilerplate objections are without merit and Plaintiff's response is so deficient as to merit sanctions.

57.

**Interrogatory**

Please identify, with respect to the web log entries which were the subject of the foregoing requests for admission, each statement which you contend is, in whole or in part, false and, with respect to each such statement, describe in full detail the portion of this statement which you contend is false and describe what you contend actually occurred on each such occasion.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil

Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad and vague. In addition, among other things the following is false: Defendant's discussions re: handcuffs, Chief of Staff, events concerning W and other characters in the blog, statements made by Plaintiff, and sexual encounters and statements.

**Argument**

Interrogatory No. 57 is central to the false light claims raised by Plaintiff. It asks him to identify what about the "blog" was false and what, according to him, actually occurred. It is further relevant to Plaintiff's subsidiary contention that there is some value in seeking to "impeach" Ms. Cutler with respect to the veracity of her descriptions of other relationships which are in the blog.

The response identifies "Defendant's discussions re: handcuffs, Chief of Staff, events concerning W and other characters in the blog, statements made by Plaintiff, and sexual encounters and statements." This would include any and everything in the blog, although Plaintiff obviously does not claim that everything in the blog is false. As important, Plaintiff has failed to describe – with respect to any of the statements which he claims is false – what he claims actually happened.

Defendant is entitled to know the facts underlying Plaintiff's claims. She is entitled to know what, if anything, he claims is false from his own personal knowledge. For example, does he deny having handcuffs in his closet left over from his service as an auxiliary policeman? Does he deny implying to Ms. Cutler that they would use them at some future time in their sexual relationship? If so, what actually occurred, according to him? Defendant is entitled to know what the Plaintiff claims the facts to be in this case. Therefore, a full and complete response to this Interrogatory should be Ordered immediately.

58.

**Interrogatory**

Please describe in full detail your contention that you were harmed in your effort to find employment as a result of Defendant's conduct, including stating, for each position of employment you sought from May 18, 2004 to the present, the following information: (a) the identity of each such prospective employer; (b) state the title and job description for each position of employment which you sought; (c) state the name, address, and telephone number of each individual at each such prospective employer with whom you were contact regarding your application for employment; (d) the compensation and benefits which you were seeking from each such prospective position of

employment; (e) describe in full detail each and every reason you did not receive and/or accept such position of employment; and (f) identify each and every person who communicated to you that you would not receive each such position of employment.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: regarding those jobs negatively impacted by Defendant's action regarding her blog – Hamline Law School, Dean John Garron, St. Paul, MN; Charlston Law School, Dean Richard Gershon, Charlston, SC; Washington, D.C. legal recruiters, names unknown.

**Argument**

The discussion regarding this Interrogatory is combined with Interrogatory No. 59, as the

two are interrelated.

59.

**Interrogatory**

Please itemize, specifically and in detail, each and every monetary damage allegedly suffered by Plaintiff, including but not limited to any alleged loss of income and fringe benefits. For each such item of damage, please identify any documents which would support that item of damage and please identify any witnesses with knowledge of that item of damage. Additionally, please describe any calculations used to arrive at the particular dollar amount for such item of damage.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: specifics unknown at this moment.

**Argument**

Interrogatory No. 58 seeks information regarding the positions for which Plaintiff applied, including when he applied, why he was denied the position, and the compensation he would have received had he been hired (which would, of course, been partly dependent on the start date and partly dependent on the annual salary). Plaintiff has failed to provide any information regarding these elements of his claimed economic injury. Similarly, Interrogatory No. 59 seeks a calculation of the claimed economic damages. Plaintiff's response, that more than a year after this lawsuit was filed he does not know what economic damage has been suffered is sanctionable. A full response should be Ordered or, in the alternative, Plaintiff's economic damages claims should be stricken.

