September 25, 2006


**BY FAX (908) 719-3358
AND UNITED STATES MAIL**

Jonathan Rosen, Esq.
1645 Lamington Road
Bedminster, New Jersey 07921

    RE:   ***Robert Steinbuch v. Jessica Cutler***
           U.S.D.C., District of Columbia
           Civil Action File No. 1:05-CV-970 (PLF)

Dear Jonathan,

    I have received your responses to discovery. Please accept this as an effort, pursuant to Rules 26 and 37, to resolve a discovery dispute.

    Requests for Admissions under Rule 36 imposes certain obligations on the party responding to a Request:

> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Your responses to Requests to Admit Nos. 1, 2, 11, and 23-50 do not meet this obligation in any respect.

Jonathan Rosen, Esq.
September 25, 2006
Page 2

      While I understand that you contend each and every publication of a web log is a republication, such that every entry was published on May 18, 2004, that was not the issue upon which these admissions were sought. Our purpose, as I am sure you were aware, was to identify dates and times by which the particular entries had been published in Ms. Cutler's web log. You are not entitled to recast the Request in order to "admit" to a fact different from that requested. See Rule 36, cited above. ("A denial shall fairly meet the substance of the requested admission, . . .") I am confident that the Court will agree. Please, therefore, provide a revised response within 5 days of this letter or we will have to ask the Court to deem the request admitted.

      Requests to Admit Nos. 12-22, which, in various ways, ask your client to admit to having talked about his relationship with Ms. Cutler with one or more persons prior to May 16, 2004. Your objection that a Request for Admission "assumes facts not established" is nonsensical, as the establishment of facts is the purpose of a Request for Admission. See 1970 Advisory Committee Notes to Rule 36(a).

      Relying on your objections, you refuse to admit any of these Requests, but your objections and rewriting of the Requests makes it unclear whether you are fairly responding to the Requests. This is of particular concern in light of the fact that your client does not identify the references to his discussion of the relationship which are contained in in Ms. Cutler's web log as being in false in any respect. Therefore, either admit the requests in a straightforward manner or deny them in a straightforward manner or we will have to move the Court to have them deemed admitted.

      Interrogatory No. 51 asks you to identify the basis upon which you deny any of the Requests for Admission. Your complete response is "lack of complete truth and/or candor." This is inadequate under the obligations you have under Rule 36, much less under Rule 33. The objection that this Interrogatory exceeds the scope of the Federal Rules of Civil Procedure or is overly broad or burdensome is specious, as the facts which you were asked to admit – dates of publications of the web log, facts concerning your client's interactions with and discussions regard Ms. Cutler, and the nature of their relationship and conduct – and are clearly central to this case. Therefore, this Interrogatory and the Request for Production of Documents No. 52 which relates to it, should be answered immediately.

Jonathan Rosen, Esq.
September 25, 2006
Page 3

     Interrogatory No. 54 asks simply for a description of your client's interaction with Ms. Cutler from the beginning of his relationship with her to the present. That, as I understand it, encompasses less than two weeks of time prior to May 18, 2004 and a couple of telephone conversations during the next two weeks. I hardly see that as being overly burdensome, particularly when you are claiming that Ms. Cutler has painted him in a false light by virtue of her descriptions of that same relationship. Therefore, this Interrogatory should be answered immediately.

     Similarly, Interrogatory No. 55 seeks information regarding Mr. Steinbuch's conversations with others concerning that same relationship. Obviously, if the relationship and its public disclosure are issues in this case, what he had to say about that relationship and to whom are similarly relevant. Therefore, please respond in full to this Interrogatory.

     Interrogatory No. 56 seeks an identification of the alleged actions by Ms. Cutler which you contend are the basis for this lawsuit. What did she do? When did she do it? Where? To whom? Your one sentence summary of the claim that it is for invasion of privacy is completely unresponsive.

