UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | Magistrate Judge John M. Facciola |
| ) | |
| Defendant ) | |
| _____ ) | |

**REPLY MEMORANDUM IN SUPPORT OF
MOTION TO EXTEND DISCOVERY**

Plaintiff's vituperative arguments do not squarely meet the merits of Defendant's Motion to Extend discovery and are largely irrelevant to that Motion. However, lest the Court be left with a false impression, Defendant will respond to Plaintiff's contentions and further show the need for the requested extension of discovery:

### A.     Defendant Has Moved With Expedition to Conduct Discovery

Present counsel for Defendant entered an appearance in this case on August 7, 2006. At that point, discovery was stayed pending resolution of a motion to dismiss. The stay of discovery was lifted on August 22, 2006.

That same day, Defendant served Requests for Admissions, Interrogatories, and Requests for Production on Plaintiff. Exhibit 1. The next day, Defendant served a subpoena on Plaintiff's present employer, which Plaintiff unsuccessfully moved to quash. Exhibit 2-5.[1] Defendant has also served

---

[1] Plaintiff's claim to victory in that proceeding is false. The only limitation which the Court ultimately imposed on Defendant is that emails between Mr. Steinbuch and Mr. Rosen need not be produced and any other emails to which a privilege is claimed must be listed on a "privilege log." Defendant anticipates that these purportedly privileged emails will be shortly be Ordered produced as well.

Dockets.Justia.com

a subpoena seeking records from the <u>Kappel</u> matter in which Mr. Steinbuch has given testimony. Exhibit 6. Defendant has sought records from the United States Senate via letter request, which Defendant understands is the speedier of the options available to her. Exhibit 7. Those records are in the process of being gathered and reviewed for possible production.

Defendant has also sought to require Plaintiff to meet his discovery obligations. Upon receipt of the so-called Expert Statement from Plaintiff, after the deadline set by the Court (which expired during the stay of discovery), Defendant wrote demanding additional information which she has only received in part as of this date. Likewise, upon receipt of Plaintiff's responses to written discovery, Defendant promptly wrote to Plaintiff seeking supplementation and setting a ten day deadline for such supplementation. It has expired.

On September 26, 2006, four days after Plaintiff responded to discovery with such incredible obfuscation as to merit sanction, Defendant moved the Court for an extension of discovery. Defendant cited Plaintiff's obstructionist discovery responses, **<u>Plaintiff's counsel's unavailability</u>**, and an anticipated trial obligation of the undersigned counsel, which appears to be in the process of resolution.

Today, Defendant has filed a Motion to Compel discovery which, as the Court can see, should be granted in its entirety. In an abundance of caution, Defendant has served notice of deposition on Mr. Steinbuch for the last day of the discovery period, October 16, 2006. However, Defendant has not yet received adequate discovery responses from Plaintiff, even on matters basic to Plaintiff's burden of proof, such as his claimed damages, and should not be required to go forward with his deposition in the absence of such basic information.

Thus, on the merits, Defendant's Motion to Extend discovery should be granted. Defendant's Motion is necessitated by (a) the now expired stay of discovery; (b) Plaintiff's failure to adequately respond to discovery and efforts to obstruct third party subpoenas; and (c) the unavailability of both counsel during most of the remaining discovery period. Now, Defendant will turn to the other issues raised by Plaintiff.

**B.     Defendant Served – And Intends To File – A Motion For Sanctions Under Rule 11**

Anticipating that Plaintiff would be unable to meet his burden of proof on, inter alia, damages, Defendant served a **three page**[2] Motion for Sanctions under Rule 11 on September 7, 2006. Exhibit 8. Plaintiff's "safe harbor" period did not expire until September 28, 2006 and the deadline to supplement his discovery did not expire until today. Defendant is in the process of drafting her Memorandum of Law in Support of that Motion, a slight preview of which is contained in the Motion to Compel. See p. Motion to Compel, p. 36, citing King v. E.F. Hutton & Co., 117 F.R.D. 2, 5-6 (D.D.C. 1987). It is neither stale nor frivolous.

**C.     Defendant Wrote Plaintiff's Counsel In An Effort At Resolution Of This Case**

Defendant also wrote to Plaintiff's counsel, in an effort at persuading him that he should dismiss his claims. In that letter, the undersigned did, indeed, use the phrase "in cold blood." However, the context in which that phrase was used is as follows:

> Even more important, what does he think he is going to gain from this case? Ms. Cutler owes considerably more than she has in assets due to the legal bills she has incurred in defending against Mr. Steinbuch's claims. There is no insurance or

---

[2] Plaintiff's claim that this was a "twenty page" Motion is false and apparently gratuitously so. Defendant does not know why Plaintiff would misrepresent this fact, but it was obviously a misrepresentation, as can be seen from the attached Motion.

