September 7, 2006

**BY FAX (727) 595-6952
AND UNITED STATES MAIL**

Jonathan Rosen, Esq.
1645 Lamington Road
Bedminster, New Jersey 07921

    RE:   ***Robert Steinbuch v. Jessica Cutler***
             U.S.D.C., District of Columbia
             Civil Action File No. 1:05-CV-970 (PLF)

Dear Jonathan,

    It is apparent from the motion to quash that you filed that you and your client have been under the impression that the discovery process in this case would primarily involve your client having an opportunity to try and expose the other individuals discussed in the Washingtonienne blog and ask my client whether she is a bad person. It is obvious that your client did not think through all that discovery in this case will involve, given that he claims reputational injury and severe emotional distress as a result of my client's alleged actions. Just so you know and so that you can plan for the future, discovery in this case will involve much, much more than that.

    We are, at present, pursuing informal fact gathering efforts and have served written discovery on you. We anticipate that we will pursue more formal discovery – in addition to that we have already served – to include:

1.    Third party subpoenas to all other prospective employers with whom Mr. Steinbuch sought employment and either 30(b)(6) depositions or depositions of identified individuals regarding the reason(s) he did not receive those positions;

Jonathan Rosen, Esq.
September 7, 2006
Page 2

2. Third party subpoenas to all of Mr. Steinbuch's health care providers seeking all of his medical records, and possibly the deposition(s) of his treating physician(s), in response to his claims of severe emotional distress;

3. Possibly a Rule 35 IME, depending on what is revealed by Mr. Steinbuch's health care records and treating providers;

4. A third party subpoena to counsel for the Kappels, seeking all documents, testimony, and any settlement agreement from that case;

5. Mr. Steinbuch's deposition;

6. Alyssa Rosen's deposition;

7. Depositions of the "friends and family" from whom he sought counsel regarding his claimed emotional distress, both arising from this matter and from other issues, such as the Kappel letters;

8. Such additional discovery as may be advisable based on the foregoing.

In this regard, I am writing to advise you, pursuant to Rule 11 of the Federal Rules of Civil Procedure, of our intention to file a Motion for Sanctions and seek the fees which will be necessitate by the discovery or other actions taken in this case. A service copy of that motion is attached and you are hereby given notice that the 21 day safe harbor period has begun to run.

    Your client has previously – and unsuccessfully – filed a claim for intentional infliction of emotional distress, in the Kappel case. Obviously, you are and your client is aware of the elements of that cause of action. Just as apparently, given his testimony in the Kappel matter, you can no more meet those elements here than you could in Kappel. His Declaration testimony is going to subject him to extensive cross examination on this issue, given the numerous inconsistencies between that Declaration and his Kappel deposition. That will all be fruitful ground for discovery.

Jonathan Rosen, Esq.
September 7, 2006
Page 3

     More fundamentally, if he really believes that his reputation was injured, I have to wonder – as did Judge Friedman – how he believes that this lawsuit is going to benefit him in any way. What does he intend to prove? I mean, he doesn't seem to deny the essential truth or accuracy of the Washingtonienne blog; he just quibbles about whether he liked spanking and hair pulling because Ms. Cutler asked for it or if he was really enjoying himself. This issue – while undoubtedly newsworthy – hardly seems to warrant a federal lawsuit.

     Even more important, what does he think he is going to gain from this case? Ms. Cutler owes considerably more than she has in assets due to the legal bills she has incurred in defending against Mr. Steinbuch's claims. There is no insurance or indemnification agreement and no white knight who is going to ride to her rescue. If he wants to incur expenses – and run the risk that fees will be assessed against him (or you) – when the best he could expect is a Pyrrhic victory, that is a decision which he (and you) should make in cold blood and with a full understanding of the risks this course of action will entail.

     Your responses to our discovery are due on September 25, 2006. Your decision regarding the enclosed Rule 11 motion – and any action resulting from that decision – will be due on September 28, 2006. I urge you and your client to consider carefully over the next few weeks, so that you do not later look back and wish that you had taken a different path.

     I look forward to hearing from you.

                                   Sincerely,

                                   Matthew C. Billips

MCB/slf

cc:    John R. Ates, Esq. (w/encl.)
       Beth M. Deere, Esq. (w/encl.)

Jonathan Rosen, Esq.
September 7, 2006
Page 4

bc:   Jessica Cutler