UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-0970 (PLF) |
| ) | |
| JESSICA CUTLER, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on plaintiff's motion for leave to file a first amended complaint and motion for leave to add an additional party. Defendant opposes the motion, arguing that the proposed amendment is futile. Upon consideration of the motion, opposition, and reply, the Court will grant plaintiff's motion to file an amended complaint and to add a party.

I.  BACKGROUND

The relevant events in this case took place over a time period of around two weeks and can be summarized briefly as follows. In May 2004, defendant Jessica Cutler was working as a staff assistant to United States Senator Mike DeWine. On May 5, 2004, she created a blog, entitled "Washingtonienne," on an Internet website. Over the next twelve days, the defendant wrote in the blog about her social and sexual activities with various men, including plaintiff Robert Steinbuch. On May 18, 2004, the website written by Ana Marie Cox and known as "Wonkette" (and available at www.wonkette.com) posted a link to defendant's blog,

whereupon it was circulated to a wide audience. Plaintiff filed suit in this Court on May 16, 2005, alleging three common law tort claims: two claims of invasion of privacy and one of intentional infliction of emotional distress. Defendant has since moved to dismiss this case twice, and the Court has denied both motions.

II.  DISCUSSION

Plaintiff moves for leave to amend his complaint and to add as a party defendant Ana Marie Cox, the operator of the Internet website known as "Wonkette." Defendant maintains that the Court should deny the motion to amend as futile because the proposed amended complaint would not survive her second motion to dismiss the original complaint, made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Specifically, defendant argues that the original and proposed amended complaints suffer from the same deficiencies: the majority of the harms alleged by the plaintiff fall outside the statute of limitations, and the defendant has not provided competent proof that those timely claims alleged satisfy the requisite jurisdictional threshold amount of more than $75,000 in damages. Defendant's Response in Opposition to Plaintiff's Motion to Amend Complaint and Defendant's Request for Leave to Supplement Plaintiff's Motion to Dismiss ("Def.'s Opp.") at 1-2. Defendant's

Rule 15(a) of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings, "when justice so requires." Fed. R. Civ. P. 15(a). See, e.g., Davis v. Liberty Mutual Insurance Co., 871 F.2d 1134, 1136-37 (D.C. Cir. 1989) ("It is common ground that Rule 15 embodies a generally favorable policy toward amendments") (citations omitted). The

presumption runs in the plaintiff's favor that he may amend his complaint "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962).

      The Court previously effectively rejected defendant's futility argument when it denied her second motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Ms. Cutler's argument regarding the statute of limitations depends on factual determinations of when and how she placed certain information in her blog that are properly the subject of discovery. The Court therefore will grant plaintiff's motion for leave to file an amended complaint and to add Ms. Cox as a defendant. The Court notes, however, that it has reservations regarding the addition of Ms. Cox as a party, given the tenor of the amended complaint.

      Mr. Steinbuch alleges in his proposed first amended complaint two forms of the common law tort of invasion of privacy -- that defendants' actions constituted the public disclosure of private facts and that they publicly placed him in a false light. Proposed First Amended Complaint ("Prop. Am. Compl.") ¶¶ 78, 79. The District of Columbia courts have adopted the Second Restatement of Torts' formulation of the law of invasion of privacy. Vassiliades v. Garfinckel's, Brooks Brothers, Miller & Rhoades, Inc., 492 A.2d 580, 587 (D.C. 1985). According to the Restatement, each of the forms of invasion of privacy under which plaintiff brings claims require him to demonstrate that the defendant has "give[n] publicity" to the matter in question. See RESTATEMENT (SECOND) OF TORTS § 652D (describing elements of

public disclosure of private facts claim); RESTATEMENT (SECOND) OF TORTS § 652E (describing elements of false light claim). "Publicity" in the sense that it is used regarding these claims for invasion of privacy differs from the term "publication" as used in connection with liability for defamation. RESTATEMENT (SECOND) OF TORTS § 652D cmt. a. "Publication" can mean communication to a single person. Id. The Second Restatement of Torts differentiates publicity as follows:

> "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as *substantially certain to become one of public knowledge*. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of *a communication that reaches, or is sure to reach, the public.*

Id. (emphasis added).

In his proposed amended complaint, plaintiff initially alleges that Ms. Cutler and Ms. Cox "worked together to invade [his] privacy." Prop. Am. Compl. ¶ 3. The majority of the complaint thereafter, however, contains factual allegations that Ms. Cutler alone placed information about Mr. Steinbuch on a blog that is described repeatedly as being "public," "publicly available," and otherwise generally accessible to the public to read. Id. ¶¶ 17, 18, 19, 22, 26, 30, 31, 34, 37, 39, 40, 41, 42, 43, 44, 46, 48, 49. He further alleges that it was Ms. Cutler who "hyper-linked to Anna (sic) Marie Cox's 'Wonkette' blog," and that she "wanted to have Cox spread the word regarding [her] blog." Id. ¶¶ 49, 50. Mr. Steinbuch's complaint, taken as a whole, suggests that he places the blame squarely on Ms. Cutler for publicizing certain matters by making them "substantially certain to become one[s] of public knowledge" and by making her blog "a communication that reaches, or is sure to reach, the public." RESTATEMENT (SECOND) OF

TORTS § 652D cmt. a. Furthermore, Mr. Steinbuch's own motion for leave to amend the complaint suggests that he may not consider Ms. Cox to be responsible for the publicity given to these matters: "Defendant [in her answer to the original complaint] . . . attempts to shift responsibility for publicizing her publicly-available blog that is set forth without password protection on the Worldwide Web, to 'somebody else' and Ana Marie Cox." Plaintiff's Motion for Leave to File a First Amended Complaint and Motion for Leave to Add An Additional Party at 2. Plaintiff goes on to state that as soon as he can learn the identity of the "somebody else" referenced in Ms. Cutler's Answer to the Original Complaint, he will seek leave to add that person as a defendant, as well. Id.

The Court is troubled by plaintiff's approach to this case, and his desire to add as defendants persons connected to Ms. Cutler's blog simply because she has mentioned them in her pleading. Nevertheless, because of the policy favoring liberal amendment of complaints and because the proposed amended complaint alleges in part that Ms. Cutler and Ms. Cox acted in concert to invade his privacy, the Court will grant leave for him to amend his complaint and add Ms. Cox as a party. The Court cautions, however, that plaintiff should seek to add defendants to this case only where he has a good faith belief that those persons are liable under the tort claims that he pleads and meet each element of those claims. See FED. R. CIV. P. 11(b), (c).

Accordingly, it is hereby ORDERED that plaintiff's motion for leave to file a first amended complaint and to add a party [37] is GRANTED. The first amended complaint shall be deemed filed as of the date of this Memorandum Opinion and Order.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: October 30, 2006