UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT STEINBUCH,                              )
                                               )
          Plaintiff,                           )
                                               )
v.                                             )     Case No. 1:05-CV-970 (PLF)
                                               )     Judge Paul L. Friedman
JESSICA CUTLER and ANA MARIE COX,              )
                                               )
          Defendants                           )
                                               )

**DEFENDANT JESSICA CUTLER'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant Jessica Cutler, by the through the undersigned counsel, and

Answers the First Amended Complaint filed by Plaintiff, as follows:

FIRST DEFENSE

Any and all of Plaintiff's alleged damages are directly and proximately caused by Plaintiff's

own conduct.

SECOND DEFENSE

Any statement made by Defendant relating to Plaintiff was true and/or was made in a good

faith belief in the truth of the statement.

THIRD DEFENSE

Plaintiff has and continues to have the opportunity to mitigate the damages alleged and has

failed and refused to do so.  In addition and/or in the alternative, Defendant is entitled to a set off

and reduction of any damages claimed by Plaintiff to the extent such damages have been mitigated.

FOURTH DEFENSE

There is no basis in law or fact for Plaintiff to seek or recover punitive or exemplary damages against Defendant.

FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel (including equitable and judicial estoppel) and laches.

SIXTH DEFENSE

Plaintiff's claims are barred by the one-year statute of limitations pursuant to D.C. Code § 12-301(4).

SEVENTH DEFENSE

Plaintiff has waived any expectation to privacy in his relationship with Defendant Cutler by expressly stating to her that he did not object to her disclosure of details of their sexual trysts, including their mutual spanking during sex and other details of their relationship and further waived and condoned such disclosures by continuing their relationship after knowledge that she had disclosed such information.

EIGHTH DEFENSE

Plaintiff has caused or contributed to the alleged harm to his reputation for which he seeks compensation by, inter alia, using his influence with Senator DeWine's senior staff to facilitate his romantic and/or sexual conquests in much younger and junior member(s) of Senator DeWine's staff; by engaging in a casual sexual relationship with a much younger and junior member(s) of Senator DeWine's staff; by openly discussing his sexual relationship with Defendant Cutler – including

details such as mutual spanking – with his co-workers on the United States Senate staff; by failing to seek anonymous or "John Doe" status for this Complaint when it was filed or to seek the Court's permission to file the pleadings under seal; by authorizing his counsel to make public statements regarding and to seek publicity for this lawsuit; by engaging in conduct toward students at the University of Arkansas which has caused students to accuse him of flirting with female students during class; and by other conduct harmful to his reputation.

NINTH DEFENSE

In his position as Counsel for the United States Senate Judiciary Committee, Antitrust, Competition Policy, and Consumer Rights Subcommittee for United States Senator Mike DeWine, Plaintiff was a public official having substantial influence on public policy, including the power to advise on law enforcement, crime, terrorism and homeland security issues; to negotiate and draft legislation; and to represent Senator DeWine before various groups.  As a result, he is obligated to prove that Defendant Cutler's speech was both false and made with knowledge of its falsity or reckless disregard for the truth or falsity of the speech.

TENTH DEFENSE

The conduct alleged by Plaintiff does not state a claim for relief against Defendant Cutler.

ELEVENTH DEFENSE

Plaintiff's alleged damages do not satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a).

TWELFTH DEFENSE

Plaintiff has sought and obtained damages for alleged emotional distress and reputational injury in other litigation, in Stienbuch (sic) v. Kappel, USDC, D.D.C., Civil Action File No. 04-cv-00188-RMC-AK, which substantially duplicate and overlap with the injuries alleged herein. Defendant Cutler is therefore entitled to a set off for any alleged damages claimed by Plaintiff for some or all of the amounts received by him in that case.

THIRTEENTH DEFENSE

Plaintiff is judicially estopped from alleging that Defendant Cutler's conduct was the proximate cause of his alleged emotional distress and/or reputational injury by his sworn testimony in the case of Stienbuch (sic) v. Kappel, USDC, D.D.C., Civil Action File No. 04-cv-00188-RMC-AK.

FOURTEENTH DEFENSE

Plaintiff's claims are barred by the immunities set forth in the Communications Decency Act.

I. INTRODUCTORY STATEMENT

1.

