UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT STEINBUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-970 (PLF) |
| | ) | Judge Paul L. Friedman |
| JESSICA CUTLER, | ) | Magistrate Judge John M. Facciola |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
ORAL REQUEST TO REVOKE THE PRO HAC ADMISSION
OF COUNSEL FOR DEFENDANT**

On November 28, 2006, without prior notice to Defendant or her counsel, Plaintiff orally requested that the Court revoke the pro hac admission of counsel for Defendant. His request appears to be based on a contention that it was improper for Defendant to have attached an exhibit to her Reply brief and a vague allegation regarding purportedly harassing or abusive discovery. It is unclear whether this was intended as a motion for relief or whether it is within the province of the Magistrate or the District Court. However, because Defendant had no notice of the issue prior to Plaintiff's request at the conference, Defendant and her counsel feel it necessary to provide a formal response.

Plaintiff's request, to the extent it was intended as a motion for relief, is barred by Local Rule 7(m),[1] in that there was no effort to meet and confer prior to the motion made in open court. Plaintiff's request is also barred by the very Voluntary Standards for Civility on which he relies to support his request, at Par. 23, which provides:

---

[1] If intended as a motion, it also fails to comply with Fed. R. Civ. Pro. Rule 7 and Local Rule 7(a) and (c). There was no written motion, no statement of points of authorities, and no proposed order. The scheduling conference at which the request was made would not constitute either a "trial" or a "hearing" at which any exigency excusing a written motion would exist.

> 23. We will not seek court sanctions or disqualification of counsel unless reasonably justified by the circumstances after conducting a reasonable investigation, **which includes attempting to confer with opposing counsel.** (emphasis added)

Mr. Rosen made no attempt to communicate with counsel for Defendant during the three weeks between the date the Reply was filed and the November 28 scheduling conference regarding this issue. As a result, his request should be denied on that basis alone.

This is not the first time this has occurred, as noted by the Court in the April 14, 2006 Order. As the Court stated at that time:

> Plaintiff's counsel, however, while arguing that defendant's counsel has violated various Federal Rules of Civil Procedure and Local Civil Rules, has himself failed to follow these rules. Specifically, plaintiff's consent motion for an extension of time is single-spaced, in violation of Local Civil Rule 5.1(f), and he does not appear to have consulted opposing counsel prior to filing either the motion to quash or the motion for a protective order, in violation of Local Civil Rule 7(m).

The Court struck the motions in question – at Docket Nos. 20 and 21 – from the record. Even assuming that the present failure to follow the same rule was merely inadvertent, the failure bars his request.

Had Plaintiff raised the issue in a timely manner, Defendant could have taken or agreed to various actions which would have avoided the present dispute. These could have included agreeing to a protective order under which the document would be sealed or removed from electronic access. Defendant could also have amended the brief to cite very same document as supporting the motion to compel a response to Interrogatory No. 61, as it bears directly on this issue (as well as several other discovery requests).

As noted in the Reply and at oral argument, whether Mr. Steinbuch's reputation was in fact suffering from any act attributable to Ms. Cutler – as opposed to his own actions or the actions of

third parties unrelated to Ms. Cutler – was discussed in reference to Interrogatory No. 61, at p. 12.
Mr. Rosen had previously claimed to this Court that Mr. Steinbuch was continuing – as of April 5,
2006 – to suffer from emotional distress and reputational injury among his students, which he
attributed to Ms. Cutler.  As a result, whether his reputation among his students was the result of his
own conduct unrelated to Ms. Cutler is clearly a proper subject for discovery.  C.f. Steele v. Isikoff,
130 F. Supp. 2d 23, 34 (D.D.C. 2000) (dismissing claim because injury to reputation was product
of plaintiff's own conduct).

        This Court has previously addressed this issue in this very case.  As the Court stated on April
5, 2006:

> Again, I agree that it's not stated in the complaint exactly what that harm is, but
> there's enough there – Mr. Rosen has made some statements today, it's a fruitful
> ground for discovery to – both document discovery and deposition discovery, what
> the harm was, has he really lost a job, has he really lost income, what has it done to
> his reputation in the communities in which he operates.

[Transcript of April 5, 2006 hearing, p. 56, Exhibit 1.].  Submission of evidence already obtained
which demonstrates that Plaintiff has failed to adequately respond to discovery on this alleged harm
is not improper.  Absent Court Order, based on a sufficient showing of good cause, such evidence
must be filed in open court.

