# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT STEINBUCH, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-970 (PLF/JMF) |
| JESSICA CUTLER and ) ANA MARIE COX, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This case has been referred to me for resolution of all discovery disputes. Currently before me are plaintiff's oral motion to disqualify counsel, <u>Plaintiff's Motion to Compel</u> [#47], defendant's <u>Motion to Extend Discovery</u> [#49] ("Motion to Extend"), and <u>Defendant's Motion to Deem Rule 36 Requests Admitted, Motion to Compel Discovery, and Alternative Motion to Preclude Evidence</u> [#62] ("Defendant's Motion to Compel"). For the reasons stated below, I will recommend plaintiff's motion to disqualify counsel be denied, Plaintiff's Motion to Compel will be denied, defendant's Motion to Extend will be denied as moot, and Defendant's Motion to Compel will be granted in part and denied in part.

## BACKGROUND

On May 5, 2004, defendant Jessica Cutler, while working as a staff assistant to United States Senator Mike DeWine, created an Internet blog known as the "Washingtonienne." For the following twelve days, Cutler posted various blog entries detailing her social and sexual activities with various men, including plaintiff Robert

1

Steinbuch. On May 18, 2004, another Internet site known as "Wonkette" and written by Ana Marie Cox, posted a link to Cutler's blog, which expanded the audience for Cutler's writings. Plaintiff Steinbuch filed the instant action on May 16, 2005, against defendant Cutler, alleging two claims of invasion of privacy and one claim of intentional infliction of emotional distress.

Cutler first moved to dismiss the action for failure to state a claim, and that motion was denied on April 5, 2006. After Cutler filed a second motion to dismiss for lack of jurisdiction, Judge Friedman stayed discovery of this case on June 30, 2006, pending the motion's outcome. The stay was lifted when the second motion to dismiss was denied on August 22, 2006. The present discovery motions at issue followed. On October 13, 2006, this Court stayed all discovery again, but later allowed briefing to continue for discovery motions already filed. On October 30, 2006, Judge Friedman granted plaintiff's motion to amend the complaint and add Ana Marie Cox as a defendant. The amended complaint was filed the same day, alleging two claims against both defendants for invasion of privacy and one claim against both defendants for intentional infliction of emotional distress. A status and scheduling hearing was held in this case on November 28, 2006.

## DISCUSSION

I.  Plaintiff's Motion to Disqualify Counsel[1]

This case was referred to me for purposes of discovery. At the hearing on November 28, 2006, plaintiff orally moved the Court to disqualify defense counsel Matthew Billips for various ethical violations related to discovery. As the admission to

---

[1] The parties presented this question as a discovery issue and argued the matter before me in that capacity. For jurisdictional purposes, I rule on the motion in the capacity of a recommendation to the district judge, who granted admission *pro hac vice* to defense counsel.

this court's bar *pro hac vice* was granted to Billips by the district judge, I am without jurisdiction to revoke his *pro hac vice* status. See In re Belli, 371 F. Supp. 111, 112 (D.D.C. 1974). Nonetheless, after hearing argument on the motion, I offer my recommendation to the district judge.

Plaintiff argues Billips violated Judge Friedman's order of August 22, 2006, to exhibit conduct in accordance with the Federal Rules of Civil Procedure, Local Civil Rules of this Court, and the D.C. Bar Voluntary Standards for Civility in Professional Conduct when Billips filed his Reply brief for Defendant's Motion to Compel. According to plaintiff, Billips committed ethical violations by testifying within the brief itself and by attaching anonymous student evaluation forms as an exhibit to defendant's Reply brief for her Motion to Compel, the sole purpose of which was to embarrass Steinbuch.

