UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | Magistrate Judge John M. Facciola |
| ) | |
| Defendant ) | |
| ) | |

DECLARATION OF JOHN R. ATES
FILED WITH DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL OR DEEM ADMITTED
DEFENDANT CUTLER'S RESPONSES TO PLAINTIFF'S REQUESTS FOR
ADMISSIONS, INTERROGATORIES, AND DOCUMENT REQUESTS

COMES NOW John R. Ates and, pursuant to 28 U.S.C. § 1746, makes the following Declaration:

1.

My name is John R. Ates. I am over the age of twenty-one and suffer from no legal disabilities. This Declaration is made upon my own personal knowledge and is filed in regard to Defendant's opposition to Plaintiff's motion to compel, filed December 15, 2006.

2.

I am at attorney with Albo & Oblon, LLP, which is local counsel to and represents Defendant Jessica Cutler in this matter.

3.

I personally contacted Mr. Jonathon Rosen, counsel for Plaintiff, on December 15, 2006 at approximately 11:30 am to discuss discovery matters. The primary purpose of my call was to meet and confer and gain a better understanding of why Plaintiff Steinbuch was

opposing a subpoena Defendant Cutler served on defense counsel regarding materials from another case involving Plaintiff Steinbuch, Stienbuch (sic) v. Kappel, USDC, D.D.C., Civil Action File No. 04-cv-OOl 88-RMC-AK.

4.

During the December 15, 2006 conversation with Mr. Rosen, we discussed Plaintiff Steinbuch's concerns regarding the subpoena seeking documents from the Kappel case. After that discussion, we briefly touched on matters relating to Plaintiff's motion to compel, which had been denied by the Court. See December 8, 2006 Memorandum Opinion (Docket #65) and accompanying Order (Docket #64). In that discussion, I wanted to arrange a meet and confer conference in accordance with Local Civil Rule 7(m), given that my co-counsel, Matt Billips, had attempted unsuccessfully on several occasions to gain an understanding of Plaintiff's concerns regarding Defendant Jessica Cutler's responses to Plaintiff's discovery. In a December 14, 2006 email, I, too, had tried to gain an understanding of the issues. That email stated as follows:

> Mr. Rosen,
>
> If you have any concerns or questions regarding Defendant's responses to discovery, in addition to calling Matt, you may call me to discuss them by phone. After reading your and Matt's most recent exchanges, I still am at a loss as to what Plaintiff's contentions are as to how or why Defendant's responses are deficient. Please call me to enlighten me.
>
> Best,
>
> John R. Ates

Given the prior disagreements between my co-counsel and Mr. Rosen, I wanted to interject myself into the meet and confer process to see if we could resolve some of the disputes short of court intervention.

5.

During our brief discussion regarding Defendant's discovery responses, I noted that I did not have the discovery requests in front of me, but generally inquired as to Plaintiff's basis for seeking some of the requested documents or information (such as information relating to whether Plaintiff had ever used illegal drugs). After a short and very general conversation, I again noted that I needed to have the discovery requests in front of me so that we could have a full discussion of what was requested and to see if we could narrow the areas of apparent disagreement. I needed to refresh myself as to the specific areas of disagreement and be able to respond to Plaintiff's concerns or issues raised, as my co-counsel had primarily handled the matter in August and September prior to the Plaintiff's initial motion to compel being filed.

6.

The entire December 15, 2006 conversation with Mr. Rosen lasted approximately 10-15 minutes, with the matter regarding seeking documents from the Kappell case taking up about half of that time. The tenor of the call was that we would speak again to see if we could iron out any disputes in an attempt to narrow the matters that may need to be presented to the Court.

7.

At approximately 4:10 pm, I received a call from Mr. Rosen while I was on another call. The voicemail message from Mr. Rosen indicated that he was going to file a motion to compel, given that he had not heard back from me. I sent an email to Mr. Rosen noting that we intended to supplement our discovery responses for certain document requests, which would put us in a better position to discuss and possibly resolve some of the discovery issues. Mr. Rosen filed the motion to compel without us ever having a true meet and confer session

as contemplated by Rule 7(m).

8.

As soon as Plaintiff's Motion to Compel was filed, my co-counsel and I attempted to and eventually did reach Mr. Rosen by telephone regarding his act in filing the Motion in violation of Local Civil Rule 7(m) and his apparent evasion of the Court's directive regarding filing discovery materials. We had a lengthy telephone discussion with Mr. Rosen regarding the purpose of the obligation to meet and confer and his failure to comply with that obligation. We pointed out that he had not, prior to filing the motion, indicated any intent to file a motion to compel a response to the requests for production of documents. We discussed with him that the purpose of the Rule was to give both sides an opportunity to persuade the other that its position was incorrect, either entirely or partially, or to try to reach a compromise as to all or portions of the dispute. We asked him to withdraw the Motion in question until such a discussion could occur. He refused.

9.

As the basis for refusing to withdraw the Motion, Mr. Rosen claimed that we were aware of the nature of the discovery dispute and Plaintiff's arguments because they were set out in a reply brief filed in relation to Plaintiff's original Motion to Compel. We pointed out that no such Reply was ever filed, that no such Reply was ever served on Defendant and that we had never seen the brief to which he referred. After further discussion, Mr. Rosen acknowledged that no such reply brief had been filed, claiming that there were some unspecified "problems" filing this brief. We asked him again to withdraw the Motion pending an effort to resolve or narrow the dispute and he again refused. He could offer no justification for his failure to do so other than that he did not think it would be worthwhile.

I have read the foregoing declaration and declare under penalty of perjury that it is true and correct, this 29th day of December.

/s/ John R. Ates
John R. Ates