UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH,               ) | |
|                                 ) | |
|        Plaintiff,               ) | |
|                                 ) | |
| v.                              ) | Case No. 1:05-CV-970 (PLF/JMF) |
|                                 ) | Judge Paul L. Friedman |
| JESSICA CUTLER,                 ) | Magistrate Judge John M. Facciola |
|                                 ) | |
|        Defendant                ) | |

**DEFENDANT'S MOTION FOR SANCTIONS
AND FOR PROTECTIVE ORDER
AND MEMORANDUM OF LAW IN SUPPORT**

On August 22, 2006, Defendant served discovery on Plaintiff. On September 22, 2006, Plaintiff served what were denoted as responses, but contained little responsive information. Defendant moved to compel further response on October 11, 2006. Plaintiff responded to that Motion on November 7, 2006. On November 28, 2006, the Court held a status conference regarding the discovery deadline.

At the status conference, the Court inquired of the parties as to the additional discovery which would be required in the case, in seeking to determine a new discovery deadline. In response to the Court's inquiries, Plaintiff represented that the only additional discovery he required was possibly the Plaintiff's deposition.

> MR. ROSEN: And regarding for both Defendants, our discovery process is no longer -- we don't need the additional discovery but for Ms. Cutler's deposition if that's necessary, but regarding Defendant Ms. Cutler, certainly that's more than adequate, because we don't need any time, to be honest with you. The only discovery that's necessary is with regard to the new Defendant in the lawsuit, Ms. Cox.

He later included the "outstanding issues regarding the motion to compel," which was denied on December 8, 2006. Notwithstanding these representations, Plaintiff served additional written

discovery on Defendant on November 29, 2006; filed a Motion to Compel on December 15, 2006; and served another set of written discovery on December 27, 2006. He has never supplemented his own discovery responses, neither in accordance his representation in response to Defendant's Motion to Compel that he had agreed to do so nor in response to the Court's Order compelling discovery.

On December 8, 2006, this Court entered an Order denying Plaintiff's Motion to Compel and granting, in the most part, Defendant's Motion to Compel. The Court entered an Order requiring Plaintiff to respond to Defendant's Requests for Admissions; Interrogatories; and Requests for Production of Documents as follows:

| | | | |
|---|---|---|---|
| 23-50 | Each request restates each blog entry with request for admission relating to date of blog posting. Same response to each blog entry. | Unduly burdensome; irrelevant and immaterial. "Defendant's blog is known as the Washingtonienne; Defendant's complete blog is set forth in the complaint. The complete blog was available on May 18, 2004. | Overruled. Plaintiff should respond to each request with an indication of the truth or falsity of the date on which the blog entry was posted. |
| 51 | List all facts upon which any denial of a request for admission above is based. | Unduly burdensome; irrelevant and immaterial; "lack of complete truth/accuracy." | Overruled. "Lack of complete truth" is not a sustainable objection. The facts are relevant to plaintiff's claims and defendant has a right to the request. |
| 52 | Provide all documents to support above denials. | Unduly burdensome; irrelevant and immaterial. | Overruled. If any documents exist pertaining to denial of any admission requests, plaintiff must produce them to the defendant. |

| | | | |
|---|---|---|---|
| 54 | Describe all direct interaction plaintiff had with defendant since January 1, 2004. | Unduly burdensome; irrelevant and immaterial. "Plaintiff had numerous interactions with Defendant during this time period." | Sustained; instead, the interrogatory must be narrowed to the period of May 1, 2004, to June 15, 2004, but may include all contact between plaintiff and defendant, to include physical contact and by any form of communication whatsoever. |
| 55 | Identify all third parties with whom plaintiff discussed his interactions with defendant, including date and substance of conversations. | Unduly burdensome; irrelevant and immaterial; "overbroad, vague, and seeks privileged information." | Overruled. Defendant is to fully respond to the interrogatory. |
| 56 | Describe any action taken by defendant to cause harm, including date, description, response, and reason for liability. | Unduly burdensome; irrelevant and immaterial; "Defendant's blog caused Plaintiff harm by invading his privacy and intentionally causing emotional distress from May 2004 until obtaining his current employment." | Overruled. Plaintiff must specify the specific harm done to him and the date the harm was sustained. |
| 57 | State each part of the blog plaintiff contends is false and what actually happened instead. | Unduly burdensome; irrelevant and immaterial; otherwise responds "among other things the following is false: D's discussions re: handcuffs, Chief of Staff, events concerning W and other characters in the blog, statements made by P, sexual encounters and statements." | Overruled. Plaintiff is to fully respond to the interrogatory. |

