UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

----------------------------------------------------------------

| | | |
|---|---|---|
| **Steinbuch** | : | **1:05-CV-970 (PLF) (JMF)** |
| **Plaintiff,** | : | **Judge Paul L. Friedman** |
| | : | **Magistrate Judge John M.** |
| | : | **Facciola** |
| -v- | : | |
| | : | |
| | : | |
| | : | |
| **Cutler and Cox** | : | |
| **Defendants.** | : | |

----------------------------------------------------------------

## PLAINTIFF'S COURT-INSTRUCTED MEMORANDUM REGARDING STATUS OF SERVICE OF DEFENDANT ANA MARIE COX

Plaintiff provides the following status report pursuant to this Court's instructions from our last conference.

During the November status conference with this Court, I informed the Court that I was in the process of serving Defendant Cox. At that point I was searching for Cox's current address where she actually resides so as to properly deliver the Complaint to her personally.[1] During that conference, I reminded this Court that Defendant Cutler's counsel, in asking for an enlargement in the time for discovery because it did not timely serve its deposition notice on Plaintiff, expressly promised that it would coordinate the deposition of Plaintiff with Defendant Cox. This Court stated that it saw no reason to have Plaintiff's deposition taken twice and that the parties should coordinate Plaintiff's deposition. That notwithstanding, prior to coordinating Plaintiff's deposition with Cox, Defendant Cutler's counsel served a deposition notice on Plaintiff for January 22, 2006.

---

[1] Defendant Cutler's counsel seems to believe that this is not part of the process of service. I don't exactly understand how Defendant's counsel believes the service process can take place without finding the proper address of where the party currently actually resides.

Defendant's counsel <u>expressly stated</u> to me that he was not obligated to coordinate the deposition. Accordingly, I contacted the Court.

During that conference, Defendant's counsel again repeated that he would coordinate the deposition. I told the Court that I could not account for when Cox would be served, as I could not account for any evasion of service. The Court instructed me to serve Cox as soon as possible and inform the Court of any difficulty that would prevent a coordinated deposition. At that point, I used an additional pay service to try to locate Cox, given that I still was not confident that the information as to Cox's whereabouts was accurate. With that address, I sent the Summons and Complaint to my process server, who got the Summons stamped by the Clerk of this Court and proceeded to try to deliver the papers to the address that I had.

That address turned out to be Cox's previous address. So, an outside paid service was hired to find Cox. With a newly acquired address, the process server sought again to deliver the papers to Cox. The process server confirmed the address with Cox's neighbors. Several notices were left at Cox's house, and they had all been removed by the occupants. The process server attempted to serve Cox several times and has explicitly stated that <u>Cox is evading service</u>. Specifically, during one of the several attempts at service, the process server observed that someone was in Cox's house and refused to answer the door. Accordingly, it appears that the coordinated deposition of Plaintiff cannot take place on January 22nd.

Furthermore, this Court should be made aware that Defendant has consistently failed to provide discovery to Plaintiff. Indeed, Defendant has literally not provided even one document in discovery – including a copy of her blog itself. In an obvious attempt to

delay providing documents to Plaintiff, Defendant has repeatedly stated that it would provide documents "at a mutually convenient time." As I told Defendant's counsel on numerous occasions, that convenient time was when the documents are due. I still have not received these documents. More recently, Defendant's counsel wrote on December 15, 2006: "<u>We will be updating our responses to Plaintiff's First Request for Production of Documents</u> to specify which documents are in existence. I anticipate the revised responses coming to you by Monday [December 18, 2006.]" Curiously, Defendant decided to provide a list of documents, but not the documents themselves. More importantly, <u>Defendant's counsel never even produced that list</u>.

      Finally, two days ago, Defendant filed a motion seeking a stay on all of his discovery obligations, including those incurred during the extension of discover that he requested. Plaintiff's counsel declares on his own that he will only respond to the discovery after the court rules on his stay motion. Defendant's still-not-produced discovery includes the a copy of Defendant's 2003 sex-diary document also entitled "Washingtonienne"—written by Defendant one year <u>prior</u> to Defendant's posting of her internet blog by the same name on the same topic. I know of this document from Counsel to the U.S. Senate, who sought to produce the document to both Plaintiff and Defendant, but Defendant objected, asserting that only Defendant should receive the document. Of course, Defendant has not produced the document to Plaintiff. Obviously, this document is important for Plaintiff's case, but Defendant has wholly failed to produce it. Defendant, however, still maintains that her 2004 Washingtonienne blog was written on a whim for the benefit of only a few friends. Obviously, defendant does not want to turn over the 2003 version of her Washingtonienne project because it

3

demonstrates her ongoing efforts to initiate the Washingtonienne project for her financial gain.

With all of these intentional failures to produce any discovery, Defendant has pushed for the early deposition of Plaintiff, because it wants the opportunity to take two depositions of Plaintiff. Defendant is attempting to manipulate the discovery process.

Accordingly, Plaintiff awaits this Court's instructions.


Dated: January 5, 2007                    /s/ Jonathan Rosen
                                          Jonathan Rosen, Esq.
                                          1645 Lamington Rd.
                                          Bedminster, NJ 07921
                                          (908) 759-1116
                                          Attorney for Plaintiff