# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 05-970 (PLF/JMF) |
| JESSICA CUTLER and ) ANA MARIE COX, ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before me for resolution of discovery disputes. On January 7, 2007, Plaintiff filed a Reply brief [#72] to his Motion to Compel that violates the orders of this Court by placing on the public record direct quotes of plaintiff's discovery requests with summations of defendants' responses. The Court therefore orders the Reply brief stricken from the record and that Plaintiff's counsel, Jonathan Rosen, show cause before the District Judge in writing within ten days of the date of this order as to why he should not be held in contempt.

### STATUTORY AUTHORITY TO INITIATE
### CIVIL CONTEMPT PROCEEDINGS

Magistrate judges have authority under 28 U.S.C. § 636(e) to order a party to show cause before the district judge upon the commission of any contemptuous act or conduct. See 28 U.S.C. § 636(e). Where an act is found to constitute civil contempt, the magistrate judge is required to certify the facts to a district judge and serve the person

Dockets.Justia.com

whose behavior is brought into question with an order requiring such person to appear before a district judge upon a date certain to show cause why that person should not be held in contempt.  Id.

The magistrate judge therefore has the authority to begin the contempt proceedings even if he does not have jurisdiction to actually adjudicate the contempt.  It is entirely consistent with the statute that the magistrate judge exercise discretion in deciding whether conduct has risen to the level at which he or she must certify facts of the conduct to the district judge for adjudication.  Stotts v. Quinlan, 139 F.R.D. 321, 324 (E.D.N.C. 1991) ("The statute requires initially a decision by the magistrate judge to determine whether or not acts have been committed which constitute contempt."); In re Kitterman, 696 F. Supp. 1366, 1368-69 (D. Nev. 1988) ("The magistrate . . . initiates the process by certifying to the district judge the facts which may constitute contempt and by issuing an order that the person whose behavior is at issue show cause before the district judge why he should not be adjudged in contempt.").  Indeed, the "jurisdiction to take these acts is statutorily mandated and does not depend upon the consent of the parties." Stotts, 139 F.R.D. at 324.

**CERTIFICATION OF FACTS**

Accordingly, the following facts supported by the record are certified to the district judge.  On December 8, 2006, this Court entered an Order that no document of discovery shall be filed on the public record without prior leave of Court.  Steinbuch v. Cutler, 05-CV-970, 2006 WL 3543158 at *4 (D.D.C. Dec. 8, 2006) ("Furthermore, given the behavior of both parties in this case, both parties are ordered not to file one single

2

document of discovery, for any reason, without first receiving permission from this Court to do so, after providing specific grounds stating the reason such a filing is necessary.").[1]

On December 28, 2006, I entered an additional Order to the effect that, *inter alia*,

> any motions or other pleadings which quote any document produced during discovery, including interrogatories or requests for production of documents, or any response thereto, must be filed in two formats. The motion or pleading must be filed with the quotation expurgated in paper form, with a disk of the pdf file attached, with the clerk's office. A second complete version thereof without the expurgation shall also be filed under seal in paper form, with a disk of the pdf file attached, with the clerk's office. The Court will then determine whether the complete version or the expurgated version will be filed in the public, electronic docket.

Minute Order of 12/08/06. Despite both orders, Plaintiff filed a Reply brief to his Motion to Compel on January 7, 2007, that places on the public record direct quotes of plaintiff's discovery requests with summations of defendants' responses. Mr. Rosen did not file the brief in two formats—one complete and one expurgated—as required, nor did he file the brief in paper form, with a disk of the pdf file attached, with the clerk's office.

## CONCLUSION

Therefore, Plaintiff's counsel is hereby ORDERED to show cause why he should not be adjudged in civil contempt by reasons of the facts herein certified. Counsel is to show cause in writing to the district judge within ten days of the date of this Order. IT IS FURTHER ORDERED that Plaintiff's Reply brief to his Motion to Compel, docketed as #72, is hereby STRICKEN from the record.

**SO ORDERED.**

---

[1] Coincidentally, the order followed a reminder to both parties "that appropriate sanctions are permissible for violations of the rules of discovery and professional conduct and, if such misconduct continues, may be appropriately imposed."

                                                        _____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: