UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF/JMF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER and ANNA MARIE COX, ) | Magistrate Judge John M. Facciola |
| ) | |
| Defendants. ) | |

### RESPONSE TO "PLAINTIFF'S COURT-INSTRUCTED MEMORANDUM REGARDING UPDATING STATUS OF SERVICE OF DEFENDANT ANA MARIE COX"

Defendant responds – reluctantly – to the Memorandum filed by Plaintiff on January 10, 2006 in order to correct statements regarding discovery. Plaintiff's memorandum states that he has "responded to all outstanding discovery, including supplementation," implying that he has complied fully with the Court's December 8, 2006 Order. In truth, Plaintiff's counsel has emailed unsigned, unverified supplemental responses to the discovery requests which are the subject of the Court's December 8, 2006 Order, and which Defendant Cutler asserts are deficient and do not comply with that Order. Defendant Cutler will file (initially under seal) the "supplemental" responses to which Plaintiff apparently refers, if the Court so instructs, so that the Court may have the benefit of this document when considering the pending discovery motions, including Defendant Cutler's Motion for Sanctions and for Protective Order [Docket 69].

The specific grounds for filing the supplemental responses would be to show that, in fact, Plaintiff has not complied fully with the Court's December 8, 2006 Order. For example, in the supplemental response, Plaintiff reiterates every objection previously rejected by the Court and,

in some cases, asserts new ones, only answering subject to these objections. The information provided also fails in many instances to meet the requirements of the Court's December 8, 2006 Order. For example, the Court in its December 8, 2006 Order deemed Requests for Admissions Nos. 13-22 denied (and on that ground denied Defendant's motion to compel); yet, Plaintiff now backtracks and changes his original answers. Specifically, Plaintiff's supplemental responses to Requests for Admission Nos. 13 –22 apparently change the denials to admissions, with the exception of Nos. 19 and 20, where he now claims a failure of memory. The supplemental responses to Interrogatories 56 and 61 – either separately or taken in conjunction – fail to provide information which the Defendant requested and the Court required him to provide, either as to the conduct which serves as the basis for his claims or the harm he contends is attributable thereto. His supplemental response to Interrogatory No. 58 refers to (but does not identify) other employers to which Plaintiff (possibly?) submitted employment applications and which he claims may have denied him interviews, supposedly as a result of Defendant Cutler's web log. He does not identify any recruiter(s) who purportedly discouraged him from seeking work with law firms in the District of Columbia. He does not provide information minimally required to show any damage at all, even relating to those job positions which are identified. In response to Interrogatory No. 60, the only additional identifying information regarding the alleged health care provider whom Plaintiff claims to have seen for emotional distress at issue in this case is a possible one-letter initial (whether it is the first or last name is unspecified) and a possible national origin for this unidentified doctor.

      Moreover, no additional documents have ever been produced by Plaintiff, and the purported privilege log fails to meet the standards of Rule 26(b)(5) and apparently has been used to withhold documents which Plaintiff intends to use as evidence in this case. In contrast,

Defendant Cutler has produced hundreds of pages of documents in response to Plaintiff's requests for production. To date, Plaintiff has produced no documents whatsoever at any time in this case in response to any discovery request, despite the Court's December 8, 2006 Order. Defendant Cutler, in her prior Motion for Sanctions and for Protective Order [Docket 69], has sought relief from Plaintiff's tactics and the Court should have the benefit of the so-called "supplemental" responses when considering that motion.

In short, while Plaintiff has sent a document purporting to be a supplemental response to Court- Ordered discovery and which purports to respond to the Court's December 8, 2006 Order, his implied claim that he has complied fully with that Order is not accurate. Defendant Cutler contends that Plaintiff's conduct in this regard is contemptuous of the Court's Order and is a continuation of his efforts to engage in one-sided discovery in defiance of the Court's Order.

We await instruction as to whether the Court wishes the "supplemental" responses to be filed under seal. We believe that Plaintiff will respond to these issues in its opposition to Docket 69 once the stay is lifted, and Defendant Cutler will file a reply on that motion, if necessary.

Respectfully submitted this 10th day of January, 2007.

/s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110
MILLER & BILLIPS, LLC
730 Peachtree Street, Suite 750
Atlanta, GA 30308
ph: (404) 969-4101
fax: (404) 969-4141
mbillips@mbalawfirm.com

**COUNSEL FOR DEFENDANT
JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,
ALBO & OBLON, LLP

2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | Magistrate Judge John M. Facciola |
| ) | |
| Defendant ) | |
| _____ ) | |

**<u>CERTIFICATE OF SERVICE</u>**

   This is to certify that I have on this day served a copy of RESPONSE TO "PLAINTIFF'S COURT-INSTRUCTED MEMORANDUM REGARDING UPDATING STATUS OF SERVICE OF DEFENDANT ANA MARIE COX"on defense counsel identified below by electronically filing a copy of same with the Clerk of Court by using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| Jonathan Rosen, Esq. | Jonathan Rosen, Esq. |
| 1645 Lamington Road | 1200 Gulf Blvd., 1506 |
| Bedminster, New Jersey 07921 | Clearwater, Florida 33767 |

This 10th day of January, 2007.

                    */S/ Matthew C. Billips*
                    Matthew C. Billips
                    Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com