UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------

| Steinbuch | : | 1:05-CV-970 (PLF) (JMF) |
| Plaintiff, | : | Judge Paul L. Friedman |
| | : | Magistrate Judge John M. |
| -v- | : | Facciola |
| | : | |
| | : | |
| | : | |
| Cutler and Cox | : | |
| Defendants. | : | |

---------------------------------------------------------------

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS

Defendant has filed a frivolous motion for sanctions. The irony is that it is Defendant that is deserving of sanctions, and this Court should take appropriate action.

On January 8, 2007, this Court issued an Order (Doc. #72) expressing that a party would violate this Court's orders if the party filed a document on the public record containing quotes or summations of discovery responses. On January 10, 2007, just two day later, Defendant filed a document (Doc. #77) that contained discovery material explicitly in violation of this Court orders. In that document, Defendant repeatedly cites to and summarizes discovery requests and responses, some of which she describes in explicit detail. Specifically, she characterized twenty-four of Plaintiff's responses, two of which (#58 and #60) she rehashed every substantive aspect contained in the Interrogatory and the Response. Defendant's references to these two interrogatories explicitly violated this Court's prior rulings.[1]

---

[1] The Court should be aware that Defendant's characterizations of Plaintiff's responses are incorrect. Plaintiff did not change his responses as falsely alleged by Defendant. Plaintiff responded to the discovery and further supplemented pursuant to the agreement between the parties. As Plaintiff already detailed in its previous filing, Plaintiff would not succumb to Defendant's obvious and intentional imprecision in its discovery requests. See Doc. #59. Specifically, Plaintiff previously stated:

Defendant did not properly file in the manner that the Court has required of a party wishing to include portions of a discovery document. On December 28, 2006, this Court ordered that all motions containing material from discovery documents must be filed in two formats, one version with the referenced material redacted and a second, complete version (without the redactions) <u>filed under seal</u>. Defendant failed to file her brief in either of these two formats. Instead, Defendant explicitly violated this Court's order and filed a public document on the ECF system that detailed both the Interrogatories and Responses.

This is not the first time Defendant has leaked private information from Plaintiff's discovery documents. *See* Doc. #60, Exhibit #5 (showing comments from Plaintiff's student evaluations); *Id.* at Exhibit #4 (showing Plaintiff's employment agreement with the University of Arkansas without redaction of his salary).[2] Defendant's actions are in

---

> After having received Plaintiff's responses to Defendant's discovery, Defendant sought a telephone conference with me. . . . During this conversation, Counsel for Defendant agreed to modify certain of his requests, and, as a consequence, I agreed to supplement Plaintiff's responses. Instead of complying with this agreement, however, Defendant's counsel filed his motion to compel. . . .
>
> In Defendant's first grouping of Requests to Admit, Defendant seeks to have Plaintiff admit that he disclosed he was having a "sexual relationship" with Defendant to variously listed parties. I explained to Defendant's counsel that by leading each of his questions with the term "sexual relationship," his questions transparently sought to trick Plaintiff into admitting that every time he discussed his relationship, that he was discussing a "sexual relationship." Plaintiff would not succumb to such an obvious ploy, and I so informed Defendant's counsel.

Doc. #59. Moreover, Plaintiff has further supplemented its responses with additionally discovered information in response to Interrogatory 60. Thus, even though Defendant improperly reproduced all of Interrogatory 60 and the then Response in its <u>public filing on the ECF system</u>, in violation of this Court's orders, the Response that Defendant <u>cites in the public record</u> is not all the information that Defendant has now received.

[2]   *See* Notice Regarding Privacy and Public Access to Electronic Civil Case Files for the District Court for the District of Columbia, http://www.dcd.uscourts.gov/civil-privacy.pdf ("Exercise caution when filing documents that contain the following information and consider accompanying such filings with a motion to seal. 1) any personal identifying number, such as a driver's license number; 2) medical records, treatment and diagnosis; **3) employment history; 4) individual financial information**.") (emphasis added).

2

violation of this Court's Orders, and Plaintiff requests that this Court take action as it deems appropriate.

