**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT STEINBUCH,** | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
|       v. | )    **Civil Action No. 1:05cv970 (PLF)** |
| | ) |
| **JESSICA CUTLER** | ) |
| **and** | ) |
| **ANA MARIE COX,** | ) |
| | ) |
|       **Defendants.** | ) |

## REPLY IN SUPPORT OF DEFENDANT ANA MARIE COX'S MOTION TO DISMISS

Defendant Ana Marie Cox ("Cox") submits this Reply in support of her Motion to Dismiss Plaintiff Robert Steinbuch's ("Steinbuch" or "Plaintiff") First Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

In his Response to Cox's Motion to Dismiss ("Opp."), Plaintiff provides the Court no reason whatsoever to deny Cox's motion to dismiss. First, he cites no apposite authority for the strained argument that his strategic decision not to name Cox as a defendant in the original complaint – at a time when, by his own account, he knew her identity and the precise nature of her involvement in this matter – constitutes a "mistake" entitling him to roll back the statute of limitations and "relate back" to the filing of the original complaint. Thus, on the statute of limitation ground alone, Plaintiff's Amended Complaint should be dismissed. (Point I). Next, Plaintiff demonstrates a fundamental misunderstanding of Section 230 of the Communications Decency Act, apparently arguing (contrary to the intent and express language of the statute) that it was meant to impose liability on Internet publishers just the same as publishers in other media, and misapplying the key Section 230 cases in a failing attempt to avoid the statute's clear bar to

liability for republishing material supplied by other content providers. (Point II). Finally, Plaintiff does not even address Cox's arguments that he has failed to state a claim for invasion of privacy and emotional distress. (Point III).

## ARGUMENT

**I.   PLAINTIFF'S CLAIMS ARE TIME-BARRED AND DO NOT "RELATE BACK" TO THE FILING OF THE ORIGINAL COMPLAINTS**

The Court correctly applied a one-year statute of limitations,[1] and Plaintiff's desperate attempt to assert time-barred claims based on a radical revision of "relation back" law should be summarily rejected. As set forth at greater length in Cox's opening brief ("Mem.") (at 7-10) and as the D.C. Circuit Court has squarely held, relation back is not permitted in situations like this one, involving "a plaintiff who was fully aware of the potential defendant's identity" at the time the complaint was filed – in other words, where "the mistake is one of legal judgment rather than a mere misnomer." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 917-18 (D.C. Cir. 1997). Plaintiff does not and cannot cite any D.C. Circuit case law to the contrary; he merely attempts to distinguish *Rendell-Speranza* by making the preposterous statement that "Plaintiff has not changed his mind about Cox's liability and is not employing a new strategy in his offense by adding her now." Opp. at 6. Of course Plaintiff has "changed his mind"; Plaintiff chose not to name Cox as a defendant in the original complaint, and now wants to assert claims against her, well after the expiration of the statute of limitations. Plaintiff cites only one D.C. case in support of his argument – and that case explicitly supports Cox's position. *Alberts v. Arthur J. Gallaher & Co.*, 341 B.R. 91, 101 (Bankr. D.D.C. 2006) (explaining that the D.C. Circuit's interpretation

---

[1] The Court previously held that a one-year statute of limitations applies to Plaintiff's claims, as Plaintiff admits. Opp. at 11. If the Court for any reason decides to revisit this ruling, Cox requests permission to submit further briefing on why the Court's ruling was proper.

of the rule is that "a Rule 15(c)(3)(B) mistake does not exist when a plaintiff was fully aware of the added defendant's identity during the limitations period.").

Plaintiff attempts to avert dismissal by citing off-point case law from other jurisdictions. However, even this non-controlling case law also directly and explicitly supports Cox's argument. For example, in *Arthur v. Maersk, Inc.*, the Third Circuit permitted relation back only because plaintiff had been "unable to identify the potentially liable party and unable to name that party in the original complaint," 434 F.3d 196, 208 (3d Cir. 2006) – which is not the situation here – and expressly stated that relation back is *not* appropriate where, as here, "plaintiffs had been aware of their claims against the defendants at the time the case was commenced, but had decided not to sue them in the original complaint," *id*. at 204 n.9. Even under his own non-circuit cases, the "more expansive" reading of Rule 15(c) that Plaintiff urges the Court to adopt only allows for a finding of "mistake" where there is a close corporate relationship or identity of interest between the originally named defendant and the defendant sought to be added, and plaintiff is not in a position to identify the correct entity at the time the original complaint is filed. *See Koal Industries Corp. v. Asland, S.A.*, 808 F. Supp. 1143, 1157 (S.D.N.Y. 1992) (allowing corporate officers to be added where corporation was previously named, and holding that defendants may be added under Rule 15(c) only "where any liability may not be fully known or proven at the time the action is commenced"); *Sounds Express Int'l Ltd. v. American Themes & Tapes, Inc.*, 101 F.R.D. 694, 697 (S.D.N.Y. 1984) (allowing president of company to be added where company had been named, but holding that adding the defendant would not have been allowed if the failure to name him in the original complaint was the result of "inexcusable neglect"). Just like D.C. Circuit case law (*see* Mem. at 8-10), the cases on which Plaintiff relies

