UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-970 (PLF) |
| ) | Judge Paul L. Friedman |
| JESSICA CUTLER, ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

### MOTION TO QUASH SUBPOENA
### MOTION FOR LEAVE TO FILE SUBPOENA UNDER SEAL
### NOTICE OF AUTOMATIC STAY
### UNDER 11 U.S.C. § 362
### AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW DEFENDANT, Jessica Cutler, and moves this Court to quash a subpoena served by Plaintiff on the United States Senate and counsel thereof. In support of this Motion, Defendant asks the Court, pursuant to the Order at Docket No. 64, for leave to file the subpoena at issue under seal.

In addition, on May 30, 2007, Defendant Cutler filed a petition under Chapter 7 of the Bankruptcy Code. See Exhibit A. Pursuant to 11 U.S.C. § 362, the filing of this Petition acts as an automatic stay of this proceeding. Pursuant to the provisions of § 362, therefore, the subpoena served by Plaintiff on the United States Senate is unenforceable during the pendency of the stay, providing further support for Defendant's Motion.

The subpoena at issue – as the Court will see should it grant leave to file the subpoena under seal – is grossly overbroad, seeking unspecified categories of documents well in excess of that which the Court has previously deemed discoverable in this action. For example, with respect to the production of emails (a category of documents which the subpoena is certainly broad enough to reach), this Court has previously limited Defendant's request for emails in the possession of Plaintiff to those emails which are between the Plaintiff and Ms. Cutler and declining to require him to produce emails which are **about** Ms. Cutler. See Docket No. 65:

> Plaintiff is to respond to the request for production in full as to emails to or from the defendant in the period of May 1, 2004, to June 15, 2004.

Despite the Court's Order, the subpoena has no time limitation and very little in the way of subject matter limitation. Therefore, based on the extreme overbreadth of the subpoena and the automatic stay provisions of 11 U.S.C. § 362, Defendant Cutler requests that the Court

Defendant has confered with Plaintiff regarding the subpoena and has been informed that Defendant's reliance on this Court's decision in Doe v. District of Columbia, 231 F.R.D. 27 (D.D.C. 2005) – in producing documents in the manner maintained in the normal course of business instead of organized and categorized by request for production – was the reason for the subpoena on the Senate. Defendant has further attempted to confer with Plaintiff regarding the effect of the automatic

stay, including attempting a conference call (leaving a voice mail message) and sending an email to counsel for Plaintiff, without having heard any response to these inquiries. After this voice mail and email, each of which provided notice of the bankruptcy petition and the automatic stay, Plaintiff did send yet another discovery requests, containing numerous Interrogatories, Requests for Admissions, and Requests for Production of Documents. Defendant, therefore, presumes that Plaintiff's silence and actions indicate disagreement with Defendant's position.

This 31st day of May, 2007.

/s Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT STEINBUCH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JESSICA CUTLER, )<br>)<br>Defendant )<br>_____) | Case No. 1:05-CV-970 (PLF) (JMF)<br>Judge Paul L. Friedman<br>Magistrate Judge John M. Facciola |

CERTIFICATE OF SERVICE

This is to certify that I have on this day served a copy of "**Motion to Quash Subpoena Motion for Leave to File Subpoena under Seal Notice of Automatic Stay under 11 U.s.c. § 362 and Memorandum of Law in Support**" on defense counsel identified below by electronically filing a copy of same with the Clerk of Court by using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

Jonathan Rosen, Esq.　　　　　　　Jonathan Rosen, Esq.
1645 Lamington Road　　　　　　　1200 Gulf Blvd., 1506
Bedminster, New Jersey 07921　　　Clearwater, Florida 33767

This 31st day of May, 2007.

/s Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110

MILLER & BILLIPS, P.C.
730 Peachtree Street, Suite 750
Atlanta, Georgia 30308
(404) 969-4101
(404) 969-4141 (fax)
mbillips@mbalawfirm.com