UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT STEINBUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05-CV-970 (PLF) (JMF) |
| | ) | Judge Paul L. Friedman |
| JESSICA CUTLER, | ) | Magistrate Judge John M. Facciola |
| | ) | |
| Defendant | ) | |
| _____ | ) | ____ |

**JESSICA CUTLER'S REPLY TO STEINBUCH'S RESPONSE
TO SHOW CAUSE ORDER
REGARDING MOTION TO ENFORCE SUBPOENA
AND INCORPORATED MEMORANDUM OF LAW**

Steinbuch contends that Ms. Cutler violated this Court's stay and, as well, contends that she violated a non-existent stay in the adversarial proceeding that he initiated in the New York bankruptcy Court. Neither statement is true. Ms. Cutler simply is seeking to open a miscellaneous action to move to enforce a subpoena issued from this court for relevant information as to whether Steinbuch has any claim that can be discharged in bankruptcy.

**I.      THERE WAS NO DISCOVERY STAY IN THE NEW YORK
        BANKRUPTCY PROCEEDING**

Steinbuch's Memorandum implies that there was a thirty day discovery stay in the bankruptcy proceeding. Attached as Exhibit 1 is the Order of August 22, 2008 in the adversarial proceeding. In that Order, the Court **denied** Steinbuch's request for a stay of his obligation to respond to Cutler's Requests for Admissions,

Interrogatories, and Requests for Production of Documents.  Exhibit 1, p. 1.  The directive to conduct further discussions regarding discovery related to the positions taken by Steinbuch in that proceeding, not discovery generally and not these subpoenas in particular.[1]

In its Order, the Court merely vacated the deadlines established by a prior scheduling Order.  The Court denied Steinbuch's Motion to Compel and denied his effort to delay his discovery obligations.  During the telephone conference, Steinbuch was directed to engage in a good faith effort to resolve **his** motion during the next thirty days.  The Court also stated that Mr. Steinbuch's complete failure to respond to relevant discovery was not appropriate, indicating that he would have to produce substantive discovery responses to Ms. Cutler's requests.

The attempts to resolve the dispute over these subpoenas had already occurred.  Attached as Exhibit 2 is an email from counsel for Ms. Cutler setting out the reasons that such records are properly discoverable, along with Steinbuch's counsel's response absolutely refusing to provide the requested records.  This matter had already been thoroughly discussed and Steinbuch had clearly articulated his blanket refusal to provide any response.

---

[1] An issue did arise concerning subpoenas issued from this Court, with respect to Steinbuch's service of ex parte subpoenas duces tecum on the United States Senate.  Steinbuch's counsel was directed to inform the undersigned whether any additional ex parte subpoenas had been served.

As stated in Exhibit 2, Ms. Cutler believes that the documents sought by the subpoena will demonstrate the absence of an element of Mr. Steinbuch's claim.  This will show the absence of evidence of a compensable injury, thereby establishing the absence of a "claim" predicated on a "willful and malicious injury."   Garcia v. Amaranto (In re Amaranto), 252 B.R. 595, 2000 Bankr. LEXIS 1029 (Bankr. D. Conn. 2000).

In short, as to discovery and contrary to Steinbuch's arguments, the Bankruptcy Court denied his request for a stay; directed Steinbuch to engage in additional conferences regarding the discovery at issue in his Motion (which did not include these subpoenas); and advised him that his utter refusal to respond to discovery was not appropriate.  These directives are not consistent with a claim that a stay was entered.

## II.    CUTLER HAS NOT VIOLATED THIS COURT'S STAY

As stated in her Response to the Show Cause Order, Ms. Cutler sought to file a Miscellaneous Action in order to enforce a subpoena issued from this Court seeking discovery in the adversarial proceeding.   That is a separate action and is a necessary part of the use of subpoenas under Rule 45.See Fed.R.Bank.Pro. Rule 9016; In Re: Joseph Szadkowski,  198 B.R. 140 (Bankr. D.Md 1996); In re Barnes, 365 B.R. 1, 2007 Bankr. LEXIS 2206 (Bankr. D.D.C. 2007).