As this Court stated, in <u>King v. E.F. Hutton & Co.</u>, 117 F.R.D. 2, 5-6 (D.D.C. 1987),

"[I]t is inconceivable that, after bringing the claims in this case, plaintiffs have objected to interrogatories requesting specific and detailed information as to the amounts of each loss, how those amounts were determined, how each loss is attributable to the acts of the defendants, and what dates each plaintiff became aware of each loss as "not reasonably calculated to lead to the discovery of admissible evidence." . . . A diligent effort by the plaintiffs to answer these interrogatories in the spirit of candor and cooperation mandated by the Federal Rules of Civil Procedure surely would have avoided the necessity for the defendants' motion to compel as to the plaintiffs' claimed losses. By filing this action and alleging damages, the plaintiffs have placed their theory behind each alleged loss squarely at issue. Their objections to the interrogatories were thus frivolous.

So, too, are Plaintiff's objections and responses in this case frivolous.

It is not as if the question of the quantum of damages in this case has not previously been raised in this case. In Defendant's Motion to Dismiss for want of jurisdiction, Defendant specifically asserted that Plaintiff will be unable to show harm sufficient to satisfy the jurisdictional amount of $ 75,000.00. In light of Plaintiff's response, the Court should refuse to permit Plaintiff to introduce evidence of economic loss, which has been at the heart of his claim for damages since this case was filed. <u>See</u> April 14, 2006 Transcript, at p.

Rule 37 authorizes the district court, in response to a "failure ... to serve answers or objections to interrogatories," to "make such orders in regard to the failure as are just," including

"prohibiting that party from introducing designated matters into evidence." FED. R. CIV. P. 37(b)(2)(B), (d). The Court has discretion to impose any discovery sanction unless "clearly unreasonable, arbitrary or fanciful.' " Hull v. Eaton, 263 U.S. App. D.C. 311, 825 F.2d 448, 452 (D.C. Cir. 1987) (per curiam) (quoting Northrop Corp. v. McDonnell Douglas Corp., 243 U.S. App. D.C. 19, 751 F.2d 395, 399 (D.C. Cir. 1984)).  Given Plaintiff's complete failure to identify any economic injury or any information from which such an injury might be calculated, the Court should exclude any evidence of economic harm.

<div align="center">60.</div>

**Interrogatory**

If you are seeking to recover damages for a physical, mental, psychological, or emotional injury, please identify any and all health care providers, including physicians, psychiatrists, psychologists, therapists, counselors, ministers, social workers, nurses, or the like with whom you have visited or consulted for physical injury or for any emotional or mental distress-related condition, illness, or treatment, allegedly caused by Defendant or for which you seek recovery from Defendant.  Provide current addresses, business affiliation, if any, and phone numbers for each person identified.  If you are not seeking to recover damages for a physical, mental, psychological, or emotional injury, please so state.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Plaintiff saw Dr. in DC area as a result of the damages caused by Defendant's blog subject to this suit. Name unknown at this moment.

**Argument**

The discussion regarding this Interrogatory is combined with the discussion of Interrogatories Nos. 61 and 62, as all three relate to Plaintiff's damages claims.

61.

**Interrogatory**

Specify in detail any damages other than those specified in response to the preceding Interrogatory you claim were caused by Defendant, including type, amount, and description of the damage suffered, including when the damage occurred, the basis for seeking recovery for such damage, and the identity of any documents which reflect the foregoing.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: Plaintiff's damages are invasion of his privacy, emotional distress, lost job opportunities, and loss of a friend.

**Argument**

The discussion regarding this Interrogatory is combined with the discussion of Interrogatories Nos. 60 and 62, as all three relate to Plaintiff's damages claims.

62.

**Interrogatory**

If you are seeking to recover damages for a physical, mental, psychological, or emotional injury, please identify any and all health care providers, including physicians, psychiatrists, psychologists, therapists, counselors, ministers, social workers, nurses, or the like, with whom you have visited or consulted in the last ten years for any physical injury, emotional or mental-distress-related condition, illness, or treatment.  Provide current addresses, business affiliation, if any, and phone numbers for each person identified.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds

that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad and duplicative. See answer above.