     Interrogatory No. 57 is central to the false light claims and your subsidiary contention that there is some value in seeking to "impeach" Ms. Cutler with respect to the veracity of her descriptions of other relationships which are in the blog. The response indicates that "Defendant's discussions re: handcuffs, Chief of Staff, events concerning W and other characters in the blog, statements made by Plaintiff, and sexual encounters and statements" would include any and everything in the blog. We are entitled to know what, if anything, your claims is false from his own personal knowledge. For example, does he deny having handcuffs in his closet left over from his service as an auxiliary policeman? Does he deny implying to Ms. Cutler that they would use them at some future time in their sexual relationship? If so, what actually occurred, according to him? These are facts which we are entitled to know.

     Interrogatory No. 58 seeks information regarding the positions for which your client applied – further to his claim that **every** employer asked about the blog – but you have only identified two positions, one at Hamline Law School and the other at Charleston Law School. You have done nothing to indicate when he applied, why he

Jonathan Rosen, Esq.
September 25, 2006
Page 4

was denied the position, the compensation he would have received had he been hired (which would, of course, been partly dependent on the start date and partly dependent on the annual salary), and did not identify any other position for which he applied. If, as I suspect, there were other positions for which he applied at which no one raised the issue of the blog, then this directly contradicts his sworn testimony.

Interrogatory No. 59 seeks a calculation of the claimed economic damages. Your response, that more than a year after this lawsuit was filed you do not know what economic damage has been suffered is extraordinarily disturbing. Please supplement this response immediately.

Interrogatory No. 60 seeks an identification of your client's health care providers. He has claimed to have had to seek medical treatment for emotional distress, contrary to his testimony in the Kappel case. Your response that he saw an unknown doctor in "the DC area" causes me to believe that, as with the testimony regarding "every employer" asking about the blog, his claim to have sought medical attention was simply false. Please supplement your response.

Interrogatory No. 61 seeks an identification of the damages he has suffered. Your response includes two categories of damage – lost job opportunities and emotional distress – which have been previously discussed. Please provide further information regarding the damages (other than these) flowing from the invasion of privacy and the "loss of a friend."

Interrogatory No. 62 seeks information regarding your client's medical treatment to determine if there are other sources of his claimed emotional distress; other medical conditions which may explain his upset stomach; and to serve to his impeach his claims regarding seeking medical treatment. We are clearly entitled to this information, yet you have provided none. Please supplement this response immediately.

With regard to Interrogatory No. 63, please supplement by identifying the name of your client's supervisor.

Interrogatory No. 64 seeks information directly related to your client's claim

Jonathan Rosen, Esq.
September 25, 2006
Page 5

to have had a "good, okay, excellent" reputation. You provided exactly zero information. Please supplement immediately.

Interrogatory No. 65 seeks information directly responsive to the claims made by your wife – and relied on by your client – that he is less likely to have a date since the blog was published. It also seeks information which is directly related to his reputation among women he has dated and may lead to information serving to demonstrate that Ms. Cutler's statement that he has trouble ejaculating while wearing a condom is not solely limited to the particular brand which she supplied. I realize that this is not necessarily something about which he wants us asking his prior and subsequent girlfriends, but it is an issue which he raised in his Complaint and about which we are therefore entitled to conduct discovery. Therefore, please supplement this response immediately.

Interrogatory No. 67 seeks an identification of the persons who provided the information upon which your responses were based. Please provide their identities.

Interrogatories No. 68 and 69 seek information concerning experts, including an identification of "all documents or reports, including any working or preliminary drafts thereof, reviewed, relied upon, prepared or generated by or at the direction of such person in relation to the subject matter of this case." As I have previously noted to you, the report from Dr. Cohen is deficient in exactly this category of information.

Rule 26(a)(2) requires that any expert report include, at a minimum, the following:

> [A] complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; [and] the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; . . .