> indemnification agreement and no white knight who is going to ride to her rescue. If he wants to incur expenses – and run the risk that fees will be assessed against him (or you) – when the best he could expect is a Pyrrhic victory, that is a decision which he (and you) should make in cold blood and with a full understanding of the risks this course of action will entail.

Exhibit 9. While this letter does notify Plaintiff of the risks and consequences of pursuing his claims in the face of his inability to do so, it was hardly the threat of bodily harm which Plaintiff would apparently wish to imply with his selective excerpting.

### D. Defendant Accurately Represented Plaintiff's Counsel's Representations Regarding His Schedule And Failure To Commit Regarding The Requested Extension

When the undersigned counsel (Billips) spoke with Mr. Rosen regarding the requested discovery extension, Mr. Rosen notified the undersigned that he would be unavailable until after October 10. In fact, when the undersigned spoke with him regarding the deficiencies in Plaintiff's discovery responses last week, Mr. Rosen stated that he was in Texas and reiterated that he would not return to the office until early this week. Although Plaintiff glibly asserts that there has been some misrepresentation of his counsel's schedule, he fails to identify what, if any, representation regarding his schedule was false. Similarly, and in the context of these discussions, counsel for Plaintiff did not give an answer, either yes or no, regarding the requested extension, contrary to his present contention.

It may be that the dispute in this regard is not with counsel's recollection of the conversation, but with his client's understanding of a conversation to which he was not a party. The Response in opposition to the Motion to Extend Discovery appears to have been drafted not by counsel, but by Mr. Steinbuch himself. The Electronic Notice sent to Defendant regarding this Motion gives the

original file name as "C:\Documents and Settings\resteinbuch\Desktop\MASTER\Briefs\DC\Def Discovery\OppositionToMotionExtensionDiscovery.pdf."

To the undersigned, admittedly not a computer expert, that appears to indicate that the brief was written on and filed from Mr. Steinbuch's computer. This is consistent with his effort to argue his own Motion to Quash in the Arkansas Court, for which he was chastised by that Court. See Exhibit 10. Perhaps Plaintiff would be better served – and better able to avoid misrepresenting conversations between counsel – if **counsel** were to write, argue, and file the briefs in this case, as directed to do with respect to the filings in the District Court in Arkansas.

E. **Defendant Is Not "Judge Shopping"**

The Order of Referral to Magistrate Judge Facciola provides as follows:

> On April 5, 2006, the parties came before the Court for a motions hearing. At that hearing the Court informed the parties that it was referring this action to a magistrate judge for management and resolution of all discovery-related issues. Accordingly, it is hereby
>
> ORDERED that this matter is referred to Magistrate Judge John M. Facciola for the management of discovery in this case. Therefore, on any filing related to discovery the parties shall place the initials of Judge Paul L. Friedman and the initials of Magistrate Judge Facciola following the case number in the caption. On any other filings in this case, the parties shall place only the initials of Judge Paul L. Friedman after the case number.

Order, Docket No. 27. A motion to extend discovery is patently a "discovery-related issue" and a "filing related to discovery." Defendant captioned her Motion accordingly.

Moreover, while Plaintiff asserts that the extension of the discovery deadline will necessarily alter other deadlines as well, Defendant did not request (but would not oppose) such a modification of the other deadlines as set forth in the Scheduling Order. Defendant solely sought an extension of the discovery period and solely for the length of time during which discovery was stayed. As to

whether that requested extension would be a matter properly committed to the Magistrate pursuant to the Order of Referral, Defendant leaves it for the Court's resolution and neither has nor expresses any preference in the matter.

Respectfully submitted this 10th day of September, 2006.

/s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308
ph: (404) 969-4101
fax: (404) 969-4141
mbillips@mbalawfirm.com

**COUNSEL FOR DEFENDANT
JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,

ALBO & OBLON, LLP
2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | Magistrate Judge John M. Facciola |
| ) | |
| Defendant ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served a copy of "**REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXTEND DISCOVERY**" on defense counsel identified below by electronically filing a copy of same with the Clerk of Court by using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

Jonathan Rosen, Esq.  
1645 Lamington Road  
Bedminster, New Jersey 07921

Jonathan Rosen, Esq.  
1200 Gulf Blvd., 1506  
Clearwater, Florida 33767

This 10th day of September, 2006.

*S/ Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com