To extent Par. 1 merely states the contentions of the Plaintiff, no answer is required of Defendant. However, to the extent Par. 1 is intended to be a statement of fact requiring response, the allegations are denied.

-4-

2.

To the extent Par. 2 merely states the contentions of the Plaintiff, no answer is required of Defendant.  However, to the extent Par. 2 is intended to be a statement of fact requiring response, the allegations are denied.

3.

To the extent Par. 3 merely states the contentions of the Plaintiff, no answer is required of Defendant.  However, to the extent Par. 3 is intended to be a statement of fact requiring response, the allegations are denied.

## II.  THE IDENTITY OF THE PARTIES

4.

Admitted that Plaintiff's employment included working for the United States Senate Judiciary Committee.  Plaintiff also worked directly for Senator Michael Dewine as a legislative and policy advisor.

5.

Admitted.

6.

Admitted that, on information and belief, Ms. Cox worked for the company which owned the web-site "www.wonkette.com."  Ms. Cox's precise duties are a matter outside of the personal knowledge of Defendant Cutler.

7.

Defendant Cutler admits that she and Plaintiff Steinbuch are of diverse citizenship; Defendant Cutler is without personal knowledge of Defendant Cox's present State of residence.

III.  JURY TRIAL

8.

Defendant Cutler denies that Plaintiff can muster sufficient evidence to be entitled to trial by jury.

IV.  JURISDICTION AND VENUE

9.

Admitted that Plaintiff contends that jurisdiction is present in this Court on the basis of diversity of citizenship and amount in controversy; denied that Plaintiff's contentions regarding the amount in controversy are accurate or supported by evidence.

10.

Admitted that Plaintiff was a citizen of Maryland.

11.

Defendant Cutler admits that she does not reside in Maryland; Defendant Cutler is without personal knowledge of Defendant Cox's present State of citizenship.

12.

Denied.

13.

Denied that Defendant Cutler engaged in any acts giving rise to Plaintiff's claims; admitted that venue is proper in this Court.

## V. FACTUAL ALLEGATIONS

14.

Denied.  Defendant Cutler maintained a web log on which she  humorously described facts regarding her own life for the benefit of three of her friends.

15.

Denied.  Washingtonienne was the name of the blog.

16.

Denied.  Washingtonienne was a satirical reference to Washingtonian.

17.

Admitted that, at present, some web logs and internet sites may be password protected; denied that the web log which Defendant Cutler used could, to Defendant Cutler's knowledge, be password protected.  Denied that Defendant Cutler chose not to use password protection or otherwise intended that her web log become public.

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Defendant Cutler is without sufficient information to either admit or deny the allegations of this Paragraph and it is therefore denied.

29.

Denied that Defendant Cutler's blog was "X-Rated;" admitted that Cutler permitted one of her friends to inform one person of the existence of the blog.  Otherwise, denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

36.

Denied.

37.

Denied.  Defendant Cutler's web log described various events which occurred in her own life, including some details about her relationships with various men, written in a humorous and often self-deprecating tone for the benefit of her three friends.  The second sentence of Par. 37 is so

convoluted, argumentative, based on unsupported factual assumptions and replete with factual inaccuracies that it is difficult to respond.  However, trying her best, Defendant Cutler is without personal knowledge of the information possessed by Plaintiff, but denies the accuracy of his characterizations of her conduct or his contention that she deliberately or knowingly made her web log available to the public.

38.

Denied.  Defendant Cutler did not have nor represent to Plaintiff that she had a monogamous relationship with Plaintiff and is without sufficient information to either admit or deny the state of his knowledge regarding her other relationships.  Otherwise, and except as expressly admitted, this Paragraph is denied.

39.

Admitted that Cutler did not disclose the information which Plaintiff alleges she did not disclose, but denies that the predicate facts are accurately stated.  Denied that Ms. Cutler was "was recording the details of her relationship with Plaintiff on a public blog, making those details available to the public."  The second sentence of Par. 39 is also denied.  Otherwise, and except as expressly admitted, this Paragraph is denied.

40.

Defendant Cutler denies the characterization of the web log used by Plaintiff.  Defendant will stipulate to the authenticity of a true and accurate copy of the web log upon proper request.  Otherwise, and except as expressly admitted, this Paragraph is denied.

41.