        Obviously, the student evaluations bear on his reputation among his students and potentially
provide other sources of emotional distress.  As the Court in Arkansas ruled, deciding this exact
issue in denying Plaintiff's Motion for Clarification, they are properly a subject of discovery on this
claim.   In addition, the documents filed with the Court bear out our contention that further
information is required from Mr. Steinbuch regarding his claims for reputational, emotional, or other
injuries.

Contrary to his representations at the conference, both the Court and the University of Arkansas disagreed with his position that these records were not discoverable. Plaintiff contended that the University of Arkansas supported him with respect to his effort to withhold these evaluations, attaching what he represents to be an email from the Associate Dean, John Dipippa.[2] See Exhibit 2. Contrary to the representations in this email, counsel for the University of Arkansas wrote the Court on September 12, 2006, notifying the Court it stood ready and willing to comply with the subpoena. See Exhibit 3. The University did not object to the production of student evaluations at any time. Finally, attached as Exhibit 4 is the Order denying his motion on this exact issue, declaring unequivocally that the evaluations were discoverable. Thus, there is no evidence to support Plaintiff's assertion at the conference that there was or is any confidentiality restriction applicable to these records.

Mr. Rosen's representation that the evaluations were in some way withdrawn by the students in question is similarly unsupported in the record or in any of the documents or information of which Defendant or her counsel are aware. Assuming (without conceding) that the representation is accurate, it was not communicated to Defendant or her counsel prior to the November 28, 2006 conference and nothing has been provided on this issue to date other than Mr. Rosen's statement at the conference. Therefore, relying on the document in question as an exhibit – as evidence supporting our contention that further information is required in discovery from Mr. Steinbuch – is

---

[2] Although Mr. Steinbuch's emails were produced by the University of Arkansas, there is a two week gap in his emails which the University has indicated it is at a loss to explain. The purported email relied on by Mr. Steinbuch falls in this gap and was not produced by the University in response to the subpoena or Order. Defendant intends to question Mr. Steinbuch regarding this issue at his upcoming deposition.

-4-

in no way improper.  It was certainly not a violation of any provision of the Local Rules, the Voluntary Standards for Civility, or the Court's April 14, 2006 Order.

As stated above, Plaintiff's claims that this document is confidential are without basis.  He made no effort to seek confidentiality for these documents in connection with the motion to quash filed in Arkansas: he simply sought to bar access to the records by Defendant.  Defendant disputes counsel's contention that the publicity the filings in this case may receive is evidence of improper conduct of Defendant's counsel.   By seeking disqualification of Defendant's counsel because of publicity associated with filings directly relating to issues before this Court – the nature, extent, origins, and existence of his claimed damages – Plaintiff is in effect asking this Court to disregard the Order from April 14, 2006:

> As for plaintiff's motion for a protective order, it essentially requests that the Court place a gag order on the defendant and her counsel throughout the course of this litigation because the plaintiff objects to how the defendant's counsel has characterized the Court's April 5, 2006 ruling and because the plaintiff is distressed by the fact that this lawsuit has drawn media attention. Perhaps the plaintiff should have considered that fact before he filed suit. Perhaps plaintiff's counsel should consider that fact before filing motions in which he repeats salacious details and allegations seemingly without regard for the distress that other persons might feel at these public filings. See Plaintiff's Motion to Disqualify Counsel; Plaintiff's Motion for Protective Order. The Court will not order a prior restraint on the free speech of the defendant or her counsel merely because the plaintiff is piqued by the media interest his own lawsuit has sustained or heightened and because he disagrees with the defendant and her attorney on what constitutes a matter of opinion (that is, what effect the Court's April 5, 2006 ruling might have on this case in the future after discovery is completed).

[Order, p. 2-3].

Finally, Defendant would like to formally respond to Mr. Rosen's continued accusation that her counsel has engaged in harassing and abusive discovery.  His claim is apparently based on the

limited discovery served to date and the intentions expressed in counsel's September 7, 2006 letter.

This discovery pursued thus far which appears to be at issue is as follows:

1.    A subpoena on his present employer, which the Arkansas Court (also familiar with the allegations raised by Mr. Steinbuch by virtue of the separate lawsuit filed in that Court) has ruled was proper. This subpoena directly relates to areas of discovery identified by the Court at page 56 of the April 5, 2006 transcript.

2.    Efforts to obtain information regarding his medical condition(s) and treatment, which is what "any litigant will do when confronted with a claim of emotional distress." Lebron v. Powell, 217 F.R.D. 72, 76-77 (D.D.C. 2003). It is exactly what this Court contemplated. Id.