In response, Billips argues he committed no ethical violation. The attachment, which was received from Steinbuch's employer in response to a subpoena, goes directly to disputing plaintiff's claim of ongoing harm to his reputation among and relationship with students as a result of the Washingtonienne blog. Additionally, defendant offers the attachment to dispute plaintiff's response to defendant's Interrogatory No. 64, which requests information relating to any discipline by an employer of Steinbuch "for any behavior or conduct which was directed toward any female employee(s)." The anonymous student evaluations, according to defendant, suggest potential discipline by his employer, the University of Arkansas, for Steinbuch's treatment of certain female students.[2] Furthermore, the salacious details offered willingly by plaintiff in his non-

---

[2] The vague and obfuscating response of plaintiff to this interrogatory, which, other than stating objections, consists entirely of "Plaintiff responds," is addressed later in this Memorandum Opinion.

anonymous Complaint led Judge Friedman to refuse to enter a protective order or otherwise seal documents in this case due to Steinbuch's own role in its publicity. As a result, Billips claims he has done nothing improper to merit any sanctions against him, especially anything to warrant his disqualification.

The grant of admission to a nonresident attorney to appear in this court *pro hac vice* is not a right but a privilege, "the granting of which is a matter of grace resting in the sound discretion of the presiding judge." In re Belli, 371 F. Supp. at 112. Once admitted *pro hac vice*, attorneys are expected to adhere to the same rules of procedure and professional conduct as members of the bar of this jurisdiction. See Local Rules 83.2 and 83.12.

A federal court has the power to control admission to its bar and to discipline attorneys who appear before it. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991); Lucas v. Spellings, 408 F. Supp. 2d 8, 10 (D.D.C. 2006). In Chambers, the Supreme Court emphasized that "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with powers to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers, 501 U.S. at 43 (internal citations omitted). This power must be exercised with great caution, however. Id. Any sanction imposed must be carefully calibrated and be no greater than necessary to achieve the purpose for which the sanction is imposed. Bonds v. District of Columbia, 93 F.3d 801, 808-13 (D.C. Cir. 1996).

Revocation of *pro hac vice* status is rare in this Circuit, as evidenced by the dearth of case law on this topic and the absence of any legal authority provided by plaintiff. This is not surprising, as any motion to disqualify counsel faces the extraordinarily high

4

burden articulated by the Court of Appeals in Koller v. Richardson-Merrell, Inc., 737 F.2d 1038, 1056 (D.C. Cir. 1984), vacated on other grounds, 472 U.S. 424 (1985).  In Koller, the court held that disqualification may be ordered only when the conduct is in violation of the rules of professional conduct to the point of undermining the court's confidence in the vigor of counsel's representation of her client or where the attorney is in a position to use confidential information concerning her client's opponent gained from a prior representation.  As the D.C. Circuit stated:

> We agree [with the Second Circuit] that disqualification is warranted only rarely in cases where there is neither a serious question as to counsel's ability to act as a zealous and effective advocate for the client, nor a substantial possibility of an unfair advantage to the current client because of counsel's prior representation of the opposing party, or prior responsibility as a government official.  Except in cases of truly egregious misconduct likely to infect future proceedings, other means less prejudicial to the client's interest than disqualifying the counsel of her choice are ordinarily available to deal with ethical improprieties by counsel.

Id. at 1056 (citations omitted).

The behavior of defense counsel in filing anonymous student evaluations without placing them under seal certainly deserves admonition.  Billips himself acknowledges that the interrogatory speaks of Steinbuch's being disciplined for behavior directed by Steinbuch toward "employees."  Students are not employees, and nothing about the document filed suggests disciplinary measures by the University of Arkansas.  By the same token, defendant asked in Interrogatory No. 64 whether plaintiff could identify any documents that related to counseling or reprimands by employers of plaintiff for conduct directed at female coworkers.  Plaintiff objected on the grounds that the information sought was unduly burdensome to produce and was irrelevant and immaterial.  Plaintiff also stated enigmatically "Plaintiff responds.", whatever that means.  Defendant protested that she questioned plaintiff's "unverified assertion that there is no information to

5

provide." <u>Reply Memorandum in Support of Motion to Deem Rule 36 Requests Admitted, Motion to Compel Discovery, and Alternate Motion to Preclude Evidence and Incorporated Memorandum of Law</u> at 12. She then attached the evaluations in which some of the students complained that plaintiff was flirting with the female students in class. Allowing for exaggeration or overstatement, defendant insisted that it was hard to believe that plaintiff had not been counseled about such behavior.