| | | | |
|---|---|---|---|
| 58 | Describe harm to plaintiff in seeking employment, including prospective employer, title and job description, contact information for each prospective employer, compensation and benefits for each job, reason for not receiving the job, and each person who told plaintiff he would not get the job. | Unduly burdensome; irrelevant and immaterial; otherwise responds: "Hamline Law School, Dean John Garron, St. Paul, MN; Charlston (sic) Law School, Dean Richard Gershon, Charlston (sic), SC; Washington DC legal recruiters, names unknown." | Overruled. Plaintiff should, at the point of filing suit, be able to explain the basis of his suit by explaining the damage to employment prospects. If the extent of the harm is not yet known, plaintiff should respond with the harm that is known at this point. He should specify which law schools and legal recruiters declined to interview him or offer him employment because of the blog and which of them specifically so indicated. |
| 59 | Itemize monetary damages for loss of income and benefits. | Unduly burdensome; irrelevant and immaterial; otherwise responds: "specifics unknown at this moment." | Overruled. Response is utterly deficient. Plaintiff should know at this point damages, if any, due to lost employment prior to his current employment. |
| 60 | If seeking damages for physical, mental, emotional, or psychological injury, identify names of health care providers. | Unduly burdensome; irrelevant and immaterial; otherwise responds: "Plaintiff saw Dr. in DC area as a result of damages caused by Defendant's blog subject to this suit. Name unknown at this moment." | Overruled. Plaintiff is to provide names of any health care providers responsive to the interrogatory or acknowledge there were none. |
| 61 | Specify additional damages caused by defendant, including type, amount, description, when damage occurred, basis of recovery, and identify related documents. | Unduly burdensome; irrelevant and immaterial. "Plaintiff's damages are invasion of his privacy, emotional distress, lost job opportunities, and loss of a friend." | Overruled. Plaintiff is to provide details relating to response. |

| | | | |
|---|---|---|---|
| 64 | Identify anything relating to counseling, reprimands by employers of plaintiff for conduct directed at female coworkers. | Unduly burdensome; irrelevant and immaterial. "Plaintiff responds." | Overruled. Plaintiff must clarify response with either responsive facts or indicate that no such materials exist. |
| 71 | Identify any person with discoverable information for plaintiff's claims or defendant's defenses and what knowledge each individual is believed to possess. | Unduly burdensome; irrelevant and immaterial. Provides 15 names with addresses, and also identifies "former and current U.S. Senate Judiciary staff; former and current staff of Senator Dewine (sic), former and current staff of the United States Senate." | Overruled. Plaintiff should supplement the response with an indication of the specific knowledge each person has. |
| 72 | Produce any documents identified in response to Interrogatory 71. | Unduly burdensome; irrelevant and immaterial. | Overruled. Plaintiff should produce responsive documents or appropriately indicate that no such documents exist. |
| 75 | Identify each document to support claims in Complaint or defenses in Answer. | Unduly burdensome; irrelevant and immaterial. "Material sought is work product." | Overruled. Plaintiff must produce responsive documents or provide a privilege log pursuant to Rule 26(b)(5) for any documents withheld due to privilege. |
| 76 | Produce any documents identified in response to Interrogatory 75. | Unduly burdensome; irrelevant and immaterial. | Overruled. Plaintiff must produce responsive documents or provide a privilege log pursuant to Rule 26(b)(5) for any documents withheld due to privilege. |

| | | | |
|---|---|---|---|
| 77 | Describe any mitigation efforts undertaken by plaintiff. | Unduly burdensome; irrelevant and immaterial; "request is overbroad." | Overruled. Plaintiff is to respond to the interrogatory in full. |
| 78 | Produce all emails "to, from, by, and/or regarding Defendant" since January 1, 2004. | Unduly burdensome; irrelevant and immaterial. | Overruled in part. Plaintiff is to respond to the request for production in full as to emails to or from the defendant in the period of May 1, 2004, to June 15, 2004. |