Second, Defendant failed to comply with its duty to confer pursuant to Local Rule 7.1(m) in filing the very motion in which it seeks sanctions. Initially, Defendant's counsel sent one e-mail to Plaintiff's counsel regarding this motion. Plaintiff's counsel then called him in response and left Defendant's counsel a message because Defendant's counsel was unavailable. Several days later, Defendant's counsel sent an e-mail and left a voice mail message, both at 11:18 am. Before Plaintiff's counsel even had an opportunity to return the message, Defendant's counsel filed her motion at 2:39 pm that same day, without stating any reason or excuse for the immediate filing. Plaintiff's counsel and Defendant's counsel then spoke on the phone at around 3:00 pm that day, when Plaintiff's counsel first became available. Defendant refused to withdraw the motion. In addition, Defendant sought leave to file an exhibit to his motion – again never even seeking to confer with Plaintiff in any manner.

With all of these consistent violations of this Court's orders and rules, Defendant ironically alleges that *Plaintiff's* counsel is the one this Court should sanction over Plaintiff's discovery responses—for "ignoring his obligation to produce information and documents which this Court has ordered him to produce."[3] Doc. #69. Defendant's contentions are meritless. On December 8, 2006, the Court entered an order for Plaintiff to supplement his discovery responses. That order did *not* set forth a specific deadline for

---

[3] Defendant yet again asserts that Plaintiff has not produced information showing that he has met the amount in controversy despite the fact that this court has on more than one occasion rejected this frivolous argument, most recently in its denial of Defendant's second motion to dismiss. As the Court has reiterated when granting Plaintiff's Motion to Amend his Complaint, "The Court previously effectively rejected defendant's futility argument when it denied her second motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." Doc. #57.

3

Plaintiff's compliance. Plaintiff required thirty days to, and did, responded within the general discovery timefame of thirty days. Nevertheless, even though Plaintiff has supplemented his responses, and continued to supplement after acquiring newly discovered information. Yet, Defendant still continues to insist that Plaintiff has "failed to comply with the Court's order compelling discovery." *Id.*

Plaintiff required 30 days to supplement his responses. Plaintiff's counsel repeatedly informed counsel for Defendant as such. And Plaintiff did in fact respond within 30 days of the Court's order, consistent with the 30 day timeframe as dictated by the Federal Rules of Civil Procedure.

Defendant's counsel arbitrary and unilaterally imposed a 20 day deadline on Plaintiff. Defendant is not in a position to dictate when Plaintiff responds, and the fact that Plaintiff was not bound by Defendant's "deadline" in no way means that he failed to abide by this Court's instructions.[4] Not only is Defendant's self imposed deadline *not* enforceable, Plaintiff's 30 day timeframe for supplementing his responses is perfectly reasonable and dictated by the Federal Rules of Civil Procedure. *See Rich Prods. Corp. v. Kemutec, Inc.*, 66 F. Supp. 2d 937, 984 (E.D. Wis. 1999) (order for Plaintiff to produce documents responsive to Defendant's sixth Request for Production of Documents within

---

[4] Plaintiff's counsel told Defendant's counsel in two separate e-mails that Plaintiff would respond within thirty days of the Court's order, which Plaintiff did. Moreover, Defendant requested and Plaintiff's counsel agreed to a ten-day extension on top of these thirty days. Defendant later withdrew that extension because he decided hat he didn't need an extension, and so he apparently felt no need to agree to a 10-day extension for Plaintiff. Accordingly, Plaintiff did not use the extra 10 days that Defendant had agreed to. Email from Matthew Billips to Jonathan Rosen (December 17, 2006, 10:31 EST) ("Jonathan, I may need a short (one to two week) extension on responding to your discovery requests. My mom's ovarian cancer has metastasized into her bones and I'm not sure what my schedule will be in the near future."); E-mail from Jonathan Rosen to Matthew Billips (December 20, 2006, 24:49 EST) ("Matt, I'm sorry to hear about your mom. My best thoughts for her. I too could use the add'l time. So, we can extend both of our times for responding to discovery from 30 to 40 days if you like."); E-mail from Jonathan Rosen to Matthew Billips (December 29, 2006, 17:44 EST) ("As I informed you several weeks ago, we will respond in 30 days from the Court order. In addition, in case you forgot, you requested and we agreed to a 10 day extension on top of that. Hope you have a happy new year.").