3

say that Rule 15(c) does not apply where the so-called "mistake" was due to "deliberate strategy." *See, e.g., Cimino v. Glaze*, 228 F.R.D. 169, 172 (W.D.N.Y. 2005).[2]

Nor does Plaintiff comply with the second prong of Rule 15(c): that the notice given be such that no prejudice is inflicted on the new defendant. While there is no question that Cox has been aware of the lawsuit since its inception, Cox has had every reason to believe that she would *not* be a defendant in Steinbuch's lawsuit, as Plaintiff chose not to add her as a defendant in the original complaint or within the one-year statute of limitations, despite explicitly referring to Cox in the complaint.[3] Moreover, as a matter of law, notice that a lawsuit has been filed does not constitute notice that one will be named as a defendant in that suit. *See* Cox Opening Mem. at 10, n.9. The very purpose of a statute of limitations is to ensure that a "potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose." *Rendall-Speranza*, 107 F.3d at 918. Permitting Plaintiff to circumvent the statute of limitations and add Cox at this late juncture would rob Cox of this repose and cause her grave prejudice. Because Plaintiff did not file the Amended Complaint until well after the expiration of the one-year limitations period, and his claims do not "relate back" to the filing of the original Complaint, the claims are all time-barred as to Cox, and they should be dismissed for this reason alone.

---

[2] Plaintiff's claim that this case is similar to *Tokio Marine Mgmt., Inc. v. Japan Intermodal Transport Co.*, 1991 U.S. Dist. LEXIS 15977, at *9 (S.D.N.Y. Nov. 9, 1991), is likewise incorrect. In *Tokio Marine*, the court allowed a plaintiff to add a vessel as a defendant where the vessel's owner was a named defendant in the original complaint, again because there was an "identity of interest" between the vessel and its owner. *Id.* Here, Plaintiff does not – and cannot – claim any "identity of interest" between Cox and Cutler.

[3] Plaintiff claims that statements he made in a pleading he filed in this case on September 15, 2005 (namely, that Cox "may be liable" and that Cutler "should implead her") were sufficient to put Cox on notice that she was a potential defendant in this lawsuit. Opp. at 3. However, the statute of limitations had already expired at that time, so any threats – vague or otherwise – to add Cox as a defendant were empty ones and could not have put Cox on timely notice that she could be added as a defendant.

4

II. **PLAINTIFF FUNDAMENTALLY MISCONSTRUES SECTION 230 OF THE COMMUNICATIONS DECENCY ACT**

Although it is unnecessary for the Court to reach the issue of Section 230 immunity, as Plaintiff's claim is barred by the statute of limitations, it is important to address Plaintiff's fundamentally incorrect interpretation of Section 230. Contrary to Plaintiff's assertion (Opp. at 8) and his blatantly misleading citations,[4] Section 230 *does* – expressly and substantially – abrogate the common law principle that a publisher of defamatory (or other tortious) information is subject to liability. Indeed, that is the very purpose of Section 230: "as a matter of policy, Congress decided not to treat providers of interactive computer services like other information providers such as newspapers, magazines or television and radio stations, all of which may be held liable for publishing or distributing obscene or defamatory material written or prepared by others." *Batzel v. Smith*, 333 F.3d 1018, 1026 (9th Cir. 2000); *see also* § 230(b)(1), (2) (stating pro-Internet Congressional policies). As this Court has recognized, Congress made a different policy choice with regard to Internet providers and users – even those who take an "active" or "aggressive" role in making third-party content available on line. *Blumenthal v. Drudge*, 992 F. Supp. 44, 51, 52 (D.D.C. 1998). "Congress implemented its intent … by broadly shielding *all* providers from liability for 'publishing' information received from third parties. Congress