Because the production of the records was sought in this District, the subpoena issued from this Court pursuant to Rule 45(a)(2)(C) of the Federal Rules of Civil Procedure.  Because no records were produced, Ms. Cutler has been forced to file a Motion to Enforce the subpoena, which must be filed in a Miscellaneous Action in the Court from which the subpoena issued, i.e. this Court.  See Fed.R.Civ.Pro. Rule 45(e); In re Sealed Case, 329 U.S. App. D.C. 374, 141 F.3d 337, 341 (D.C. Cir. 1991). Movant has sought to have a Miscellaneous Action opened, while staying within the confines of this Court's rulings regarding filing discovery materials.

As stated before, Ms. Cutler could have simply filed, in open court, a Miscellaneous Action and Motion to Enforce the subpoena.  Ms. Cutler could have argued that, because it is a separate action, there is no requirement to follow the Court's Order which bars filing or quoting discovery requests or responses.   Instead, she sought to comply with the letter **and spirit** of this Court's Order.

It is ironic that Steinbuch would argue that Ms. Cutler is violating the Court's Order, in light of his own violation of the Court's December 28, 2006 Order, which states in relevant part:

> Pursuant to this Court's Order of December 8, 2006, no document produced during discovery, and no interrogatory or request for production of documents or response thereto, shall be filed as an attachment to any document to be filed in this case without prior explicit permission of this Court. Such request for permission must be made in writing, and permission will be granted or denied through the Court's electronic filing system. IT IS FURTHER ORDERED that any motions

-4-

or other pleadings which quote any document produced during discovery, including interrogatories or requests for production of documents, or any response thereto, must be filed in two formats. The motion or pleading must be filed with the quotation expurgated in paper form, with a disk of the pdf file attached, with the clerk's office. A second complete version thereof without the expurgation shall also be filed under seal in paper form, with a disk of the pdf file attached, with the clerk's office. The Court will then determine whether the complete version or the expurgated version will be filed in the public, electronic docket.

Steinbuch's most recent submission **filed in open Court in this case, where the Order clearly applies**, quotes from discovery requests at page 4, yet was not filed in the manner required by the Court.  No explanation for the violation of the Court's Order is apparent.

## III.   THE SUBPOENA AND MOTION TO ENFORCE ARE PROPER

Instead of simply responding to whether opening a Miscellaneous Action and filing a Motion to Enforce is proper, Steinbuch also responded to whether the Motion to Enforce should be granted.  For that reason, Ms. Cutler will reiterate the arguments submitted in the Motion to Enforce.

### A.   The Failure To Object and Steinbuch's Failure To Move To Quash Waives Objections

The failure to object to a subpoena duces tecum constitutes a waiver of any objection.  Smith v. Mallick, 2006 U.S. Dist. LEXIS 62916, (D.D.C. 2006); GFL Advantage Fund, Ltd. v. Colkitt, 216 F.R.D. 189 (D.D.C. 2003).  Since there was no objection and no motion to quash, all objections to the subpoena are waived.  Id; FTC v. GlaxoSmithKline, 202 F.R.D. 8, 12 (D.D.C. 2001).  Thus, Steinbuch's contention

that the subpoena is not proper discovery – which is based in part on a nonexistent stay in the Bankruptcy proceeding and in part on what he contends is the proper scope of discovery – has been waived.

**B.    Steinbuch's Medical Records Are Clearly Relevant On His Claim To Have Suffered Severe Emotional Distress**

Mr. Steinbuch has asked the Bankruptcy Court to declare that he has a "claim" under Section 502 that is nondischargeable under Section 523(a)(6) "for willful and malicious injury by the debtor...."  In order to show "willful and malicious injury," of course, there must be a showing of "injury" which constitutes a compensable claim. Garcia v. Amaranto (In re Amaranto), 252 B.R. 595, 598 2000 Bankr. LEXIS 1029 (Bankr. D. Conn. 2000) ("The dischargeability analysis first requires a determination whether there was an injury. If so, it must be determined whether that injury was "willful and malicious.").