**Argument**

Interrogatory No. 60 seeks an identification of Plaintiff's health care providers who purportedly treated him for emotional distress arising out of the actions he attributes to Ms. Cutler and for which he seeks recovery in this case. Mr. Steinbuch has given sworn testimony that he sought medical treatment, claiming:

> The invasions of privacy resulting from the blog caused me significant emotional distress and physical pain for which I sought medical treatment. I have suffered from lost appetite, lost weight, nausea, vomiting, insomnia, stress, anxiety, feelings of violation and mortification, humiliation, embarrassment, mental distress and anguish, feelings of degradation, feelings of scorn, feelings of ridicule and shunning by people in the community, nightmares, shame, headaches, and other ailments.

Steinbuch Declaration, Par. 10. Apparently, the injury was no so significant as to even permit him to recall the physician by whom he was treated for this litany of ills, which bears remarkable resemblance to that which he (initially) attributed to the Kappel's letters in his first lawsuit for harm to reputation. [Steinbuch depo., Steinbuch v. Kappel, pp. 150].

Moreover, in claiming that he sought medical treatment for his alleged emotional distress, he directly contradicts his deposition testimony in the Kappel matter. In that case, he gave the following testimony:

> Q    Did you receive any counseling from anyone as a result of any such emotional stress?
>
> A    Well, I mean, to the extent that receiving counseling from the people that I talked to, and that I referenced earlier, constitutes receiving counseling, I did.
>
> Q    Talking about friends and family?
>
> A    That is right.
>
> Q    Any professionals, clergy -- members of the clergy, anything like that?
>
> A    I don't recall whether I spoke to a friend of mine, who is a professional counselor, or not. I just don't recall if I spoke to him about it or not. I might have.

-38-

Q    Nothing formal, I take it?

A    No.

Q    Did you take any sort of medication prescription, or otherwise, to deal with any emotional distress?

A    Well, I took some medication to deal with the symptoms. You know, I took things – as I said, I had difficulty eating, so I took things for upset stomach, that kind of thing.

Q    Over-the-counter type thing?

A    Over-the-counter, yeah. I had difficulty sleeping, and I tried to take something to assist that. Generally I try to take vitamins for that, or herbal supplements for that. I don't recall whether I also took over-the-counter sleeping pills, or Benedryl. I might have. They make me groggy, so I try not to take them too much. I think I might have.

[Steinbuch depo., Steinbuch v. Kappel, pp. 151-153]. Given this dispute just between Mr. Steinbuch's own testimony in these two cases, Defendant is certainly entitled to the identity of the physician from whom Plaintiff claims to have received treatment as a result of the injuries he attributes to Ms. Cutler. His response that he saw an unknown doctor in "the DC area" should cause the Court considerable concern, as he has apparently made no effort to identify – from insurance or other payment records or otherwise – who that alleged doctor might be. .

Similarly, Interrogatory No. 61 seeks an identification of the damages he has suffered, which (in light of the response to Interrogatory No. 60), should require even greater specificity than otherwise. His response includes vague categories of damage – invasion of his privacy, emotional distress, lost job opportunities, and loss of a friend – without any of the specificity to which Defendant is entitled.

Finally, Interrogatory No. 62 seeks information regarding Plaintiff's medical treatment to determine if there are other sources of his claimed emotional distress; other medical conditions which may explain his upset stomach; and to serve to his impeach his claims regarding seeking medical treatment. Defendant clearly entitled to this information, yet Plaintiff has provided none, thus completing the trifecta of compensatory damages obfuscation.

-39-

This case is very similar – and in some respects worse than – the conduct at issue in <u>Lebron v. Powell</u>, 217 F.R.D. 72; 2003 U.S. Dist. LEXIS 15255; (D.C. Cir. 2003), later proceeding at <u>Lebron v. Martin</u>, 2005 U.S. App. LEXIS 6567 (D.C. Cir., Apr. 14, 2005). The Court should, as in that case, either compel a response to the Interrogatories in question or simply exclude evidence regarding the alleged damages from this case.

64.

**Interrogatory**

If you have ever been counseled, reprimanded or otherwise disciplined by an employer for any behavior or conduct which was directed toward any female employee(s), please identify the individual who counseled, reprimanded or imposed discipline upon you; the date of the counseling, reprimand or other discipline; the conduct which was the subject of the counseling, reprimand or other discipline; and describe in full detail the counseling, reprimand or discipline which occurred.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds.