The "Expert Statement" you served on me does not include an identification of "the data or other information considered" by Dr. Cohen, other than the Washingtonienne

blog, "material on the internet related thereto," and the filings in this case. The reference to "material on the internet related thereto" is insufficiently specific to assist in determining the materials upon which he relied in expressing the opinions in question. In addition, Dr. Cohen did not identify any publications which he has authored in the past ten years nor state that he had not authored any publications.

These deficiencies make Dr. Cohen's statement rather less than useful. Your failure to provide a complete expert report precludes you from relying on his testimony. See, e.g., Minebea Co. v. Papst, 231 F.R.D. 3 (D.D.C. 2005); Cunningham v. D.C. Sports & Entm't Comm'n, 2005 U.S. Dist. LEXIS 29698 (D.D.C. 2005); and DAG Enters. v. Exxon Mobil Corp., 2004 U.S. Dist. LEXIS 27392 (D.D.C. 2004). You have promised to supplement this report, but I have seen nothing from you in this regard since my letter.

Interrogatory No. 70 seeks not only the identification of persons with discoverable information, but also a summary of the information which you contend they may possess. We are clearly entitled to know what you claim these persons may know about the issues in this case, as that will be the basis for our follow-up discovery, including depositions, third party subpoenas, and the like. For example, is Ms. Assar a former girlfriend? Was he dating her at the time the blog was publicized? Is the real reason that she won't have anything to do with him because he was cheating on her with Ms. Cutler or because of the particulars of the sexual interactions? Based on your responses, we can't even tell if Ms. Assar is male or female. Please supplement this response immediately.

Request No. 71 seeks documents relating to the knowledge possessed by persons you identify as having discoverable information. Please produce these records immediately.

Interrogatory No. 73 asks whether you have taken statements and Request No. 74 seeks production of those statements. Those statements may be privileged and may be work product, but are not necessarily such. We are entitled to a privilege log sufficient to permit us to ascertain whether they are or are not. Therefore, please produce the information requested.

Jonathan Rosen, Esq.
September 25, 2006
Page 7

Interrogatory No. 75 and Request No. 76 seeks identification and production of documents which relate to this case. This is not, under any circumstances, work product. You have produced nothing in response to these discovery requests. Please produce the requested documents immediately. If you cannot produce them for whatever reason, please identify them.

Interrogatory No. 77 seeks information regarding your client's efforts, if any, to mitigate his damages. This includes earnings information and other information regarding the efforts he took to minimize the damages he claims in this case. This information is clearly discoverable and, in light of his exacerbation of the alleged harm to his reputation, we believe very critical to this case.

Requests for Production No. 78 seeks email communications by, to, from, or regarding my client. I do not understand in any respect your contention this request is overly broad. Please produce these documents immediately.

Request for Production No. 79 seeks "diaries, calendars, logs, memos, emails or other written materials kept or taken by your during your employment with the United States Senate and/or which concern or relate to your allegations against Defendant and/or your claims in this case." These are clearly discoverable and are, in fact, core materials which your client would be obligated to produce both on damages and liability. Please produce them immediately.

Interrogatory No. 80 and Request for Production No. 81 seeks information or documents which you contend are relevant for purposes of impeachment of witnesses in this case. Obviously, we are entitled to discovery of information or documents which may be used in this case and we would appreciate supplementation immediately.

We intend to file a motion to compel in ten days absent full and complete supplementation. In that motion, we intend to seek attorneys' fees, costs, and expenses associated with the need to submit it to the Court. I urge you to respond immediately, to supplement your responses appropriately, and to produce the requested documents so that we can avoid the need to involve the Court in this matter.

Jonathan Rosen, Esq.
September 25, 2006
Page 8

    I look forward to hearing from you.

                                        Sincerely,

                                        Matthew C. Billips

MCB/slf

cc:    John R. Ates, Esq.

Jonathan Rosen, Esq.
September 25, 2006
Page 9

bc:   Jessica Cutler