Admitted that, after he filed this lawsuit, Plaintiff's identity was known to the public as being a sexual partner of Defendant Cutler. Denied that "a substantial segment of the community" or "public blog" are sufficiently defined so as to permit admission or denial and therefore this sentence is denied. Otherwise, and except as expressly admitted, this Paragraph is denied.

42.

Admitted that Defendant Cutler referred to Plaintiff as "Rob" on one occasion on her web log. Denied that Defendant Cutler made her web log publicly available. Otherwise, and except as expressly admitted, this Paragraph is denied.

43.

Admitted that Defendant Cutler referred to Plaintiff as "RS" on her web log. Denied that Defendant Cutler made her web log publicly available.

44.

Admitted that, on May 13, 2004, Defendant Cutler wrote that "RS" was Jewish; denied that Defendant Cutler wrote that "RS" was "Committee Counsel to the Senate Committee on the Judiciary" and, instead, wrote on May 5, 2004 that "he works in one of the Committee offices" and, on May 6, 2004 that he was "counsel;" admitted that Defendant Cutler wrote, on May 11, 2004, that Plaintiff had a four bedroom house in Bethesda; admitted that, on May 14, 2004, that Defendant Cutler wrote that Plaintiff has a twin; admitted that, on May 6, 2004, that Defendant Cutler wrote that Plaintiff "looks just like George Clooney when he takes off his glasses;" and admitted that, on May 6, 2004, Defendant Cutler wrote that she and Plaintiff had been intimate, including that

Plaintiff enjoyed spanking, both giving and receiving, facts which Plaintiff himself had disclosed to Plaintiff's co-workers. Otherwise, and except as expressly admitted, this Paragraph is denied.

45.

The allegations of Par. 45 are incomprehensible and not stated with sufficient clarity to permit them to be admitted or denied as stated without speculation as to Plaintiff's intended meaning. Therefore, Defendant Cutler denies the allegations of this Paragraph.

46.

Denied. Par. 46 contains out of context excerpts, which, because of the manner in which they were excerpted, present an inaccurate depiction of the substance of the web log. Otherwise, and except as expressly admitted, this Paragraph is denied.

47.

Denied. Defendant did copy a humorous article from the internet, published by Vice Magazine, at http://www.viceland.com/issues/v9n1/htdocs/gold_digging.php, which dealt with this subject. Otherwise, and except as expressly admitted, this Paragraph is denied.

48.

Denied.

49.

Denied.

50.

Denied.

51.

Admitted that the web site www.wonkette.com published a link to Defendant Cutler's blog on May 18, 2004, resulting in Defendant Cutler losing her job.  Otherwise, and except as expressly admitted, this Paragraph is denied.

52.

Denied.

53.

Defendant Cutler has insufficient information to either admit or deny this allegation and it is therefore denied.

54.

Admitted that www.wonkette.com linked to Defendant Cutler's web log.  Otherwise, and except as expressly admitted, this Paragraph is denied.

55.

Admitted that, on May 18, 2004, www.wonkette.com published edited excerpts from Defendant Cutler's web log, none of which related to her relationship with Plaintiff, without Defendant Cutler's knowledge or permission.  Otherwise, and except as expressly admitted, this Paragraph is denied.

56.

Denied.

57.

Denied.

58.

Denied.  A search of the Washington Post archives reveals that the first reference to Plaintiff by name was on May 18, 2005, two days after he filed suit against Defendant, in a story about the filing of the lawsuit.  Since then, there have been numerous internet and mainstream media articles which identify Plaintiff, solely as a result of his own conduct and express waiver of his purported privacy interests.

Of the purportedly mainstream media, only the Scotsman identified Steinbuch – repeating rumors which were never confirmed until Steinbuch's lawsuit – in July of 2004.  The Guardian did not identify Steinbuch until after he filed this lawsuit.  A search of the New York Times archives reveals no mention of Steinbuch, although there is an article by Jeffrey Rosen in December 19, 2004 which discusses Defendant.  A search of for references to Steinbuch on Fox Television News, The India Times, The New York Post, The National Enquirer, and The Star shows that, to the best of this Defendant's knowledge, information and belief, they have never used Steinbuch's name in any article.  Otherwise, and except as expressly admitted, this Paragraph is denied.

59.