3.    Discovery of the documents relating to the Kappel case, in which Mr. Steinbuch claimed (and was compensated for) reputational harm and emotional distress which he claimed was on-going as of his deposition in September of 2004. It is relevant on nature, extent, duration, treatment, and causation of his alleged damages.

4.    Discovery regarding his claims to have suffered emotional distress or reputational injury. This list of potential deponents only includes Mr. Rosen's wife, Alyssa Eidelberg Rosen, because Plaintiff filed an affidavit from her in which she gave testimony on these very issues. Thus, it is Plaintiff who has interjected her into these proceedings, not Defendant.

All of the discovery Defendant is seeking is what should be expected in a case of this nature. This exactly what counsel for Defendant communicated on September 7, 2006.

Mr. Rosen also takes issue with Defendant's service of a Rule 11 Motion on him and his client in accordance with the safe harbor provisions of the Rule. This Motion has not yet been filed because Defendant intends to complete discovery – the "reasonable investigation" to demonstrate the absence of factual basis for his claims – before filing this Motion. Defendant's investigation and her communication with Mr. Rosen regarding this motion – before it is actually filed – are what both Rule 11 and Par. 23 of the Voluntary Standards require.

That being said, on the present record, it is apparent that at least one of Plaintiff claims – phrased by the Court as "has he really lost a job, has he really lost income" – runs afoul of Rule 11.

Mr. Steinbuch has affirmatively stated that he has no information supporting his claim to have suffered any monetary loss as a result of Ms. Cutler's alleged conduct and he flatly refuses to produce any such information in discovery.  He was required, under Rule 11, to have information supporting this claim before seeking such damages.  King v. E.F. Hutton & Co., 117 F.R.D. 2, 5-6 (D.D.C. 1987).  Defendant's service of a Rule 11 Motion, therefore, was appropriate and, on this record, will (when filed) likely merit an award of attorneys' fees.

In sending this Motion and the letter to which it was attached, Defendant's counsel recognized that Mr. Steinbuch and/or his counsel's emotions appear to be running high in this case. As the Court suggested on April 5, 2006, "there are some kinds of cases – you know, when it's about money, lawyers can work things out.  Sometimes when it's about sex, they can't work it out as easily . . . ."  It was for this reason that Defendant's counsel asked in the September 7 letter that Plaintiff and his counsel consider this issue without emotion – "in cold blood" – when assessing the risks, costs and benefits of pursuing this lawsuit.  Defendant urged Plaintiff and his counsel to try and set aside their emotions when considering the risk that they could be assessed monetary sanctions associated with the pursuit of these frivolous claims.  Plaintiff's effort to couch this as "threatening" is far fetched, to say the least.

Finally, the undersigned counsel have the greatest respect for this Court, the Local Rules, and the obligation of civility between counsel and the parties.  The record does not support Plaintiff's contention that Defendant's counsel have violated either the letter or spirit of the Rules in their effort to zealously advocate on behalf of their client.  However, as the Court recognized in the April 5, 2006 hearing and April 14, 2006 Order, the nature of Mr. Steinbuch's allegations and the manner in which he has publicly pursued them make it difficult for Ms. Cutler to defend herself

without delving into matters as to which Mr. Steinbuch might desire to preclude discovery. Defendant and her counsel will continue to prosecute the defense of this case with an appropriate sensitivity to all affected parties, considering the needs of the case.

In summary, while Plaintiff has accused Defendant's counsel of harassing and abusive discovery conduct justifying revocation of pro hac admission, it should be apparent that nothing of the kind has occurred. Defendant asks that the Court will consider this response to these accusations and reject Plaintiff's request.

Respectfully submitted this 4th day of December, 2006.

/s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308
ph: (404) 969-4101
fax: (404) 969-4141
mbillips@mbalawfirm.com

**COUNSEL FOR DEFENDANT**
**JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,

ALBO & OBLON, LLP
2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT STEINBUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| | ) | Judge Paul L. Friedman |
| JESSICA CUTLER, | ) | Magistrate Judge John M. Facciola |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served a copy of "**DEFENDANT'S RESPONSE TO PLAINTIFF'S ORAL REQUEST TO REVOKE THE PRO HAC ADMISSION OF COUNSEL FOR DEFENDANT**" on defense counsel identified below by electronically filing a copy of same with the Clerk of Court by using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

Jonathan Rosen, Esq.                 Jonathan Rosen, Esq.
1645 Lamington Road              1200 Gulf Blvd., 1506
Bedminster, New Jersey 07921     Clearwater, Florida 33767

This 4th day of December, 2006.

                                   *S/ Matthew C. Billips*
                                    Matthew C. Billips
                                    Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com