The production of the evaluations had a point: it was so likely that plaintiff had been counseled that there had to be information pertaining to such counseling. I cannot say that that argument is so attenuated as to be sanctionable or that it is so obvious that production of the evaluations had no other purpose besides embarrassing plaintiff. Plaintiff has therefore not met the high standard to merit revocation of defense counsel's *pro hac vice* status.

Though the Court will not recommend revocation of the *pro hac vice* status of defense counsel at this time, it will remind all counsel in this case that appropriate sanctions are permissible for violations of the rules of discovery and professional conduct and, if such misconduct continues, may be appropriately imposed. Furthermore, given the behavior of counsel for both parties in this case, both parties are ordered not to file one single document of discovery, for any reason, without first receiving permission from this Court to do so, after providing specific grounds stating the reason such a filing is necessary.

II.   <u>PLAINTIFF'S MOTION TO COMPEL</u>

Plaintiff's Motion to Compel seeks to compel discovery responses from defendant. However, his motion, consisting entirely of one paragraph, fails to adhere to

this Court's rules of procedures. Local Rule 7(a) states: "Each motion shall include or be accompanied by a statement of the specific points of law and authority that support the motion, including where appropriate a concise statement of facts." Local Rule 7(a). Plaintiff fails to provide any memorandum of law or any legal authority supporting his claim. Plaintiff's motion is therefore denied.

III.     DEFENDANT'S MOTION TO EXTEND DISCOVERY

In her motion, defendant asks the Court to extend discovery an additional sixty days to December 15, 2006. At the status and scheduling hearing in this case on November 28, 2006, given multiple prior stays of proceedings, parties agreed to a new discovery deadline of January 29, 2007, for these parties. As a result, Defendant's Motion to Extend is denied as moot.

IV.     DEFENDANT'S MOTION TO DEEM RULE 36 REQUESTS ADMITTED, MOTION TO COMPEL DISOVERY, AND ALTERNATIVE MOTION TO PRECLUDE EVIDENCE

Defendant seeks to deem certain discovery requests admitted, compel responses to other discovery requests, or alternatively preclude plaintiff from presenting certain evidence and witnesses. As will now be established, many of defendant's discovery requests are already answered in full, overly broad, or otherwise objectionable. The plaintiff will be compelled to answer other requests. Since defendant complains of multiple discovery requests, the chart below summarizes the request, plaintiff's objection and any additional response, and the Court's ruling with stated reasoning.

| NUMBER | SUMMARY OF REQUEST FOR ADMISSION | SUMMARY OF RESPONSE | COURT'S RULING |
|---|---|---|---|
| 12 | Prior to May 16, 2004, plaintiff disclosed his relationship with defendant to one or more third parties. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; otherwise plaintiff denies. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 13 | Prior to May 16, 2004, plaintiff discussed his relationship with defendant with one or more third parties. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; otherwise plaintiff denies. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 14 | Prior to May 16, 2004, plaintiff discussed spanking in his relationship with defendant with one or more third parties. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; assumes facts not established; otherwise plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 15 | Prior to May 16, 2004, plaintiff discussed oral sex in his relationship with defendant with one or more third parties. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; otherwise plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 16 | Prior to May 16, 2004, plaintiff discussed sex in the missionary position in his relationship with defendant with one or more third parties. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; otherwise plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 17 | Prior to May 16, 2004, plaintiff was aware that his relationship with defendant was known to others employed by Senator Mike DeWine. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |

| 18 | Prior to May 16, 2004, plaintiff discussed his relationship with defendant with others in Senator DeWine's office. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |
|---|---|---|---|
| 19 | Prior to May 16, 2004, plaintiff was aware that his relationship with defendant was known to others employed by judiciary committee. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 20 | Prior to May 16, 2004, plaintiff discussed his relationship with defendant with others employed by judiciary committee. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 21 | Prior to May 16, 2004, plaintiff was aware that his relationship with defendant was known to others employed by U.S. Senate. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 22 | Prior to May 16, 2004, plaintiff discussed his relationship with defendant with others employed by U.S. Senate. | Unduly burdensome; irrelevant and immaterial; overbroad and vague; plaintiff denies to extent request can be deciphered. | Plaintiff has responded with a denial. Nothing further is necessary. |
| 23-50 | Each request restates each blog entry with request for admission relating to date of blog posting. | Same response to each blog entry. Unduly burdensome; irrelevant and immaterial. "Defendant's blog is known as the Washingtonienne; Defendant's complete blog is set forth in the complaint. The complete blog was available on May 18, 2004. | Overruled. Plaintiff should respond to each request with an indication of the truth or falsity of the date on which the blog entry was posted. |

| NUMBER | SUMMARY OF INTERROGATORY OR DOCUMENT REQUEST | SUMMARY OF RESPONSE | COURT'S RULING |
|---|---|---|---|
| 51 | List all facts upon which any denial of a request for admission above is based. | Unduly burdensome; irrelevant and immaterial; "lack of complete truth/accuracy." | Overruled. "Lack of complete truth" is not a sustainable objection. The facts are relevant to plaintiff's claims and defendant has a right to the request. |
| 52 | Provide all documents to support above denials. | Unduly burdensome; irrelevant and immaterial. | Overruled. If any documents exist pertaining to denial of any admission requests, plaintiff must produce them to the defendant. |
| 54 | Describe all direct interaction plaintiff had with defendant since January 1, 2004. | Unduly burdensome; irrelevant and immaterial. "Plaintiff had numerous interactions with Defendant during this time period." | Sustained; instead, the interrogatory must be narrowed to the period of May 1, 2004, to June 15, 2004, but may include all contact between plaintiff and defendant, to include physical contact and by any form of communication whatsoever. |
| 55 | Identify all third parties with whom plaintiff discussed his interactions with defendant, including date and substance of conversations. | Unduly burdensome; irrelevant and immaterial; "overbroad, vague, and seeks privileged information." | Overruled. Defendant is to fully respond to the interrogatory. |

10

| | | | |
|---|---|---|---|
| 56 | Describe any action taken by defendant to cause harm, including date, description, response, and reason for liability. | Unduly burdensome; irrelevant and immaterial; "Defendant's blog caused Plaintiff harm by invading his privacy and intentionally causing emotional distress from May 2004 until obtaining his current employment." | Overruled. Plaintiff must specify the specific harm done to him and the date the harm was sustained. |
| 57 | State each part of the blog plaintiff contends is false and what actually happened instead. | Unduly burdensome; irrelevant and immaterial; otherwise responds "among other things the following is false: D's discussions re: handcuffs, Chief of Staff, events concerning W and other characters in the blog, statements made by P, sexual encounters and statements." | Overruled. Plaintiff is to fully respond to the interrogatory. |

| 58 | Describe harm to plaintiff in seeking employment, including prospective employer, title and job description, contact information for each prospective employer, compensation and benefits for each job, reason for not receiving the job, and each person who told plaintiff he would not get the job. | Unduly burdensome; irrelevant and immaterial; otherwise responds: "Hamline Law School, Dean John Garron, St. Paul, MN; Charlston (sic) Law School, Dean Richard Gershon, Charlston (sic), SC; Washington DC legal recruiters, names unknown." | Overruled. Plaintiff should, at the point of filing suit, be able to explain the basis of his suit by explaining the damage to employment prospects. If the extent of the harm is not yet known, plaintiff should respond with the harm that is known at this point. He should specify which law schools and legal recruiters declined to interview him or offer him employment because of the blog and which of them specifically so indicated. |
| --- | --- | --- | --- |
| 59 | Itemize monetary damages for loss of income and benefits. | Unduly burdensome; irrelevant and immaterial; otherwise responds: "specifics unknown at this moment." | Overruled. Response is utterly deficient. Plaintiff should know at this point damages, if any, due to lost employment prior to his current employment. |
| 60 | If seeking damages for physical, mental, emotional, or psychological injury, identify names of health care providers. | Unduly burdensome; irrelevant and immaterial; otherwise responds: "Plaintiff saw Dr. in DC area as a result of damages caused by Defendant's blog subject to this suit. Name unknown at this moment." | Overruled. Plaintiff is to provide names of any health care providers responsive to the interrogatory or acknowledge there were none. |