Notwithstanding the Court's Order, Plaintiff has not supplemented his discovery responses, produced any responsive documents, or provided a privilege log.[1]

On December 11, 2006, Defendant wrote to Plaintiff, through counsel, seeking information regarding three matters:

1. Plaintiff's claim, made at the November 28, 2006 hearing, that he was in the process of serving Ms. Cox and when Defendant could anticipate this to occur;

2. A date on which to take Plaintiff's deposition; and

3. Plaintiff's supplementation in response to the Court's Order.

[Exhibit 1]. Because discovery is scheduled to end on January 29, 2007, Defendant informed Plaintiff that she would need the supplemental responses by December 29, 2006, i.e., 31 days before the close of discovery. This date was the last day on which Defendant could serve additional written discovery on Plaintiff, if necessary, in order to follow up on the supplemental responses.

---

[1] By email dated December 29, 2006, at 5:44 P.M., Plaintiff's counsel claimed that he had "several weeks ago" stated that he would respond within thirty days of the Court's Order. He claimed in the same email that the undersigned had agreed to an additional ten day extension beyond that date, which would push the date he apparently intends to respond to January 17, 2007. Neither statement is true and Defendant certainly did not agree to delay his response beyond December 29, 2006.

-6-

Instead of responding to Court Ordered discovery, Plaintiff has manufactured a dispute regarding Defendant's discovery responses – not raised prior to the November 28, 2006 hearing – and refused to discuss resolution of that dispute. The chronology of these events are set out in Defendant's Response to Plaintiff's Motion to Compel or Deem Admitted Defendant Cutler's Responses to Plaintiff's Requests for Admissions, Interrogatories, and Document Requests And Motion to Strike and for Sanctions, at pp. 3-7. In addition, on November 29, 2006, Plaintiff served twenty-five Requests for Production of Documents. After the December 8, 2006 Order, Plaintiff has filed a twenty-eight page Motion to Compel Discovery and served forty-five Requests for Admissions.

These efforts demonstrate a complete lack of concern with giving a prompt response to the Court's Order or his own discovery obligations. Given the apparently limited resources available to Plaintiff[2], it appears that some measure of prioritization is required. Obviously, responding to a Court Order should take first priority over his tactical efforts to manufacture a discovery dispute or to serve still more discovery requests after informing the Court that he needed no more discovery.

It is now January 3, 2007. Ms. Cox has yet to be served with the Amended Complaint, over two months after it was filed and over a month after Plaintiff claimed to be "in the process" of having her served. Mr. Steinbuch's deposition has been set for January 22, 2007, but only after Plaintiff refused to provide a date for the deposition, forcing Defendant to notice it unilaterally, and

---

[2] Plaintiff has previously claimed – in <u>Steinbuch v. Cutler, et al.</u>, United States District Court, Eastern District of Arkansas, Civil Action File No. 4:06-cv-00620-WRW – that he needed a **sixty day** extension of time to respond to various Motions to Dismiss on the basis that Plaintiff's counsel is a sole practitioner, with no employees, and is the only lawyer representing Plaintiff. See 4:06-cv-00620-WRW Docket No. 50, p. 3. <u>Also see</u> 4:06-cv-00620-WRW Docket No. 46.

after the Court refused to grant Plaintiff's request to quash the Notice. Plaintiff has still not supplemented his discovery responses.

At present, less than thirty days remains in discovery. Defendant has not received information regarding Plaintiff's claimed damages, what information is possessed by the witnesses he has identified, any additional documents, or anything else. Defendant's opportunity to take depositions other than Plaintiff is expiring quickly, but she does not know what information the persons Plaintiff has identified may possess. She does not know what documents those persons may have. She does not even know who the "Dr. in DC area" might be or whether he/she even actually exists and, therefore, has been unable to seek records from this possibly apocryphal healer.

This Court previously advised Plaintiff that he should have known the basis for his claim and his claims to have been damaged before he filed suit. The Court instructed Plaintiff that he should certainly know them now and that is failure to provide this information is "utterly deficient." Despite this clear directive, Plaintiff simply refuses to produce additional responsive information on anything like a timely basis. He has for his own tactical reasons – or perhaps due to an inability to provide any responsive information – put everything else above his obligation to comply with the Court's Order.

Counsel for Defendant has contacted Mr. Rosen in writing, by email, and by telephone in an effort to resolve this dispute. The undersigned has repeatedly telephoned and left voice mail messages with Mr. Rosen in an effort to have a telephone conference regarding this issue, most recently including the date this Motion was filed, and has provided Mr. Rosen with direct line and cell phone numbers to return those calls. The undersigned has, to the extent it is in his control, undertaken good faith efforts to resolve this dispute without having to file this Motion.

## ARGUMENT AND CITATION OF AUTHORITY

This Court has described a court's powers under Rule 37 as follows:

Under Federal Rule of Civil Procedure 37, a court may sanction a party that fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2). The Federal Rules authorize a wide array of sanctions, including staying the proceedings pending compliance with a court order, taking certain facts as established, prohibiting a party from introducing certain matters into evidence, finding a party in contempt of court, and dismissing the action or any part thereof. See id. The court also has the authority to award reasonable expenses, including attorney's fees, caused by the failure to obey a court order "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Id.

* * *

District courts are entrusted with broad discretion regarding whether to impose sanctions under Rule 37, and the nature of the sanctions to be imposed. Bonds v. District of Columbia, 320 U.S. App. D.C. 138, 93 F.3d 801, 808 (D.C. Cir. 1996); Sturgis v. Am. Ass'n of Retired Persons, 1993 U.S. App. LEXIS 35827, 1993 WL 518447 (D.C. Cir. 1993) (per curiam); Steffan v. Cheney, 287 U.S. App. D.C. 143, 920 F.2d 74, 75 (D.C. Cir. 1990)). However, the court's discretion is not without limits. Indeed, this Circuit has emphasized any sanctions awarded must be proportional to the underlying offense. Bonds, 93 F.3d at 808.

Caldwell v. Ctr. for Correctional Health and Policy Studies, Inc., 228 F.R.D. 40, 42 (D.D.C. 2005) (citing Peterson v. Hantman, 227 F.R.D. 13, 16 (D.D.C. 2005)).  In this case, the appropriate sanction is all of the above.

### A.  Dismissal Is Appropriate

The Court should enter an Order dismissing this action.  Plaintiff, a lawyer who has touted his status as a law professor in motions in this case, is not the ordinary litigant who may be unaware of his counsel's conduct.  See Shea v. Donohoe Const. Co., Inc., 795 F.2d 1071, 1078 (D.C. Cir. 1986).  He has been more than usually active in this case, including arguing a motion to quash a subpoena [Docket No. 56, Exhibit A-8] and apparently drafting and filing the response to

Defendant's Motion to Extend discovery [Docket No. 53, pp. 4-5]. Thus, it is appropriate for any sanction imposed in this case to fall on his shoulders.

The sanctions available to a trial judge under the Federal Rules of Civil Procedure are discretionary. General Dynamics Corp. v. Selb Manufacturing Co. 481 F.2d 1204, 1211 (8th Cir. 1973); 4A Moore's Federal Practice para. 37.08 at 37-112-13 (2d ed. 1974). Where the sanctions of dismissal or default are imposed, the range of discretion is more narrow and the losing party's non-compliance must be due to wilfulness, fault or bad faith. Societe Internationale v. Rogers, 357 U.S. 197, 212, 2 L. Ed. 2d 1255, 78 S. Ct. 1087 (1958); General Dynamics Corp. v. Selb Manufacting Co., supra.

A direct order by the court as provided in Rule 37(a) and (b) is not a prerequisite to imposition of sanctions under Rule 37(d). Capitol Chem. Indus., Inc. v. Community Management Corp., 281 U.S. App. D.C. 104, 887 F.2d 332 (Table), 1989 WL 125236, **2 (D.C. Cir. 1989) (citing Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975)). The rule permits immediate sanctions against parties for willful failure to comply with discovery rules. Robison v. Transamerica Ins. Co., 368 F.2d 37, 39 (10th Cir. 1966); 2A Barron & Holtzoff, Federal Practice and Procedure, § 851 (Wright ed. 1961). Willful failure to answer interrogatories may be the basis for a dismissal. General Dynamics Corp. v. Selb Manufacturing Co., supra; Mangano v. American Radiator and Standard Sanitary Corp., 438 F.2d 1187, 1188 (3d Cir. 1971). In this case, Plaintiff has willfully failed to answer discovery in the first instance and has continued to do so in the face of an Order compelling further response.

The discovery sought from Plaintiff goes both to the heart of his claims and his invocation of the Court's jurisdiction. Weisberg v. Webster, 242 U.S. App. D.C. 186, 749 F.2d 864 (D.C. Cir.

1984). This Court has previously found that Plaintiff should, "at the point of filing suit, be able to explain the basis of his suit" and characterized his response as "utterly deficient." December 8, 2006 Order. Instead of immediately seeking to rectify his own discovery misconduct, Plaintiff rather has sought to increase the discovery burdens on Defendant by scrambling to manufacture a discovery dispute, file a Motion to Compel, and serve additional discovery before providing that information to which Defendant is minimally entitled. Plaintiff, through his most recently served discovery (contrary to his representations to this Court), also is attempting an end run around a prohibition against conducting discovery in a sister federal court in a related case, in Steinbuch v. Cutler, et al., USDC, EDAR, Index No.: 4-06-CV0000620-WRW. As a result, the rule of Societe Internationale v. Rogers, 357 U.S. 197, 212, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958), requiring that the dismissal be based on "willfulness, bad faith, or . . . fault" on the part of the plaintiff is met.

The Court should also consider the deterrent effect a sanction will have – and the effect the failure to impose such a sanction will also have – on parties and potential parties in other cases who might otherwise contemplate abusive actions. See National Hockey League, supra; see also Donohoe Construction Co., supra, 795 F.2d 1071 (D.C. Cir. 1986). The delay caused by Plaintiff's conduct to the orderly progression of the litigation process by his own inexcusable refusal to produce evidence fundamental to his claims is highly germane to whether a District Court should dismiss a case. See Donohoe Construction Co., supra, 795 F.2d 1071. In this case, Plaintiff has simply refused to provide information or documents on issues on which he has the burden of proof.

    **B.    Preclusion Of Evidence Is Minimally Appropriate**

In the alternative, the Court should enter an Order precluding Plaintiff from introducing any evidence on those matters which are within the ambit of the Court's Order compelling discovery.

Given Plaintiff's complete failure to provide any discovery supporting his claim to have been harmed in an amount meeting the jurisdictional minimum of $ 75,000, that would either permit the Court to exercise its discretion over whether to retain jurisdiction (Stevenson v. Severs, 158 F.3d 1332, 1334 (D.C. Cir. 1998)) or compel dismissal for want of jurisdiction if the complete want of evidence demonstrates that the claim to meet the $ 75,000 jurisdictional minimum is "essentially fictitious." See Neitzke v. Williams, 490 U.S. 319, 327 n.6, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1988); Hagans v. Lavine, 415 U.S. 528, 536-38(1973), (citing Goosby v. Osser, 409 U.S. 512, 518 (1973); see also Bell v. Hood, 327 U.S. 678, 90 L. Ed. 939, 66 S. Ct. 773 (1946). Plaintiff, who has the burden to prove each and every element of his causes of action, has failed to produce the slightest scintilla of evidence whatsoever supporting either damages or liability.

Plaintiff's delay in producing information necessary to prove matters on which he bears the burden of proof has deprived Defendant of the entire discovery period. Even if the responsive information or documents were to be produced today, the time remaining in discovery would not permit Defendant to follow through the production of additional documents from third parties and taking additional depositions as may be required. Plaintiff's sand bagging approach should cost him the right to now use evidence or documents – which have been in his possession the entire time – which are the subject of the Court's Order compelling discovery.

### C. A Stay Precluding Plaintiff From Seeking Additional Information Or Documents Pending Compliance With The Court's Order Or Dismissal Of This Case Should Be Imposed

Defendant also asks that Plaintiff be barred from seeking discovery from Defendant until he fully and completely complies with his own discovery obligations as set out in the Court's December 8, 2006 Order. A stay is appropriate here because it appears that Plaintiff's refusal to provide a

prompt response to the Court's Order – while aggressively seeking discovery from Defendant – is part of a plan to engage in expedited and one-sided discovery, to require Defendant to respond to discovery while he ignores his own obligation to produce information and documents which this Court has Ordered him to produce.

In opposing Defendant's motion to extend discovery and during the November 28, 2006 status conference, Plaintiff informed the Court that no additional discovery would be sought from Defendant other than what the Court might Order in the his pending Motion to Compel and, possibly, the Defendant's deposition. However, the next day, on November 29, 2006, he served twenty-seven additional document requests on Defendant. The week following the entry of the December 8, 2006 Order, Plaintiff drafted and filed a twenty-eight page Motion to Compel discovery. On December 28, he emailed Defendant 45 additional Request for Admission. However, Plaintiff has failed to comply with the Court's Order compelling discovery and has failed to supplement his discovery requests at all.

Plaintiff has also claimed that the Amended Complaint – and the need for a "coordinated" deposition of Mr. Steinbuch – should delay his deposition. However, he has yet to serve Defendant Cox, and his claims about his efforts to do so are contrary to the record. He claimed on November 28, 2006 that he was "in the process" of serving Ms. Cox with the Amended Complaint. He informed the Court in the conference call on December 13, 2006 (in which he asked to delay Mr. Steinbuch's deposition until after Ms. Cox's entry in the case) that Ms. Cox could not be located and was evading service. On December 15, 2006, he informed Mr. Ates that the Amended Complaint was in the hands of the process server. However, as the docket demonstrates, the summons for Ms.

Cox had not even been issued until December 20, 2006.  See December 20, 2006 Docket entry.  On information and belief, Ms. Cox has still not been served with the Amended Complaint.

Because it appears that Plaintiff is making a conscious and deliberate effort to avoid responding to his own discovery obligations – while at the same time attempting to impose additional burdens on Defendant – a stay of his right to conduct discovery (and a protective order regarding Defendant's obligation to respond) are appropriate. The Court should bar Plaintiff from continuing to engage in such one-sided discovery and stay Defendant's obligation to respond to discovery sought by Plaintiff.  The Court should impose such a stay pending either the inevitable dismissal of this case or, should the Court, in its discretion, permit Plaintiff yet another chance to respond, until the Plaintiff has fully and completely complied with the Court's Order. Handy v. Shaw, Bransford, Veilleux & Roth, 2005 U.S. Dist. LEXIS 20098 (D.D.C. 2005), in granting just such relief, is instructive on the respective discovery burdens of the plaintiff and defendant in litigation:

> [A]s a plaintiff in a litigation, [he] bears the burden of proof and production. [He] is the one that desires to move forward with this action, and alleges injury. Given that it is [his] responsibility to prosecute this action, Plaintiff must be the first party to move forward and (1) set out an adequate, substantive Notice of Discovery, as required, and (2) provide adequate, complete, substantive, and non-evasive responses to Defendant's discovery requests; Plaintiff must also (3) provide substantive responses to various court orders, as required.

Plaintiff has done none of these.

Defendant does not seek a complete stay of these proceedings.  Defendant has scheduled Mr. Steinbuch's deposition (for the second time, again over his objection) and desires to move forward with this deposition in order to determine the basis for Mr. Steinbuch's claims.  Defendant asks only that, if the Court is not inclined to dismiss this action, that the Court preclude Plaintiff from moving

forward with imposing additional discovery burdens on Defendant prior to providing full and complete responses as Ordered by the Court on December 8, 2006.

      D.      **An Award Of Attorneys' Fees And Expenses Should Be Imposed**

Finally, the Court should impose on Plaintiff the reasonable attorneys' fees relating to this dispute. There can be no justification for Plaintiff's refusal to comply with the Court's Order, particularly in light of the fact that – just since the Court's December 8, 2006 Order – he has done as much to seek discovery than in the entire preceding discovery period.

Rule 37(b) requires the imposition of sanctions against a party who refuses to comply with a discovery order. See Fed. R. Civ. P. 37(b)(2); see also Weisberg v. Webster, 749 F.2d 864, 873 (D.C. Cir. 1984). The party failing to obey the order is required "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2). No such justification or "other circumstances" exist in this case. As a result, an award of attorneys' fees is required.

Respectfully submitted this 3rd day of January, 2007

                          /s/ Matthew C. Billips
                          Matthew C. Billips
                          Georgia Bar No. 057110
                          MILLER & BILLIPS, LLC
                          730 Peachtree Street, Suite 750
                          Atlanta, GA 30308
                          ph: (404) 969-4101
                          fax: (404) 969-4141
                          mbillips@mbalawfirm.com

                          **COUNSEL FOR DEFENDANT**
                          **JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,

ALBO & OBLON, LLP
2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

-16-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | Magistrate Judge John M. Facciola |
| ) | |
| Defendant ) | |
| _____) | |

**PROPOSED ORDER**

Upon consideration of the Defendant's Motion for Sanctions and for Protective Order and Memorandum of Law In Support, it is this ____ day of _____ 2007, hereby ORDERED, that Defendant's Motion is Granted.  Plaintiff was required to produce information and documents by Order dated December 8, 2006.  Instead of promptly responding to the Court's Order, Plaintiff embarked on additional discovery efforts to seek documents and information from Defendant, including filing a lengthy Motion and Memorandum in this Court.  As of the date of Defendant's Motion for Sanctions, Plaintiff had failed to produce any supplemental discovery response and, given the deficient nature of his original responses to Defendant's discovery, had failed to produce that information which would be minimally required to prosecute his claims.

Plaintiff is himself an attorney and member of the Bar of this Court who has been an active participant in this case.  He is both actually and constructively aware of his discovery obligations and cannot claim that he is the innocent victim of his counsel's misconduct.  As a result, the Court finds that dismissal is the appropriate sanction.  The Court is convinced that lesser sanctions would not be effective in ensuring Plaintiff's compliance with the Court's Orders or in overcoming the prejudice to Defendant caused by his conduct.  The only sanction which would otherwise be appropriate, the preclusion of evidence, would have the same effect on Plaintiff's claims, as the

evidence which Plaintiff has failed to provide is evidence that he would be required to produce in order to proceed.

In addition, the Court finds that an award of attorneys' fees is justified. Defendant is Ordered to submit, within ten days of this Order, her statement of the reasonable attorneys' fees and expenses incurred as a result of the filing of this Motion for Sanctions.

Therefore, for the reasons set forth above, Defendant's Motion for Sanctions is hereby GRANTED. This matter is DISMISSED. The Clerk is directed to enter judgment in favor of Defendant, with Plaintiff to pay costs.

SO ORDERED

_____
John M. Facciola
United States Magistrate Judge

DATE: _____, 2006

Copies to:

Jonathan Rosen, Esquire
1200 Gulf Blvd., #1506
Clearwater, Florida 33767
Counsel for Plaintiff

John R. Ates, Esq., DC Bar No. 441084
ALBO & OBLON,, LLP
2200 Clarendon Blvd., Suite 1201
Arlington, VA 22201

Matthew C. Billips, Esq.
Georgia Bar No. 057110
Admitted pro hac vice
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH,       ) | |
|                                           ) | |
|       Plaintiff,                  ) | |
|                                           ) | |
| v.                                    ) | Case No. 1:05-CV-970 (PLF) (JMF) |
|                                           ) | Judge Paul L. Friedman |
| JESSICA CUTLER,          ) | Magistrate Judge John M. Facciola |
|                                           ) | |
|       Defendant             ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served a copy of "**DEFENDANT'S MOTION FOR SANCTIONS AND FOR PROTECTIVE ORDER AND MEMORANDUM OF LAW IN SUPPORT**" on defense counsel identified below by electronically filing a copy of same with the Clerk of Court by using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

Jonathan Rosen, Esq.                    Jonathan Rosen, Esq.
1645 Lamington Road                   1200 Gulf Blvd., 1506
Bedminster, New Jersey 07921     Clearwater, Florida 33767

This 3rd day of January, 2007.

                                                            *S/ Matthew C. Billips*
                                                            Matthew C. Billips
                                                            Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com

-19-