thirty days of the order); *Fritter v. Dafina, Inc.,* 176 F.R.D. 60, 64 (N.D.N.Y. 1997) ("this court issued an order compelling Expro to answer the outstanding interrogatories within thirty days"); *State Farm Fire & Casualty Co. v. Griffin*, 893 F. Supp. 474, 476 (E.D. Pa. 1995) ("we take the opportunity to rule on Plaintiff's Motion to Compel, and order responses to Plaintiff's discovery within thirty days").  Moreover, Defendant admits that the reason she has attempted to secure Plaintiff's responses within twenty days of the Court's order, that is, <u>more than one full month before the close of discovery</u>, was simply so that she would have the opportunity to review them for an entire month.  Doc. #69.  Her logic is wholly self-serving and precedent does not require the outcome she seeks.  *See Alliance Gen. Ins. Co. v. Louisiana Sheriff's Auto. Risk Program*, 1996 U.S. Dist. LEXIS 16280 (E.D. La. 1996) at *9 (order for parties to submit supplemental responses no later than <u>eleven days before the close of discovery</u>) (emphasis added); *Curry v. Allan S. Goodman, Inc.*, 2003 U.S. Dist. LEXIS 17928 (D. Conn. 2003) at *2 (no due date for discovery responses will be read into an order where none is supplied by the Court).  Defendant has cited no apposite caselaw to the contrary.  That, however, has apparently not dissuaded Defendant from making this meritless motion.

      It is truly ironic that Defendant seeks to sanction Plaintiff for failing to comply with a deadline she invented for her convenience, particularly given that Defendant has failed to substantively respond to Plaintiff's outstanding discovery requests.  Her motion is frivolous.  Defendant has filed her motion for sanctions in order to delay responding to Plaintiff's outstanding discovery requests.  Rather than responding to Plaintiff's outstanding discovery requests, Defendant declares on her own, without the Court's

Order, that she will only respond to the outstanding discovery requests only after the Court rules on her Motion for Sanctions.

Plaintiff supplemented his discovery responses over one month ago and again more recently with newly acquired information. Defendant continues to refuse to respond to Plaintiff's outstanding discovery requests. It appears Defendant is still under the impression that while she is entitled to discovery responses, which she has now received, she is under no reciprocal obligation to provide her discovery responses to Plaintiff.

Instead, Defendant argues that Plaintiff should not have made additional discovery requests so as to more speedily respond to Defendant's manufactured timeline.[5] This contention is meritless. Plaintiff served these additional discovery requests pursuant to his rights, because Defendant requested, and the Court granted, an extension of discovery. Defendant seems to believe that when the Court granted her request for an extension of discovery that the extension only applied to her. Moreover, Plaintiff's recent discovery was served because Defendant previously produced <u>no documents</u> pursuant to Plaintiff's requests and prevented the U.S. Senate from producing Cutler's 2003 document entitled "Washingtonienne," which was created <u>a year</u> prior to her allegedly "spontaneous" blog by the same name on the same topic. Defendant has been wholly one-sided in her compliance with discovery obligations and has still failed to meaningfully respond to Plaintiff's requests.

---

[5] In addition, Defendant alleges Plaintiff additional discovery requests are inconsistent with the Arkansas District Court's stay of discovery in *Steinbuch v. Cutler*, et al., United States District Court, Eastern District of Arkansas, Civil Action File No. 4:06-cv-00620-WRW. The information Plaintiff has sought is relevant to this case, as described in detail in Plaintiff's Motion to Compel. Moreover, since the case in Arkansas has been dismissed and is pending appeal, the stay of discovery is no longer in place.

In addition, Defendant also complains that the documents Plaintiff provided in his supplemental responses were not bates-stamped. Yet, this is exactly the same way Defendant has produced documents to Plaintiff. Similarly, Defendant recently complained that Plaintiff failed to certify his supplemental responses (even though Plaintiff's responses have all been certified), despite the fact that Defendant has failed to certify all of her own responses.

## CONCLUSION

Defendant's motion should be denied and this Court should take appropriate against Defendant for its continued and blatant violation of this Court's orders.

Respectfully submitted,

Dated: February 13, 2007

      /s/ Jonathan Rosen
Jonathan Rosen, Esq.
1645 Lamington Rd.
Bedminster, NJ 07921
(908) 759-1116
Attorney for Plaintiff