---

[4] Plaintiff cites the lower court's decision in *Barrett v. Rosenthal*, 9 Cal. Rptr. 3d 142 (Cal. Ct. App. 2004), with a parenthetical that it had been "overturned on other grounds." To the contrary; the California Supreme Court reversed the California Court of Appeal's decision on the very grounds upon which Plaintiff relies: the issue of liability for republication on the Internet. *Barrett v. Rosenthal*, 146 P.3d 510, 529 (Cal. 2006) ("Congress has comprehensively immunized republication by individual Internet users"). Further, Plaintiff's quotation from *Barrett v. Fonorow*, 799 N.E.2d 916, 922-23 (Ill. App. Ct. 2003) states the *plaintiff's* position in that case, *not* the court's holding ("Barrett contends that Congress did not intend section 230 to insulate parties who know or have reason to know that the materials they disseminate are defamatory") – and the court explicitly rejects this position. *Id.* at 924 ("We reject Barrett's interpretation of section 230."). In short, Plaintiff's statement of the law is completely wrong: Section 230 does indeed immunize Internet publishers from liability for republication.

contemplated self-regulation, rather than regulation compelled at the sword point of tort liability. It chose to protect even the most active Internet publishers, those who take an aggressive role in republishing third party content." *Barrett v. Rosenthal*, 146 P.3d 510, 522-23 (Cal. 2006) (footnote omitted); *see also Universal Communications Systems, Inc. v. Lycos, Inc.*, No. 06-1826, slip op. at 13 (1st Cir. Feb. 23, 2007) ("Section 230 immunity should be broadly construed.").

That immunity applies here. Plaintiff apparently concedes that Cox meets the first two requirements of the three-pronged Section 230 test (that Cox is the "provider or user" of an "interactive computer service" and that the cause of action from which Cox is claiming immunity treats her as the "publisher or speaker" of the information). He contests only the third prong: that the "information" must have been "provided by another content provider." Yet this prong too is clearly satisfied, as set forth in Cox's opening brief (Mem. at 14-15).

Plaintiff argues that Cutler did not "provide" her blog to Cox (the "user") within the meaning of the third prong of Section 230, arguing that Cutler did not intend the information to be published on the Internet. *See* Opp. at 10. However, as the California Supreme Court recently held, any republication is immunized under Section 230, even where the user "actively selects and posts material." *Barrett v. Rosenthal,* 146 P.3d at 528. Moreover, *Batzel*, on which Plaintiff relies, is not controlling. Contrary to Plaintiff's characterization of *Batzel*, the court there did *not* withhold Section 230 immunity; it remanded the case to the lower court for a factual determination of whether the e-mail in question was sent to defendant for publication on the Internet (a determination that was never made, as the case was later dismissed on procedural grounds). This determination was necessary because the *Batzel* court held that "a service provider or user is immune from liability … when a third person or entity that created or

6

developed the information in question furnished it to the provider or user under circumstances in which a reasonable person … would conclude that the information was provided for publication on the Internet ….” *Batzel*, 333 F.3d at 1034.[5] The *Batzel* court suggested some scenarios in which information might be held not to have been provided for publication on the Internet: the author of an off-line magazine article, for example, or person who sends a "snail mail" letter to an old friend who "happens" to operate a website. *Id.* at 1032-33. Yet the *Batzel* issue – whether Cutler intended for her content to be published on the Internet – is a complete red herring here since Steinbuch alleges repeatedly that Cutler not only made her blog available on the Internet but "wanted to have Cox spread the word regarding Cutler's blog." Am. Comp. ¶ 50. In sum, since Plaintiff expressly alleges that Cutler had already published her blog entries on the Internet and intended for Cox to do the same, *Batzel* is inapposite and Section 230 plainly applies.

Implicitly acknowledging that Cutler (and not Cox) was the "provider" of the Washingtonienne blog entries about her relationship with Steinbuch for Section 230 purposes, Plaintiff seeks to hang his hat on the fact that Cox identified Cutler on Wonkette. He argues that Cox herself acted as a "content provider" when she published Cutler's identity. Opp. at 9-10.[6] Yet, even putting aside the issue of whether Cutler "provided" this information to Cox, the mere identification of Cutler is not the alleged basis for any of Steinbuch's claims and therefore should not preclude their dismissal based on Section 230. The identity of Cutler is not alleged to be a private fact. *See* Amended Compl. ¶ 82 (basing private facts claim on publication of intimate sexual details, not disclosure of Cutler's identity). Nor is it alleged to be false, or outrageous. In

---

[5] *See also Perfect 10, Inc. v. CCBill, LLC*, 340 F. Supp. 2d 1077, 1110 (C.D. Cal. 2004) (*Batzel* stands for the "proposition that internet service providers are not provided immunity if they know or should have known that the content was not meant for publication").

[6] There is no allegation that Cox identified Steinbuch on Wonkette.com until he did so himself by filing this lawsuit. Cox did not even use Plaintiff's real initials on the Wonkette posts in question. Mem. at 4 & n.3.

7

short, if the Court holds that Section 230 provides immunity as to the republication of Cutler's posts, Cox's identification of Cutler cannot be deemed actionable in its own right. Plaintiff's claims should be dismissed in their entirety.[7]

### III. PLAINTIFF DOES NOT ADDRESS COX'S OTHER ARGUMENTS FOR DISMISSAL OF HIS PRIVATE FACTS, FALSE LIGHT, AND EMOTIONAL DISTRESS CLAIMS

First, Plaintiff does not address – even briefly – Cox's argument that his claim for public disclosure of private facts must be dismissed because the allegedly "private facts" were already made public before Cox blogged about them, Mem. at 16-18, and he therefore apparently concedes this point. Plaintiff also fails to address Cox's arguments for dismissal of the false light and emotional distress claims, merely arguing that the Court has already ruled in Plaintiff's favor on these points. Opp. at 11. To the contrary, the Court's prior ruling was on Cutler's motion to dismiss, not Cox's. Based solely on Plaintiff's own allegations, Cox stands in very different shoes than Cutler with respect to each of Steinbuch's claims.

As Cox argues in her opening memorandum, the complaint fails to allege the elements of a claim for false light invasion of privacy against Cox. The Amended Complaint does not allege any false facts, the disclosure of which would be highly offensive, nor that Cox knew of their falsity or recklessly disregarded the truth. *See* Mem. at 18-20. Whether Cox "had knowledge of" or "acted in reckless disregard" of the falsity of any of the republished Washingtonienne material is a very different question than whether Cutler had such knowledge about the facts she published about her relationship with Plaintiff, necessarily compelling a different result.

---

[7] Plaintiff cites *Zeran v. America Online, Inc.*, 129 F.3d 327, 332 (4th Cir. 1997), for the proposition that "[e]very one who takes part in the publication … is charged with publication." Cox does not argue this point – but what Plaintiff fails to mention is that the Zeran court then concluded that, as a publisher, the defendant was "clearly protected by § 230's immunity." *Id.*

8

Finally, the Amended Complaint has failed to state a claim for intentional infliction of emotional distress against Cox with regard to the elements of outrageousness and intent. Mem. at 21-25. Again, the respective outrageousness of Cutler's disclosure of the intimate details of her relationship with Plaintiff and Cox's republication of these accounts are very different issues, and their respective states of mind may also have been substantially different. Thus, the Court's prior ruling with respect to the claims against Cutler is not dispositive of these claims as to Cox. For the reasons stated in Cox's opening memorandum, Plaintiff fails to state a claim against Cox, and the Court should dismiss the Amended Complaint as to her.

## CONCLUSION

For the foregoing reasons, Defendant Ana Marie Cox respectfully requests, pursuant to Fed. R. Civ. P. 12(b)(6), that the Court grant her motion to dismiss the Amended Complaint with prejudice as to her, for failure to state a claim upon which relief may be granted.

Dated this 6th day of March, 2007.

                        Respectfully submitted,

                            /s/   Laura R. Handman
                        Laura R. Handman (D.C. Bar No. 444386)
                        Amber L. Husbands (D.C. Bar No. 481565)
                        DAVIS WRIGHT TREMAINE LLP
                        1500 K Street, N.W., Suite 450
                        Washington, D.C. 20005-1272
                        (202) 508-6600
                        (202) 508 6699 fax

                        James Rosenfeld (admitted *pro hac vice*)
                        DAVIS WRIGHT TREMAINE LLP
                        1633 Broadway, 27th Floor
                        New York, N.Y. 10019
                        (212) 489-8230
                        (212) 489-8340 fax

                        Charles R. Both (D.C. Bar No. 42424)
                        Law Offices of Charles R. Both
                        1666 Connecticut Avenue
                        Suite 500
                        Washington, D.C. 20009
                        (202) 833-9060
                        (202) 463-6686 (fax)

                        *Attorneys for Defendant Ana Marie Cox*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2007, I caused the foregoing to be served electronically on counsel of record by the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF).

                                         /s/ Amber L. Husbands
                                         Amber L. Husbands