> Section 502 therefore required the bankruptcy court to "determine[] the validity of the claim[s] and the amount allowed." Kane v. Johns-Manville Corp., 843 F.2d 636, 646 (2d Cir. 1988).

Porges v. Gruntal & Co. (In re Porges), 44 F.3d 159, 164 (2d Cir. N.Y. 1995).  Given that Ms. Cutler disputes the validity – indeed, the existence – of Steinbuch's claims, discovery on the question of whether Mr. Steinbuch has suffered an "injury" – i.e., whether he can establish the minimal level of factual support necessary to overcome

a motion for summary judgment – is appropriate in order to determine if he has a

"claim" at all.

> The tort of intentional infliction of emotional distress consists of (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress. Sere v. Group Hospitalization, Inc., 443 A.2d 33 (D.C. 1982). All three elements must be proven in order to prevail on the claim. Green v. American Broadcasting Companies, Inc., 647 F. Supp. 1359, 1362 (D.D.C. 1986). Conduct which will result in liability for the first element must be "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious and utterly intolerable in a civilized community". Sere, 443 A.2d at 37 (quoting Restatement (Second) of Torts, § 46, Comment at 73). This liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Waldon v. Covington, 415 A.2d 1070, 1076 (D.C. 1980). While it is possible to infer the second element of the tort from the level of the outrageousness of the defendant's conduct, Sere, 443 A.2d at 37; Waldon, 415 A.2d at 1077, the claimant must also establish that the defendant proximately caused an emotional disturbance "of so acute a nature that harmful physical consequences  might not be unlikely to result". Green v. American Broadcasting Companies, Inc., 647 F. Supp. at 1363, quoting Clark v. Associated Retail Credit Men, 70 App. D.C. 183, 105 F.2d 62, 65 (D.C. Cir. 1939).

Ridgewells Caterer, Inc. v. Nelson, 688 F. Supp. 760, 1988 U.S. Dist. LEXIS 6357

(D.D.C. 1988).  Steinbuch is minimally required to provide medical evidence of his

claimed "emotional disturbance," its severity, and that it was caused by Defendant.

Early v. Wagner, 391 A.2d 252, 254 (D.C. 1978) (citing Jones v. Miller, 290 A.2d

587, 590-91 (D.C. 1972)). See also District of Columbia v. Freeman, 477 A.2d 713,

719 (D.C. 1984).   In this case, causation is complicated by numerous other sources

-7-

of emotional distress, as discussed in the Motion to Enforce which Ms. Cutler has attempted to file as a Miscellaneous Action.

In cases presenting  medically complicated questions due to multiple and/or preexisting causes, see, e.g., Gray Line, Inc. v. Keaton, 428 A.2d 360 (D.C. 1981), or questions as to the permanence of an injury, see, e.g., D.C. Transit Systems, Inc. v. Simpkins, 367 A.2d 107 (D.C. 1976), the Courts have held that expert testimony is required on the issue of causation. In light of the multiple preexisting and concurrent possible causes and the complete absence of any evidence of medical treatment or objectively verifiable symptoms, this case falls within that category of "medically complicated" cases requiring expert testimony. Cf. Wilhelm v. State Traffic Safety Commission, 230 Md. 91, 185 A.2d 715, 719 (Md. 1962) ("[A] question involving the causes of emotional disturbances in a person sufficient to evoke, subconsciously, grossly exaggerated symptoms is an intricate and complex one, peculiarly appropriate for science to answer. To allow a jury of laymen, unskilled in medical science, to attempt to answer such a question would permit the rankest kind of guesswork, speculation and conjecture.")

Obviously, in a case where expert medical testimony would be required to demonstrate an element of the cause of action, the opposing party is entitled to obtain the treating physician's medical records relating to the alleged injury in question. See, inter alia, Nuskey v. Lambright, 2008 U.S. Dist. LEXIS 44672 (D.D.C. June 10, 2008)

-8-

and cases cited therein.  Further, these records would be necessary were Plaintiff to seek an IME of Mr. Steinbuch and would be relevant to cross-examine him on the "severe emotional distress" element of his intentional infliction claim.  He is not entitled to withhold records which go to whether he **has** a claim which he seeks to declare nondischargeable.

## IV.   STEINBUCH'S EXTRANEOUS COMMENTS ARE UNTRUE

Steinbuch makes several claims in his response that are neither relevant to the response nor true.  Ms. Cutler will limit her response to the only one having any conceivable relationship to discovery.

Steinbuch appears to claim that his decision to file yet a second lawsuit against Ms. Cutler in Arkansas was a product of Ms. Cutler's discovery responses in this case. Memorandum, Docket No.105, pp. 1-2.  However, that lawsuit was filed May 30, 2006, before Mr. Steinbuch had even served any discovery in this case and many months before Ms. Cutler had served her responses.  See, e.g., Docket No. 32 and 36 (requesting and granting, respectively, Motion to Stay discovery) and Docket No. 47, Exhibit 1 (showing discovery responses served in August of 2006).[2]  Thus, it is simply impossible for Steinbuch to have based his decision to file two separate lawsuits – and now three – on Ms. Cutler's conduct in discovery.

---

[2] Mr. Steinbuch first served written discovery on May 31, 2006.

## V.    CONCLUSION

Ms. Cutler is simply trying to enforce a subpoena issued from this Court.  The subpoena seeks discoverable documents in the bankruptcy proceeding in New York. Ms. Cutler, therefore, requests that the Court open a Miscellaneous Action and permit her to Move to Enforce the subpoena in question.  Given that Steinbuch has entirely waived any objection to the subpoena, the Court should, thereafter, Grant that Motion and Order the records produced.

Respectfully submitted this day, September 8, 2008.

/s/ Matthew C. Billips
Matthew C. Billips
Georgia Bar No. 057110

567 LaDonna Drive
Decatur, GA 30032
ph: (404) 298-4584
fax: (404) 298-0553
billips@johnsonandbenjamin.com

**COUNSEL FOR DEFENDANT
JESSICA CUTLER**

/s/ John R. Ates
John R. Ates, Esq.,
ALBO & OBLON, LLP
2200 Clarendon Blvd. Suite 1201
Arlington, VA 22201
jra@albo-oblon.com

**LOCAL COUNSEL**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT STEINBUCH,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )    Case No. 1:05-CV-970 (PLF) (JMF)
                                     )    Judge Paul L. Friedman
JESSICA CUTLER,                      )    Magistrate Judge John M. Facciola
                                     )
        Defendant                    )
_____)_____

## CERTIFICATE OF SERVICE

    This is to certify that I have on this day served a copy of "**JESSICA CUTLER'S REPLY TO STEINBUCH'S RESPONSE TO SHOW CAUSE ORDER REGARDING MOTION TO ENFORCE SUBPOENA AND INCORPORATED MEMORANDUM OF LAW**" on counsel identified below by on defense counsel identified below by electronically filing a copy of same with the Clerk of Court by using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

Jonathan Rosen, Esq.              Jonathan Rosen, Esq.
1645 Lamington Road               1200 Gulf Blvd., 1506
Bedminster, New Jersey 07921      Clearwater, Florida 33767

John R. Ates, Esq.,
DC Bar No. 441084
ALBO & OBLON,, LLP
2200 Clarendon Blvd., Suite 1201
Arlington, VA 22201


and via United States Mail to the following attorneys of record:

-11-

Schuyler G. Carroll
Arent Fox LLP
1675 Broadway
New York, NY 10019
Direct Dial: 212.484.3955
Fax: 212.484.3990
carroll.schuyler@arentfox.com

      Respectfully submitted this day, September 8, 2008.

                    /s/ Matthew C. Billips
                    Matthew C. Billips
                    Georgia Bar No. 057110

                    567 LaDonna Drive
                    Decatur, GA 30032
                    ph: (404) 298-4584
                    fax: (404) 298-0553
                    billips@johnsonandbenjamin.com