**Argument**

Interrogatory No. 64 seeks information directly related to Mr. Steinbuch's reputation, which he has variously described as "good" or "okay" or "excellent." He provided exactly zero information in response to this Interrogatory. He has given no justification for having failed to do so. A complete response should be Ordered.

65.

**Interrogatory**

Please identify each and every member of the opposite sex with whom you have had and/or have sought a date and/or sought to enter into a romantic, dating, and/or sexual relationship at any time since January 1, 2004. With respect to each such individual, please state whether such person agreed to go on a date with you or otherwise have a romantic, dating, and/or sexual relationship with

you; state the date(s) and number of times each such individual had a date and/or sexual relations with you; and identify each and every person with whom you discussed and/or to whom you disclosed each such date and/or relationship. "Sexual relations" is intended to include, without limitation, acts of oral, vaginal, or anal intercourse; masturbation; mutual masturbation; exhibitionism; voyeurism; or other such or similar acts, including physical contact between you and the breasts, buttocks, and/or genitalia of such employee, which had the purpose of providing sexual gratification, stimulation, or titillation to your and/or the other individual(s) in question.

**Argument**

Interrogatory No. 65 seeks information directly responsive to the claims made by Plaintiff – via the affidavit of his counsel's wife – that he is less likely to have a date since the blog was published. It also seeks information which is directly related to his reputation among women he has dated and whether he considers sexual relationships to be a matter proper for discussion.

The Interrogatory may also lead to information directly relevant to several issues set forth by Plaintiff in his Complaint, at Par. 30, i.e., whether he enjoys spanking and hair-pulling during sex only when it is requested; whether his difficulty in maintaining an erection and ejaculating while wearing a condom was a result of the particular brand supplied by Ms. Cutler; or whether he actually does use his handcuffs as a sex toy. Counsel for Mr. Steinbuch has made the alleged falsity of Defendant's blog entries regarding his sexual proclivities a central part of his case. As he stated in the hearing on April 5, 2006:

> Second, with respect to false light, that Cutler published material that placed him in a false light that would be offensive to a reasonable person. She had knowledge and she acted recklessly with regard to the falsity and the publicity of the material. She said false things, and the false things include that he liked to do freaky shit, fucked every way, likes to talk dirty, stated that he would be using handcuffs on her, enjoyed hair pulling, had sex like nasty animals, would get turned on by her being scared and panicky, and that he told her that he likes submissive women.

[April 5, 2006 Transcript, p. 34]. While such matters might ordinarily not be a proper subject of discovery, given the claims made by Mr. Steinbuch and the issues in this case, it is clear that he has waived any privacy interest in such matters which he might otherwise enjoy and the Interrogatory must be answered in full.

71.

**Interrogatory**

Please identify each and every person known to you whom you believe may have discoverable information with respect to any of the Plaintiff's claims or defenses raised by the Defendant. For each such individual identified describe what knowledge you know or believe each such individual possesses. To the extent that any document or other recorded information supports or relates to said individual or said individual's particular knowledge, please identify said document/recorded information.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds that the floowing people have knowledge of Defendant's actions and the consequences flowing therefrom as follows: former and current U.S. Senate Judiciary staff; former and current staff of Senator Dewine, former and current staff of the United States Senate, and others including:

Sahel Assar
Bleicherweg 33
P.O. Box CH-8027
Zurich, Switzerland

Kevin Brown
1111 Constitution Ave.
Washington, DC 20224

Jon Coleman
2 Bethesda Metro Center
10th Floor
Bethesda, MD 20814-5388

Ana Marie Cox
Arlington, VA

Jessica Cutler
New York, NY

Grant & Irene Esposito
1675 Broadway
Suite 23-S19
New York, NY 10019

Richard Gershon
P.O. Box 535
Charleston, S.C. 29402

Jon Garon
1536 Hewitt Avenue
Saint Paul, MN 55104-1237

Beverly Babers
1111 Constitution Ave.
Washington, DC 20224

Tameka Horne
1111 Constitution Ave.
Washington, DC 20224

Lara Levinson
National Gallery of Art
Sixth Street and Constitution Avenue, NW
Washington, DC

Josh Petersohn
725 Oak Springs Road
Bryn Mawr, PA 19010

Jesse Rabin
750 First Street, NE
Washington, DC 20002-4242

Nuriye Uygur
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106

April Witt
1150 15th Street, NW
Washington, D.C. 20071

**Argument**

Although Plaintiff identified numerous individuals in response to this Interrogatory, Plaintiff has provided no information whatsoever regarding the knowledge these individuals purport to have. Defendant is entitled not only to their identities, but also to the "the subjects of the information" which Plaintiff contends these witnesses may offer testimony. Fed.R.Civ.P. Rule 26(a)(1)(A). Plaintiff should be ordered to provide the requested information immediately.

72.

**Request for Production**

Please produce any documents or other recorded information which you were requested to identify in response to the preceding Interrogatory.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

**Argument**

To the extent Plaintiff is in possession or control of documents which relate to the knowledge he claims a witness may possess, Plaintiff should be ordered to produce such documents. Given Plaintiff's response, it is impossible to determine whether that is the case. Defendant's Motion to Compel should be granted.

75.

**Interrogatory**

Please identify each and every document which you contend supports any of the claims asserted in your Complaint or the defenses and denials (including affirmative defenses) asserted by Defendant in the Answer to the Complaint.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Material sought is attorney work product.

**Argument**

The discussion of this Interrogatory will be combined with the discussion of Request for Production No. 76, as they are interrelated.

76.

**Request for Production**

Please produce each and every document which you were requested to identify in response to the preceding Interrogatory.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

**Argument**

Interrogatory No. 75 and Request No. 76 seeks identification and production of documents which Plaintiff may use to support his claims.  In response to this request, Plaintiff merely objected and asserted "work product." As to the general objection on the basis of privilege, Plaintiff has failed to adequately support the claim by virtue of the failure to produce a privilege log as required by Fed. R. Civ. P. 26(b)(5), which requires a description of the withheld information or documents that would enable other parties to assess whether the privilege applies. See, e.g., Lohrenz v. Donnelly, 187 F.R.D. 1, 6-7 (D.D.C. 1999) (Lamberth, J.) (denying plaintiff's assertion of privilege because of her failure to provide a privilege log as required by the Federal Rules of Civil Procedure). As to the general objection on the grounds of undue burden, a party objecting to an interrogatory on this basis must explain in detail how the interrogatory is burdensome.  See, e.g., Alexander v. FBI, 192 F.R.D. 50, 53 (D.D.C. 2000) (Lamberth, J.) (citing Lohrenz, 187 F.R.D. at 4). Plaintiff has done neither and, as a result, the objections are waived.  A complete response should be ordered produced.

-45-

77.

**Interrogatory**

Did you undertake to mitigate the damages you were allege were caused by Plaintiff? If so, please describe each and every effort you expended in order to mitigate damages and the amount by which your damages were reduced in consequence of your efforts to mitigate damages; and identify each and every document supporting or otherwise relating to your response.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. Subject to and without waiver of the foregoing objections, Plaintiff responds as follows: request is overbroad.

**Argument**

Mitigation of damages is a defense which has two components: First, an offset for damages which have been appropriately mitigated and, second, a defense to damages by virtue of a failure to adequately mitigate damages. Stone v. United States, 221 U.S. App. D.C. 130, 683 F.2d 449, 453 (D.C. Cir. 1982); Peyton v. DiMario, 287 F.3d 1121, 1128 (D.C. Cir. 2002); Norris v. Green, 656 A.2d 282, 287 (D.C. 1995). Plaintiff's failure to respond at all regarding his efforts to mitigate damages has left Defendant without the information necessary to meet her burden of proof on this affirmative defense. This includes earnings information and other information regarding the efforts he took to minimize the damages he claims in this case. This information is clearly discoverable and, in light of his exacerbation of the alleged harm to his reputation, is critical to this case. A proper and complete response should be required.

-46-

78.

**Request for Production**

Please produce each and every electronic "email" communication in your possession or control to, from, by, and/or regarding Defendant during the period January 1, 2004 through the present.

**Response**

The Plaintiff objects to Defendant's requests insofar as requests are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to the Plaintiff or to any individual not a part to this action on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure. The Plaintiff objects to Defendant's requests insofar as said requests would require the Plaintiff to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action, and not reasonably calculated to lead to discovery of admissible evidence on the grounds that said requests exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

**Argument**

In a motion to quash filed in the United States District Court for the Eastern District of Arkansas, Plaintiff took the position that emails relevant to this case should be requested from him and not via third party subpoena.[2] However, when the emails were requested from him, he objected yet again, claiming that they are outside the scope of discovery. The narrowly focused request for emails which are "to, from, by, and/or regarding Defendant" is neither overly broad nor outside permissible discovery. Plaintiff offers no basis for the objection and the Motion, accordingly, should be granted.

**C.    Plaintiff Should Be Precluded From Introducing Evidence Not Set Forth In His Discovery Responses**

Discovery in this case is set to expire on October 16, 2006. Although Defendant has moved to extend discovery, Plaintiff has opposed that motion, claiming that enough discovery has been done.

---

[2] His protestations to the contrary notwithstanding, he has lost that motion, as confirmed in the Orders and the letter from the Court, attached as Exhibits 4-8.

Given Plaintiff's position, that enough information has been exchanged in discovery, Defendant urges the Court to hold him to it. Defendant urges the Court to hoist Plaintiff on his own petard and preclude Plaintiff from offering evidence in the following categories:

1.      Evidence of economic injury;

2.      Evidence of emotional distress injury;

3.      Evidence of harm to his reputation;

4.      Evidence of any claimed falsity of the matters asserted in the web log at issue;

5.      Evidence in contradiction of Defendant's assertion that he expressly informed Defendant that he did not object to the public disclosure of the details of his relationship with her;

6.      Evidence in contradiction of Defendant's assertion as to the dates and times of the web log postings at issue in this case.

Each of these subjects was the focus of one or more Requests for Admission, Interrogatories, and/or Requests for Production. In response, Plaintiff has stonewalled Defendant's discovery efforts and refused to provide any information.

Such a preclusionary order will ensure that Plaintiff will not be able to profit from his own failure to comply with the discovery rules. See, e.g., Dellums v. Powell, 566 F.2d 231, 235 (D.C. Cir. 1977):

> "Rule 37 indicates that some element of willfulness or conscious disregard is still required to justify a sanction of dismissal, although the clear import of Societe Internationale is that mere failure to respond to discovery is sufficient to justify less severe sanctions. For example, however innocent a failure to provide discovery may be, it is fundamental that a party that does not provide discovery cannot profit from its own failure. Thus Rule 37(b)(2)(C) recognizes that parties failing to comply with discovery requests may be estopped from 'support[ing] or opposing designated claims or defenses.'"

Also see Perdue Farms, Cookin' Good Div. v. NLRB, 144 F.3d 830, 834 (D.C. Cir. 1998):

> The preclusion rule," we have said, "prevents the party frustrating discovery from introducing evidence in support of his position on the factual issue respecting which discovery was sought." Atlantic Richfield Co. v. U.S. Dep't of Energy, 248 U.S. App. D.C. 82, 769 F.2d 771, 794 (D.C. Cir. 1984). . . . "Without an adequate evidentiary sanction, a party served with a discovery order in the course of an administrative

adjudicatory proceeding has no incentive to comply, and ofttimes has every incentive to refuse to comply." <u>Atlantic Richfield</u>, 769 F.2d at 795.

Plaintiff has made his bed by refusing to produce information and documents in response to Defendant's proper discovery requests.  Having made his bed, he should be forced to lie in it. Defendant's Motion to Preclude Evidence should be granted.

      Respectfully submitted this 10th day of September, 2006.

<div style="margin-left:40%">

/s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308
ph: (404) 969-4101
fax: (404) 969-4141
 mbillips@mbalawfirm.com

**COUNSEL FOR DEFENDANT
JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,

ALBO & OBLON, LLP
2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

</div>

## CERTIFICATION

Pursuant to LCvR 7(m), counsel for Defendant conferred with counsel for Plaintiff regarding this motion, by letter, by telephone and via email, and has been informed that this Motion will be opposed.

Respectfully submitted this 10th day of September, 2006.

/s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308
ph: (404) 969-4101
fax: (404) 969-4141
 mbillips@mbalawfirm.com

**COUNSEL FOR DEFENDANT
JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,

ALBO & OBLON, LLP
2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JESSICA CUTLER, | ) |
| | ) |
| Defendant | ) |
| _____ | ) |

Case No. 1:05-CV-970 (PLF) (JMF)
Judge Paul L. Friedman
Magistrate Judge John M. Facciola

**PROPOSED ORDER**

Upon consideration of the Defendant's Motion to Deem Rule 36 Requests Admitted, Motion to Compel Discovery, and Alternative Motion to Preclude Evidence and Incorporated Memorandum of Law, Plaintiff's response, and all other papers submitted in support or opposing such motion, it is this ____ day of _____ 2006, hereby ORDERED, that Defendant's Motion is Granted. The Court finds that Plaintiff's responses to discovery are wholly inadequate.

Specifically, the Court finds that Plaintiff's Responses to Defendant's Requests for Admissions Nos. 12 through 50 are improper both in form and substance. They are hereby deemed Admitted.

Plaintiff's responses to Defendant's discovery requests seeking the facts upon which Plaintiff bases his claims (Interrogatories and Requests for Production Nos. 51-52 and 54-57) are similarly without merit. Plaintiff is hereby Ordered to fully and completely respond, without objection, within ten days of the entry of this Order. Plaintiff is notified that the failure to fully and completely respond will result in sanctions, which may include preclusion of evidence, striking of claims, or dismissal of this action.

Plaintiff's responses to Defendant's discovery requests regarding damages (Interrogatories and Requests for Production Nos. 58 through 62) are frivolous and without basis. Accordingly, the Court hereby Orders Plaintiff to fully and completely respond to Defendant's discovery requests,

without objection, within ten days of the date of this Order or risk preclusion of any evidence in support of his damages claims.

Defendant's Interrogatories Nos. 64-65, 71, and 75-78 seek information and documents which are properly the focus of discovery. Plaintiff has waived any objection based on work product by failing to timely produce a privilege log. Plaintiff is therefore Ordered to fully and completely respond, including producing all responsive documents, within ten days of the entry of this Order.

Therefore, for the reasons set forth above, Defendant's Motion to Deem Rule 36 Requests Admitted, Motion to Compel Discovery, and Alternative Motion to Preclude Evidence is hereby GRANTED.

SO ORDERED

_____
John M. Facciola
United States Magistrate Judge

DATE: _____, 2006

Copies to:

Jonathan Rosen, Esquire
1200 Gulf Blvd., #1506
Clearwater, Florida 33767
Counsel for Plaintiff

John R. Ates, Esq., DC Bar No. 441084
ALBO & OBLON,, LLP
2200 Clarendon Blvd., Suite 1201
Arlington, VA 22201

Matthew C. Billips, Esq.
Georgia Bar No. 057110
Admitted pro hac vice
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT STEINBUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| | ) | Judge Paul L. Friedman |
| JESSICA CUTLER, | ) | Magistrate Judge John M. Facciola |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served a copy of "**Motion to Deem Rule 36 Requests Admitted, Motion to Compel Discovery, and Alternative Motion to Preclude Evidence and Memorandum of Law In Support**" on defense counsel identified below by electronically filing a copy of same with the Clerk of Court by using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

Jonathan Rosen, Esq.                   Jonathan Rosen, Esq.
1645 Lamington Road                    1200 Gulf Blvd., 1506
Bedminster, New Jersey 07921           Clearwater, Florida 33767

This 10th day of September, 2006.

                                       *S/ Matthew C. Billips*
                                       Matthew C. Billips
                                       Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com