Denied.  After Defendant Cutler was contacted by news media representatives, including Ms. Cox, she returned the call from Defendant Cox and spoke to her by telephone.  Otherwise, and except as expressly admitted, this Paragraph is denied.

60.

Denied.

61.

Admitted that Defendant Cutler met Cox at a local bar and had drinks.  Otherwise, and except as expressly admitted, this Paragraph is denied.

62.

Defendant Cutler lacks sufficient information to either admit or deny the allegations regarding the posting and deletion of photographs by Defendant Cox.  Defendant Cutler admits that she posed for humorous photographs with Defendant Cox. Otherwise, and except as expressly admitted, this Paragraph is denied.

63.

Admitted.

64.

Denied.

65.

Admitted that Defendant Cutler has a literary agent.  Otherwise, and except as expressly admitted, this Paragraph is denied.

66.

Denied.

67.

Admitted that Defendant Cutler and Defendant Cox appeared on a television news program together.  Otherwise, and except as expressly admitted, this Paragraph is denied.

68.

Denied.

69.

Denied.  During the period prior to and including May 18, 2004, the time period relevant to this case, Defendant Cutler sought no publicity for herself whatsoever.  Otherwise, and except as expressly admitted, this Paragraph is denied.

70.

Admitted that Defendant Cutler authored an article for the Guardian Newspaper Online; denied that it referenced Plaintiff or that Defendant Cutler "republished" her web log.  Otherwise, and except as expressly admitted, this Paragraph is denied.

71.

Defendant admits that she signed a contract with Playboy Magazine and posed for photos. Otherwise, and except as expressly admitted, this Paragraph is denied.

72.

Defendant admits that she signed a book contract with Hyperion Books to write a novel, i.e. a work of fiction, and admits that Hyperion marketed her book as a roman a clef, but denies the other allegations contained in paragraph 27 of the Complaint. Defendant denies that her novel mentions the name of Robert Steinbuch.  Otherwise, and except as expressly admitted, this Paragraph is denied.

73.

Denied.

74.

Denied.

75.

Denied.

## VI. Causes of Action for Invasion of Privacy – Including Public Disclosure of Private Facts and False Light

76.

Defendant Cutler repeats and incorporates her responses to Plaintiff's allegations in Pars. 1 through 75.

77.

Denied.

78.

Denied.

79.

Denied.

80.

Denied.

81.

Denied.

-17-

82.

Denied.

83.

Denied.

84.

Denied.

85.

Denied.

86.

Denied.

87.

Denied.

**VII. Cause of Action for Intentional Infliction of Emotional Distress**

88.

Defendant Cutler repeats and incorporates her responses to Plaintiff's allegations in Pars. 1 through 87.

89.

Denied.

90.

Denied.

91.

Denied.

92.

Denied.

93.

Denied.

94.

Denied.

WHEREFORE, Defendant Cutler respectfully requests:

a.    That Plaintiff's Amended Complaint be dismissed;

b.    That she recover from Plaintiff the reasonable costs, expenses, and attorneys'

    fees incurred in the defense of this action;

c.    Any other and further relief to which she may be entitled.

Respectfully submitted this 8th day of November, 2006.

/s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308
ph: (404) 969-4101
fax: (404) 969-4141
mbillips@mbalawfirm.com

**COUNSEL FOR DEFENDANT
JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,

ALBO & OBLON, LLP
2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT STEINBUCH,          )
                                )
       Plaintiff,           )
                                )
v.                              )   Case No. 1:05-CV-970 (PLF) (JMF)
                                )   Judge Paul L. Friedman
JESSICA CUTLER,          )   Magistrate Judge John M. Facciola
                                )
       Defendant      )
_____)

## **CERTIFICATE OF SERVICE**

       This is to certify that I have on this day served a copy of "**Defendant Jessica Cutler's**

**Answer to First Amended Complaint"** on defense counsel identified below by electronically filing

a copy of same with the Clerk of Court by using the CM/ECF System which will automatically send

e-mail notification of such filing to the following attorneys of record:

       Jonathan Rosen, Esq.                Jonathan Rosen, Esq.
       1645 Lamington Road            1200 Gulf Blvd., 1506
       Bedminster, New Jersey 07921    Clearwater, Florida 33767

       This 8th day of November, 2006.

                                     *S/ Matthew C. Billips*
                                     Matthew C. Billips
                                     Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com