| 61 | Specify additional damages caused by defendant, including type, amount, description, when damage occurred, basis of recovery, and identify related documents. | Unduly burdensome; irrelevant and immaterial. "Plaintiff's damages are invasion of his privacy, emotional distress, lost job opportunities, and loss of a friend." | Overruled. Plaintiff is to provide details relating to response. |
|---|---|---|---|
| 62 | If claiming damages for physical, mental, psychological, or emotional injury, identify any other health provider in last ten years. | Unduly burdensome; irrelevant and immaterial; overbroad and duplicative. | Sustained. Request is overly broad. |
| 64 | Identify anything relating to counseling, reprimands by employers of plaintiff for conduct directed at female coworkers. | Unduly burdensome; irrelevant and immaterial. "Plaintiff responds." | Overruled. Plaintiff must clarify response with either responsive facts or indicate that no such materials exist. |
| 65 | Identify names of all individuals whom plaintiff sought to enter romantic, dating, or sexual relationship with since January 1, 2004, and whether each person agreed; dates and number of times plaintiff interacted with each individual; and anyone plaintiff discussed these relationships with. | Unduly burdensome; irrelevant and immaterial. | Sustained. This is patently overly broad. |
| 71 | Identify any person with discoverable information for plaintiff's claims or defendant's defenses and what knowledge each individual is believed to possess. | Unduly burdensome; irrelevant and immaterial. Provides 15 names with addresses, and also identifies "former and current U.S. Senate Judiciary staff; former and current staff of Senator Dewine (sic), former and current staff of the United States Senate." | Overruled. Plaintiff should supplement the response with an indication of the specific knowledge each person has. |

| | | | |
|---|---|---|---|
| 72 | Produce any documents identified in response to Interrogatory 71. | Unduly burdensome; irrelevant and immaterial. | Overruled. Plaintiff should produce responsive documents or appropriately indicate that no such documents exist. |
| 75 | Identify each document to support claims in Complaint or defenses in Answer. | Unduly burdensome; irrelevant and immaterial. "Material sought is work product." | Overruled. Plaintiff must produce responsive documents or provide a privilege log pursuant to Rule 26(b)(5) for any documents withheld due to privilege. |
| 76 | Produce any documents identified in response to Interrogatory 75. | Unduly burdensome; irrelevant and immaterial. | Overruled. Plaintiff must produce responsive documents or provide a privilege log pursuant to Rule 26(b)(5) for any documents withheld due to privilege. |
| 77 | Describe any mitigation efforts undertaken by plaintiff. | Unduly burdensome; irrelevant and immaterial; "request is overbroad." | Overruled. Plaintiff is to respond to the interrogatory in full. |
| 78 | Produce all emails "to, from, by, and/or regarding Defendant" since January 1, 2004. | Unduly burdensome; irrelevant and immaterial. | Overruled in part. Plaintiff is to respond to the request for production in full as to emails to or from the defendant in the period of May 1, 2004, to June 15, 2004. |

## CONCLUSION

For the reasons discussed, I recommend plaintiff's motion to disqualify counsel be denied, Plaintiff's Motion to Compel is denied, defendant's Motion to Extend is denied as moot, and Defendant's Motion to Compel is granted in part and denied in part. An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: